# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

January 21, 2019

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      **Re:**    Case Management Plan
                1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*

Your Honor,

      This office represents the plaintiff in the above-referenced matter. We write respectively, and jointly with Defense counsel, in anticipation of the initial pretrial conference scheduled for January 28, 2019. Attached, and pursuant to Your Honor's individual rules, please find a filled-out Rule 26(f) Meeting Report.

1. **Nature of the Action**

    a. Plaintiff's Statement

      Plaintiff bring this action on behalf of themselves and others similarly situated pursuant to the Federal Labor Standards Act ("FLSA") for failure to pay unpaid wages and unpaid overtime wages. Plaintiff also brings claims under the New York Labor Law ("NYLL"), New York Codes, Rules, Regulations ("NYCRR"), failure to pay unpaid wage compensation, failure to pay unpaid overtime compensation, and failure to pay a spread of hour's premium, failure to provide time of hire notice, and failure to provide detailed paystub information.

    b. Defendants' Statement

      Defendants Mayflower Business International Hotel Group Inc, Mayflower Business Group LLC, Mayflower Inn Corporation, Mayflower Wenyu LLC, Yan Zhi Hotel Management Inc., Mayflower 1-1 LLC, Wei Hong Hu and Xiaozhuang Ge ("Mayflower Defendants") answered Plaintiff's complaint and denied Plaintiff's allegation that Defendants failed to pay wage or overtime compensation pursuant to both FLSA and NYCRR. Mayflower Defendants deny Plaintiff's other allegations as well.

2. **Jurisdiction and Venue**

      The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*. Specifically, Plaintiffs claim that the Court has jurisdiction under the enterprise coverage as the Defendants are involved in goods that have been moved or produced in interstate commerce and have an annual business volume of

Hon. Lois Bloom, U.S.M.J.
January 21, 2019
1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*
Page 2 of 4

at least $500,000. The Court has supplemental jurisdiction over the NYLL claims under 28 U.S.C. § 1367(a). Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this District and the acts and omissions giving rise to the alleged claims occurred in this District.

3. **Proposed Initial Conference Agenda**

    a. Plaintiff's Statement

        i. Discovery events

        ii. Completion of discovery

        iii. Motion for Conditional Collective Certification

        iv. Trial

        v. Settlement

    b. Defendants' Statement

        i. Discovery

        ii. Dispositive Motion

        iii. Settlement

        iv. Trial

4. **Completed Discovery**

    As of January 21, 2019, both parties have exchanged initial disclosures pursuant to the Court's order and Rule 26(f).

5. **Proposed Discovery Plan**

    a. Deadline for parties to provide properly executed authorizations/releases: February 28, 2019;

    b. Deadline to file protective order: February 28, 2019;

    c. Deadline to join new parties or amend pleadings: March 28, 2019;

    d. Deadline for Plaintiff to move for conditional collective certification: March 28, 2019;

    e. Deadline to complete fact discovery: August 28, 2019;

Hon. Lois Bloom, U.S.M.J.
January 21, 2019
1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*
Page 3 of 4

    f.   Deadline to complete expert discovery, if necessary: October 28, 2019;

    g.   Deadline to file pre-motion request for dispositive motion: November 28, 2019.

At this time, the parties do not believe that discovery should be conducted in phases.

The parties will confer among themselves with regard to electronic discovery and will attempt to agree on the method and scope of such discovery without the assistance of the Court.

6. **Proposed Dispositive Motion Schedule**

Requests for pre-motion conferences for dispositive motions shall be governed by Judge Chen's individual rules. An Opposition to a dispositive motion shall be due within 30 days after the filing of that dispositive motion. A Reply to an Opposition to a dispositive motion shall be due within 14 days after the filing of that Opposition.

7. **Subjects on Which Discovery May be Needed**

    a.   <u>Plaintiff's Statement</u>

Plaintiffs intend to conduct discovery regarding the allegations in his Complaint, including but not necessarily limited to, Plaintiff's employment at the Defendant including hours worked and wages paid, the basis for any critique of his performance, the basis for his termination, the employee or employees who replaced him, employees potentially comparable to the Plaintiff, and the motives of all Defendants.

    b.   <u>Defendants' Statement</u>

Mayflower Defendants plan to conduct discovery with regard to Plaintiff's allegations and Mayflower Defendants' defenses, which include Plaintiff duties, working hours and job performance, the agreement between Plaintiff and Defendants regarding compensation, and the basis for all of Plaintiff's allegations.

8. **Settlement Discussions**

The parties have not yet engaged in settlement discussions.

9. **Anticipated Length of Trial**

Three (3) days.

10. **Other Information**

    a.   <u>Plaintiff's Statement</u>

Plaintiff intends to move for conditional collective certification.

Hon. Lois Bloom, U.S.M.J.
January 21, 2019
1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*
Page 4 of 4

      b.  <u>Defendants' Statement</u>

Defendant currently has no other statement.

We thank the Court for its attention to and consideration of this matter.

|  |  |
|---|---|
|  | Respectfully submitted, |
| TROY LAW, PLLC | KEVIN KERVENG TUNG, P.C. |
|  |  |
| /s/ John Troy | /s/ Kevin K. Tung |
| John Troy, Esq. | Kevin K. Tung, Esq. |
| *Attorney for Plaintiff* | *Attorney for Defendants Mayflower International Hotel Group Inc., Mayflower Business Group, LLC, Mayflower Inn Corporation, Mayflower Wenyu LLC, Yan Zhi Hotel Management Inc., Mayflower 1-1 LLC, Wei Hong Hu, and Xiaozhuang Ge* |

cc: via ECF
    all counsel of record

4