TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LIYOU XING
*on her own behalf and on behalf of others similarly situated*

                              Plaintiff,

                              v.

MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel;
MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden;
MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel;
MAYFLOWER WENYU LLC d/b/a Wyndham Garden;
YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel; and
MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel;
YUEHUA HU,
WEI HONG HU, and
XIAOZHUANG GE

                              Defendants.
-----------------------------------------------------------X

**Case No. 18-cv-06616**

**[PROPOSED] ORDER**

       **WHEREAS**, Plaintiff and the putative class of individuals having made an application to implement a court-supervised notification to the putative class members under 29 U.S.C. § 216(b), and;

       **WHEREAS** the Court having read and considered the proposed Notice of Pendency and Consent to Joinder form and

       **WHEREAS** the Court finding that there exist substantial and sufficient grounds for

entering this Order;

**IT IS HEREBY ORDERED** that:

1. Within fifteen (15) days after entry of this Order, Defendants shall furnish to Plaintiff's counsel an Excel spreadsheet containing:

    a. first and last name,

    b. last known address with apartment number (if applicable),

    c. the last known telephone numbers,

    d. last known e-mail addresses,

    e. WhatsApp, WeChat ID and/or FaceBook usernames (if applicable), and

    f. work location, dates of employment and position of **ALL current and former non-exempt and non-managerial employees** employed at any time from November 20, 2015 to the present by:

(1) MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101;
(2) MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden, located at 61-27 186th Street, Fresh Meadows, NY 11365;
(3) MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101;
(4) MAYFLOWER WENYU LLC d/b/a Wyndham Garden, located at 61-27 186th Street, Fresh Meadows, NY 11365;
(5) YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel, located at 38-61 12th Street, Long Island City, NY 11101; and
(6) MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101.

   This mailing list shall be treated by the Parties as confidential.

   This mailing list shall be accompanied by an Affidavit from Defendants certifying that the name list is complete from employment records.

2. The Notice of Pendency and Consent to Joinder may be disseminated, in any relevant language, via mail, email, text message, or social media messages or chats, to all members of the collective.

3. Relevant languages include English, and Chinese language.

4. At the same time that the notice is disseminated by Plaintiff's counsel, Defendants shall post a copy of the notice, in all relevant languages, in a conspicuous and unobstructed locations likely to be seen by all currently employed members of the collective, and the notice shall remain posted throughout the opt-in period, specifically at:

> (1) MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101;
> (2) MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden, located at 61-27 186th Street, Fresh Meadows, NY 11365;
> (3) MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101;
> (4) MAYFLOWER WENYU LLC d/b/a Wyndham Garden, located at 61-27 186th Street, Fresh Meadows, NY 11365;
> (5) YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel, located at 38-61 12th Street, Long Island City, NY 11101; and
> (6) MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel, located at 38-59 12th Street, Long Island City, NY 11101.

11. Within thirty (30) days after receipt of a complete and accurate (with all fields filled out and with the correct number of persons) Defendants' Excel spreadsheet, or thirty six (36) days after the entry of this Order, whichever is later, the Plaintiff or their designated representatives shall cause a copy of the Notice of Pendency and Consent to Joinder Form to be mailed by first class.

12. "Failure to furnish" shall include not only a failure to provide any names, but also a failure to provide ALL names in good faith.

13. Defendants are warned that should they fail to furnish the names in good faith, Defendants will be subject to sanction under FRCP 23(g).

14. An abbreviated form of the Notice of Pendency shall additionally be published in English, and Chinese on social media platforms of WhatsApp, WeChat and Facebook at Defendants' expense for Defendants' failure to furnish accurate addresses.

15. Should Defendants fail to furnish any name list, Defendants will be required to be pay for newspaper and social media publication.

16. Should Defendants furnish a number of names with the required information detailed in Paragraph 5 which is less than the number of its current and past employees, Defendants will be required to pay for publication, and the cost associated with making the Motion to Compel.

17. Should Defendants fail to furnish addresses but provide telephone numbers for some or all of the employees, the Court shall permit Plaintiffs to send an abbreviated version of the Notice via text message in addition to publication to those employees for which telephone numbers are provided. Defendants shall pay Plaintiffs for any cost associated with the text messaging.

18. Should Defendants fail to furnish addresses but provide WhatsApp/ WeChat/ Facebook for some or all of the employees, the Court shall permit Plaintiffs to send an abbreviated version of the Notice via a WhatsApp/ WeChat/ FaceBook message/ chat in addition to publication, if applicable. Defendants shall pay Plaintiffs for any costs associated with the social media outreach.

19. Should a significant number of Notices be returned as undeliverable with no forwarding address, Defendants will reimburse Plaintiffs for the cost of the notice in addition to paying for the cost of publication.

20. Plaintiff's counsel may re-mail notice to any putative collective member whose Notice is returned as undeliverable, with a forwarding address.

21. The Notice of Pendency and Consent to Joinder shall indicate that opt-in plaintiffs must consent to join the action within ninety (90) days from the date notice is mailed.

22. Should Defendants fail to furnish a complete Excel list as detailed in Paragraph 5 above **OR** more than 20% of Notices be returned as undeliverable with no forwarding address, Plaintiff reserves the right to apply to the Court for permission to cause an abbreviated version of the Notice of Pendency, to be published in an English, and Chinese language newspaper and in social media platforms of WhatsApp, WeChat and Facebook at Defendants' expense for Defendants' failure to furnish accurate addresses.

23. The equitable tolling on the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-in Period.

The Court approves the form of Notice of Pendency and Consent to Joinder, and finds that the mailing of such Notice substantially in the manner and form set forth in paragraph 1 of this Order will constitute the best notice practicable under the circumstances to members of the Class. A copy of the notice will be posted in the agreed upon areas.

**BY ORDER OF THE COURT**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**