**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
LIYOU XING
*on her own behalf and on behalf of others similarly*
*situated*

Plaintiff,

v.

MAYFLOWER INTERNATIONAL HOTEL
GROUP INC d/b/a Mayflower Hotel;
MAYFLOWER BUSINESS GROUP, LLC d/b/a
Wyndham Garden;
MAYFLOWER INN CORPORATION d/b/a
Mayflower Hotel;
MAYFLOWER WENYU LLC d/b/a Wyndham
Garden;
YAN ZHI HOTEL MANAGEMENT INC. d/b/a
Mayflower Hotel; and
MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel;
YUEHUA HU,
WEI HONG HU, and
XIAOZHUANG GE

Defendants.

--------------------------------------------------------X

Case No. 18-cv-06616

==========================================

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR

**(1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT**
**(2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND**
**(3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

==========================================

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ...........................................................................................ii

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ............................................................................................................ 2

ARGUMENT ................................................................................................................. 3

    I.    CONDITIONAL CERTIFICATION IS APPROPRIATE ................................. 3

        A.    The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice..... 3

        B.    The Two Phase Certification Process for FLSA Collective Actions. ............................ 6

        C.    Plaintiff has made the Required Showing that she is similarly-situated to the members of the FLSA Collective ............................................................................................... 9

        D.    The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ............................................................................................................. 11

        E.    Expedited Notice and Disclosure of Contact Information Is Necessary........................... 12

        F.    Court-Authorized Notice is Routinely Authorized by Court in this District .................... 13

        G.    The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form ............................................................................................................... 14

        H.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs... 16

CONCLUSION ............................................................................................................ 16

i

## <u>TABLE OF AUTHORITIES</u>

## CASES

*Amador v. Morgan Stanley & Co.*, No. 11cv4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ...................................................................................................................................................6

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) ...............................8

*Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019 (S.D.N.Y. June 15, 2015) ..........................................................................................................................................2

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015)................................................................................................................................9

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) .............................................9

*Brock v. Superior Care, Inc.*, 840 F .2d 1054 (2d Cir.1988)............................................................16

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018)................................................................................................................................15

*Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835 (S.D.N.Y. June 28, 2018)..................................................................................................................10

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. 2007) ..9

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010)...................................................................................................................................5

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ..................................................................................................................................................8

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317 (S.D.N.Y.2007) ..................................16

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014) ...................................................................................................................................3, 5, 7

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 (S.D.N.Y. 2000) .........4, 13

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922 (E.D.N.Y. May 10, 2010) ...........................................................................................................................................4

*Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602 (S.D.N.Y. May 13, 2014) ................................................................................................................................................14

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008)...........8

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988) ......................................11

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) ...................................................passim

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) .....................................................4, 5, 13

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ...................................16

In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ..........................................................................................................................................13

*Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015)..........15

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995).............................................6

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003)...................................................................................................................11

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013)......................................................................................................................................4

*Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) ................................................................................................ 9

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) ................................. 7

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) ........................... 17

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ............... 5, 13, 14

*Martin v. Sprint/United Mgmt.* Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) ................................................................................................................... 13

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) .................................................................................................................. 3

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) ........................... 6

*Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) .............................................. 5

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ...... 6

*Myers*, 624 F.3d at 555 ............................................................................................ 8

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) .................................................................................................................. 8, 9

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar 10, 2016) ...................................................................................................................... 14

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ............................................................................................................... 9

*Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909  (S.D.N.Y. Jan. 10, 2013) ..................................................................................................................... 10

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same) .............................. 5

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ......... 7

*She Jian Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ...................................................................................................................... 10

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ........................................ 6

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d ...................................................................... 3

*Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ........................................................................................ 11

*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726 (S.D.N.Y. Mar. 26, 2018) ........................................................................................ 10

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) ........................... 3

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ...................................................................................................................... 9

## STATUTES

29 U.S.C. § 206(a) ................................................................................................... 2

29 U.S.C. § 207(a)(1) ............................................................................................... 2

29 U.S.C. § 216(b) ................................................................................................ 3, 14

29 U.S.C. § 255(a) .................................................................................................. 16

Plaintiff LIYOU XING respectfully submits  this memorandum of law in support of her motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Chinese languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiff LIYOU XING (collectively "Plaintiff") has alleged wage violations perpetrated against over a period of many years at various hotels doing business as MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel;

MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden;

MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel;

YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel; and

MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel; and owner and operated by YUEHUA HU, WEI HONG HU, and

XIAOZHUANG GE.

Plaintiff further alleges that it is Defendants widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Not only does Plaintiff's affidavit corroborate with other employees claims, but their allegations have been further supported by hard evidences showing that, regardless of job titles or locations of the enterprise, Defendants failed to pay Plaintiffs with overtime wages of at least one and one-half (1.5x) times the regular pay at which the hours they worked in excess of forty hours in a single workweek. In short, respectfully, to say plainitffs can

1

meet the "modest factual showing" necessary to send a notice to putative FLSA Collective, to effectuate the broad remedial measures of the law, would be a dramatic understatement. Accordingly, Plaintiff exceeds the low burden for Conditional Certification of all non-managerial employees of Defendants.

## BACKGROUND

On February 3, 2017, Plaintiff filed the Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1] (Ex 01.) On June 14, 2017, Defendants filed their answer to the Complaint, denying the most of allegations in the Complaint. D.E. [15].

Owner/Operator Defendants YUEHUA HU, WEI HONG HU , and XIAOZHUANG GEowned and controlled the operations of MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel; MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel; MAYFLOWER WENYU LLC d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel; and MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel. *Id.* ¶¶ 15–25.

As alleged in the Complaint, Plaintiff Liyou Xing worked as a construction worker at one of the hotel locations owned and operated by Owner/Operator Defendants—61-27 186th Street, Fresh Meadows, NY 11365—from September 5, 2016 through March 2, 2017; and as a cook at two of the hotel locations owned and operated by Owner/Operator Defendants—38-59 12th Street, Long Island City, NY 11101 between March 3, 2017 and March 6, 2017, and 61-27 186th Street, Fresh Meadows, NY 11365 between March 7, 2017 and August 15, 2018. *Id.* ¶¶ 48–50. As a cook at both the 12th Street location and the 186th Street location, Plaintiff worked well in

excess of 40 hours each week. *Id.* ¶¶ 25–55. However, from September 5, 2016 through June 30, 2017, while he was paid hourly rates, he was not paid for all of his hours worked, and for all the hours he was paid, including overtime hours, he was paid straight-time rates. *Id.* ¶¶ 58–65. And from July 31, 2017 through August 15, 2018, he was paid flat monthly rates without overtime. *Id.* ¶¶ 66–70.

Other employees with other job titles complain of similar treatment in their affidavits. Junhui Yan was a mechanic and manager's assistant who was paid straight-time pay for overtime work. *See* Yan Aff. ¶¶ 6–8. Loi Wing Kit was a mechanic who was paid a flat daily rate and not paid overtime despite working more than 40 hours each week. *See* Kit Aff. ¶¶ 5–9. Shuk C. Ng-Lam was a housekeeper who was paid straight-time rates for overtime hours. *See* Ng-Lam Aff. ¶¶ 4–6. Mr. Yan, Mr. Kit, Ms Ng-Lam, and Zhongcheng Wang each identify other employees who they know were denied overtime.

## ARGUMENT

### I.  CONDITIONAL CERTIFICATION IS APPROPRIATE

#### A.  The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice

Pursuant to the FLSA, an employee must be paid, at least, the federal statutory minimum wage for the first 40 hours that he or she worked in a given work week. 29 U.S.C. § 206(a). Moreover, an employee is entitled to be paid for overtime hours (*i.e.*, any hours exceeding 40 hours per week), at a "rate not less than one and one-half times the regular rate at which [the employee] is employed." *Id.*, § 207(a)(1); *see also, e.g.*, *Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019, at *2 (S.D.N.Y. June 15, 2015) (quoting Section 207(a)(1)). "The statute of limitations under the FLSA is ordinarily two years, but it may be extended to

3

three years if the claim arises from a 'willful' violation." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (citing 29 U.S.C. § 255(a)). To satisfy the willfulness requirement, a plaintiff must demonstrate that the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute."(*Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).)

Section 216(b) of the FLSA allows employees to "recover unpaid minimum wages and/or overtime compensation from an employer who violates the [FLSA's] provisions, and permits such an action to be brought as a collective action." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010). Pursuant to Section 216(b),

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgement (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until employees are given notice and are permitted to file consent forms to opt-in, the statue of

limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); *Mendoza*, 2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purposes and promoting efficient case management."); *Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

### B.  The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective. *Myers*, 624 F.3d at 554; *see also Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the named plaintiffs need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."); *Schear*, 297 F.R.D. at 121 (same). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the

initial phase is called the "notice stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F.Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

In light of the two-step process, "[t]he burden imposed at [the] first conditional certification stage is minimal." *Amador v. Morgan Stanley & Co*., No. 11cv4326 (RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed further below, the burden at this stage is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' *see* 2006 WL 278154 at *2 (S.D.N.Y. 2006)  ("The first stage, conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2).

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action.

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

*Cunningham*, 2010 WL 5076703 at \*5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

**Second**, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at \*2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at \*5.

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Fonseca*, 2014 WL 1487279, at \*3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at \*1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate

merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971, at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc.*, 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").

### C.  Plaintiff has made the Required Showing that she is similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit).

Here, Plaintiff can make a substantial showing that she and all similarly-situated non-exempt employees employed by Defendants were subject to a common policy or plan of not paying overtime, both in the form of paying straight-time rates for overtime work or paying flat rates without paying overtime, that violated the FLSA.

The experience of LIYOU XING was not unique; rather the manner in which she was compensated was and remains standard operating procedure with regard to other employees at Defendants' hotels, across a wide range of job titles.

Based on such descriptions, this Court "may infer" that other workers "worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA." *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar. 26, 2018) (quoting *She Jian Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014)); *see also Cheng Xia Wang v. Shun Lee Palace*

*Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835, at *4 (S.D.N.Y. June 28, 2018) (finding that certification was proper for all delivery persons based on the experience of the named plaintiffs, who were themselves delivery persons).

Accordingly, this Court concludes that Plaintiffs have met their "light burden of making a 'modest factual showing'" that Defendants' employees  "were victims of a common policy or plan that violated the law." *Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013) (quoting *Hoffman,* 982 F. Supp. at 261).

### D.  The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all).

Moreover, it does not matter that Prospective Collective Action Members perform different duties.  *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice.  *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F. Supp.

249, 261 (S.D.N.Y. 1997)).

All non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiff and affiants further allege that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. Accordingly, Plaintiff exceeds the low burden for conditional certification of all non-managerial employees of Defendants.

### E.  Expedited Notice and Disclosure of Contact Information Is Necessary

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action").

Accordingly, Plaintiff respecfully requests that Defendants produce a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, law known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or FaceBook usernames, work location, dates of employment, and position") for all non-managerial employees who worked for Defendants from November 20, 2015 to the the present day. Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); see also In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y.

Oct. 27, 2010) (noting that "courts often order the production of such information at the notice stage").

As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather ***courts have endorsed the sending of notice early in the proceeding***, as a means of facilitating the FLSA's  broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiffs' primary languages are not English.

### F.  Court-Authorized Notice is Routinely Authorized by Court in this District

Once a court determines that a named plaintiff has demonstrated that he or she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful policy for paying minimum wages and/or overtime pay, and has thus satisfied his or her burden for initial certification of a collective action, the court may proceed to authorize issuance of a notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-authorized notice, 'it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs.'" *Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602, at *2 (S.D.N.Y. May 13, 2014) (quoting *Gjurovich v.*

*Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); additional citations omitted)).

### G. The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

Plaintiff proposes a Notice of Pendency and Consent Form advising all potential opt-in Plaintiffs of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff further respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, and/or text message, or social media chat, to all potential members of the collective. Additionally, Plaintiff requests that that the Notice of Pendency and Consent Form be posted on the conspicuous locations of Defendants' restaurants. Ex 03. (Proposed Notice of Pendency and Consent Form for Mail). This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended.

### 1. Language of the Notice

Many of the opt-in Plaintiffs are not native-English speakers, but rather speak only Chinese. Consequently, Plaintiff respectfully requests that all notices or posts to employees' attention be in Chinese (the predominant languages of the FLSA Collective), as many of the opt-in Plaintiffs are not well versed in the English language. This type of request has been granted in other cases, *see, e.g.*, *Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT),

2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

## 2. Appropriate Notice Period

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).

Plaintiff requests that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiff's allegations of willful violations of the FLSA minimum wage and overtime provisions, a three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. Courts routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). *See Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); ."); *Fasanelli v.*

*Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying

class based on three-year period to "avoid any merit-based determinations at this time").

**H.  Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs**

In a collective action suit, the statute of limitations period continues to run with respect to

each potential plaintiff's collective action claim until that plaintiff files the written consent form

opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006)

(citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260. Since unnecessary delays are of

particular concern due to the FLSA's limitations period which continues to run until the potential

class member opts in, giving rise to a need to identify and provide notice to potential class

members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled

for 90 days until the expiration of the Opt-In Period.


## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests an order granting Plaintiff's

requested relief in its entirety, and for such other and further relief deemed just and proper.


Dated:     Flushing, New York
           April 5, 2019                              Respectfully submitted,

                                                      TROY LAW, PLLC.

                                          By:   /s/  John Troy
                                                John Troy