**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Jeffrey H. Dorfman
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIGUEL DE AQUINO and HENRY EMILIO AMADOR, on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | No. 16 Civ. 2337 (PKC)(RML) |
| -against- | |
| CROSSCITY CONSTRUCTION CORP., JFH CONSTRUCTION CORP., CROSSCITY HOTEL LLC, MAYFLOWERS INTERNATIONAL HOTEL MANAGEMENT LLC, US HONGZHUANG HOTEL MANAGEMENT INC, HONGZHUANG LLC, MAYFLOWER 22ND CENTURY CHILD DAY CARE INC, MAYFLOWER 22ND CENTURY REAL ESTATE INC, MAYFLOWER HOTEL GROUP INC, MAYFLOWER HOTEL MANAGEMENT CORPORATION, MAYFLOWER INN CORPORATION, MAYFLOWER INN EXPRESS CORPORATION, MAYFLOWER INTERNATIONAL HOTEL GROUP INC, MAYFLOWER INTERNATIONAL HOTEL RESERVATION CENTER INC, XIAOZHUANG GE, and WEIHONG HU, | FIRST AMENDED CLASS ACTION COMPLAINT |
| Defendants. | |

Plaintiffs Miguel De Aquino and Henry Emilio Amador (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime wages and other damages for Plaintiffs and their similarly situated coworkers – laborers and other similarly situated employees (collectively, "Laborers") – who work or have worked for Crosscity Construction ("Crosscity").

2.     Crosscity is a construction contractor who operates at several sites throughout New York City, including, but not limited to Long Island City, where Plaintiffs mainly worked. At all relevant times, the enterprise has been owned, operated, and controlled by Crosscity Construction Corp., JFH Construction Corp., Crosscity Hotel LLC, Mayflowers International Hotel Management LLC, US Hongzhuang Hotel Management Inc, Hongzhuang LLC, Mayflower 22nd Century Child Day Care Inc, Mayflower 22nd Century Real Estate Inc, Mayflower Hotel Group Inc, Mayflower Hotel Management Corporation, Mayflower Inn Corporation, Mayflower Inn Express Corporation, Mayflower International Hotel Group Inc, Mayflower International Hotel Reservation Center Inc, Xiaozhuang Ge, and Weihong Hu (collectively, "Defendants").

3.     Throughout Plaintiffs' employment, Defendants paid Plaintiffs and other Laborers a fixed day rate regardless of the hours they worked.  The day rate paid by Defendants failed to compensate Plaintiffs and Laborers with any overtime premiums for hours worked beyond 40 per workweek.

4.     Defendants have applied the same employment policies, practices, and procedures to all Laborers.

5.     Plaintiffs bring this action on behalf of themselves and all similarly situated current and former Laborers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq*., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy

- 2 -

violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

6.      Plaintiffs also bring this action on behalf of themselves and all similarly situated current and former Laborers who work or have worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiffs

#### Miguel De Aquino

7.      Miguel De Aquino ("Aquino") is an adult individual who is a resident of Bronx, New York.

8.      Aquino worked for Defendants as a Laborer from in or around June 2015 to April 15, 2016.

9.      Aquino is a covered employee within the meaning of the FLSA and the NYLL.

10.     A written consent form for Aquino was filed with the original Complaint. *See* ECF No. 1.

#### Henry Emilio Amador

11.     Henry Emilio Amador ("Amador") is an adult individual who is a resident of Bronx, New York.

12.     Amador worked for Defendants as a Laborer from in or around August 2015 to April 13, 2016.

13.     Amador is a covered employee within the meaning of the FLSA and the NYLL.

14.     A written consent form for Amador was filed with the original Complaint. *See* ECF

No. 1.

**Defendants**

15.     Defendants have employed and/or jointly employed Plaintiffs and similarly situated employees at all times relevant.

16.     Each Defendant has had substantial control over Plaintiffs' and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

**Crosscity Construction Corp.**

17.     Together with the other Defendants, Defendant Crosscity Construction Corp. ("Crosscity Corp.") has owned and/or operated Crosscity during the relevant period.

18.     Crosscity Corp. is a domestic business corporation organized and existing under the laws of New York.

19.     Crosscity Corp.'s principal executive office is currently located at 12 Birch Hill Road, Lake Success, New York 11020.

20.     Crosscity Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

21.     At all relevant times, Crosscity Corp. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

22.     Crosscity Corp. has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

23.     At all relevant times Crosscity Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**JFH Construction Corp.**

24.     Together with the other Defendants, Defendant JFH Construction Corp. ("JFH Corp.") has owned and/or operated Crosscity during the relevant period.

25.     JFH Corp. is an inactive domestic business corporation organized and existing under the laws of New York.

26.     JFH Corp.'s principal executive office was located at 38-58 12th Street, Long Island City, New York 11101.

27.     JFH Corp. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

28.     At all relevant times, JFH Corp. has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.  In fact, JFH Corp. is the name that appeared on several of checks that were issued to Plaintiffs as payment for their work performed for Crosscity.

29.     JFH Corp. has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

30.     At all relevant times JFH Corp.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Crosscity Hotel LLC**

31.     Together with the other Defendants, Defendant Crosscity Hotel LLC ("Crosscity Hotel") has owned and/or operated Crosscity during the relevant period.

32.     Crosscity Hotel is a domestic limited liability company organized and existing

under the laws of New York.

33.     Crosscity Hotel's principal executive office is currently located at 12 Birch Hill Road, Lake Success, New York 11020.

34.     Crosscity Hotel is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

35.     At all relevant times, Crosscity Hotel has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

36.     Crosscity Hotel has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

37.     At all relevant times Crosscity Hotel's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflowers International Hotel Management LLC**

38.     Together with the other Defendants, Defendant Mayflowers International Hotel Management LLC ("Mayflowers IHM LLC") has owned and/or operated Crosscity during the relevant period.

39.     Mayflowers IHM LLC is a domestic limited liability company organized and existing under the laws of New York.

40.     Mayflowers IHM LLC's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

41.     Mayflowers IHM LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

42. At all relevant times, Mayflowers IHM LLC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

43. Mayflowers IHM LLC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

44. At all relevant times Mayflowers IHM LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**US Hongzhuang Hotel Management Inc**

45. Together with the other Defendants, Defendant US Hongzhuang Hotel Management Inc ("US HHM") has owned and/or operated Crosscity during the relevant period.

46. US HHM is a domestic business corporation organized and existing under the laws of New York.

47. US HHM's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

48. US HHM is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

49. At all relevant times, US HHM has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

50. US HHM has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

51.     At all relevant times US HHM's annual gross volume of sales made or business done was not less than $500,000.00.

**Hongzhuang LLC**

52.     Together with the other Defendants, Defendant Hongzhuang LLC has owned and/or operated Crosscity during the relevant period.

53.     Hongzhuang LLC is a domestic limited liability company organized and existing under the laws of New York.

54.     Hongzhuang LLC's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

55.     Hongzhuang LLC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

56.     At all relevant times, Hongzhuang LLC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

57.     Hongzhuang LLC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

58.     At all relevant times Hongzhuang LLC's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower 22nd Century Child Day Care Inc**

59.     Together with the other Defendants, Defendant Mayflower 22nd Century Child Day Care Inc ("Mayflower 22 CCDC") has owned and/or operated Crosscity during the relevant period.

60.     Mayflower 22 CCDC is a domestic business corporation organized and existing under the laws of New York.

61.     Mayflower 22 CCDC's principal executive office is currently located at 38-61 12th Street, Long Island City, New York 11101.

62.     Mayflower 22 CCDC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

63.     At all relevant times, Mayflower 22 CCDC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

64.     Mayflower 22 CCDC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

65.     At all relevant times Mayflower 22 CCDC's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower 22nd Century Real Estate Inc**

66.     Together with the other Defendants, Defendant Mayflower 22nd Century Real Estate Inc ("Mayflower 22 CRE") has owned and/or operated Crosscity during the relevant period.

67.     Mayflower 22 CRE is a domestic business corporation organized and existing under the laws of New York.

68.     Mayflower 22 CRE's principal executive office is currently located at 38-58 12th Street, Long Island City, New York 11101.

69.     Mayflower 22 CRE is a covered employer within the meaning of the FLSA and the

NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

70.     At all relevant times, Mayflower 22 CRE has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

71.     Mayflower 22 CRE has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

72.     At all relevant times Mayflower 22 CRE's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower Hotel Group Inc**

73.     Together with the other Defendants, Defendant Mayflower Hotel Group Inc. ("Mayflower HG") has owned and/or operated Crosscity during the relevant period.

74.     Mayflower HG is a domestic business corporation organized and existing under the laws of New York.

75.     Mayflower HG's principal executive office is currently located at 38-58 12th Street, Long Island City, New York 11101.

76.     Mayflower HG is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

77.     At all relevant times, Mayflower HG has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

78.     Mayflower HG has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime

wages.

79.     At all relevant times Mayflower HG's annual gross volume of sales made or
business done was not less than $500,000.00.

### Mayflower Hotel Management Corporation

80.     Together with the other Defendants, Defendant Mayflower Hotel Management
Corporation ("Mayflower HMC") has owned and/or operated Crosscity during the relevant
period.

81.     Mayflower HMC is a domestic business corporation organized and existing under
the laws of New York.

82.     Mayflower HMC's principal executive office is currently located at 38-59 12th
Street, Long Island City, New York 11101.

83.     Mayflower HMC is a covered employer within the meaning of the FLSA and the
NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

84.     At all relevant times, Mayflower HMC has maintained control, oversight, and
direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and
other employment practices that applied to them.

85.     Mayflower HMC has applied the same employment policies, practices, and
procedures to all Laborers, including policies, practices, and procedures with respect to the payment
of overtime wages.

86.     At all relevant times Mayflower HMC's annual gross volume of sales made or
business done was not less than $500,000.00.

- 11 -

**Mayflower Inn Corporation**

87.     Together with the other Defendants, Defendant Mayflower Inn Corporation ("Mayflower IC") has owned and/or operated Crosscity during the relevant period.

88.     Mayflower IC is a domestic business corporation organized and existing under the laws of New York.

89.     Mayflower IC's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

90.     Mayflower IC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

91.     At all relevant times, Mayflower IC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

92.     Mayflower IC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

93.     At all relevant times Mayflower IC's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower Inn Express Corporation**

94.     Together with the other Defendants, Defendant Mayflower Inn Express Corporation ("Mayflower IEC") has owned and/or operated Crosscity during the relevant period.

95.     Mayflower IEC is a domestic business corporation organized and existing under the laws of New York.

96.     Mayflower IEC's principal executive office is currently located at 38-59 12th

- 12 -

Street, Long Island City, New York 11101.

97.     Mayflower IEC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

98.     At all relevant times, Mayflower IEC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

99.     Mayflower IEC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

100.    At all relevant times Mayflower IEC's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower International Hotel Group Inc**

101.    Together with the other Defendants, Defendant Mayflower International Hotel Group Inc ("Mayflower IHG") has owned and/or operated Crosscity during the relevant period.

102.    Mayflower IHG is a domestic business corporation organized and existing under the laws of New York.

103.    Mayflower IHG's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

104.    Mayflower IHG is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

105.    At all relevant times, Mayflower IHG has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

106. Mayflower IHG has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

107. At all relevant times Mayflower IHG's annual gross volume of sales made or business done was not less than $500,000.00.

**Mayflower International Hotel Reservation Center Inc**

108. Together with the other Defendants, Defendant Mayflower International Hotel Reservation Center Inc ("Mayflower IHRC") has owned and/or operated Crosscity during the relevant period.

109. Mayflower IHRC is a domestic business corporation organized and existing under the laws of New York.

110. Mayflower IHRC's principal executive office is currently located at 38-59 12th Street, Long Island City, New York 11101.

111. Mayflower IHRC is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiffs and similarly situated employees.

112. At all relevant times, Mayflower IHRC has maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

113. Mayflower IHRC has applied the same employment policies, practices, and procedures to all Laborers, including policies, practices, and procedures with respect to the payment of overtime wages.

114. At all relevant times Mayflower IHRC's annual gross volume of sales made or business done was not less than $500,000.00.

**Xiaozhuang Ge**

115. Together with other Defendants, Xiaozhuang Ge ("Ge") has owned and/or operated Crosscity during the relevant period.

116. Upon information and belief, Ge is a resident of the State of New York.

117. Ge is listed as the Chief Executive Officer for "CROSSCITY CONSTRUCTION CORP." on the New York State Department of State Division of Corporations.

118. At all relevant times, Ge has had power over personnel decisions at Crosscity, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

119. At all relevant times, Ge has had power over payroll decisions at Crosscity, including the power to retain time and/or wage records.

120. At all relevant times, Ge has been actively involved in managing the day to day operations of Crosscity. In fact, Ge has been listed as the "Contact Name" for Crosscity on several building permits.

121. At all relevant times, Ge has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

122. At all relevant times, Ge has had the power to transfer the assets and/or liabilities of Crosscity.

123. At all relevant times, Ge has had the power to declare bankruptcy on behalf of Crosscity.

124. At all relevant times, Ge has had the power to enter into contracts on behalf of Crosscity.

125. At all relevant times, Ge has had the power to close, shut down, and/or sell

- 15 -

Crosscity.

126.     Ge is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

**Weihong Hu**

127.     Together with other Defendants, Weihong Hu ("Hu") has owned and/or operated Crosscity during the relevant period.

128.     Upon information and belief, Hu is a resident of the State of New York.

129.     Hu is listed as the contact for service of process for "CROSSCITY HOTEL LLC" on the New York State Department of State Division of Corporations.

130.     Hu is listed as the contact for service of process and the registered agent for "US HONGZHUANG HOTEL MANAGEMENT INC" on the New York State Department of State Division of Corporations.

131.     Hu is listed as the contact for service of process for "MAYFLOWER 22ND CENTURY CHILD DAY CARE INC" on the New York State Department of State Division of Corporations.

132.     Hu is listed as the contact for service of process for "MAYFLOWER 22ND CENTURY REAL ESTATE INC" on the New York State Department of State Division of Corporations.

133.     Hu is listed as the contact for service of process for "MAYFLOWER HOTEL GROUP INC" on the New York State Department of State Division of Corporations.

134.     Hu is listed as the contact for service of process for "MAYFLOWER INTERNATIONAL HOTEL GROUP INC" on the New York State Department of State

Division of Corporations.

135.  Hu is listed as the contact for service of process for "MAYFLOWER INTERNATIONAL HOTEL RESERVATION CENTER INC" on the New York State Department of State Division of Corporations.

136.  At all relevant times, Hu has had power over personnel decisions at Crosscity, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

137.  At all relevant times, Hu has had power over payroll decisions at Crosscity, including the power to retain time and/or wage records.

138.  At all relevant times, Hu has been actively involved in managing the day to day operations of Crosscity.  In fact, Hu has been listed as the "Contact Name" for Crosscity on several building permits.

139.  At all relevant times, Hu has had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

140.  At all relevant times, Hu has had the power to transfer the assets and/or liabilities of Crosscity.

141.  At all relevant times, Hu has had the power to declare bankruptcy on behalf of Crosscity.

142.  At all relevant times, Hu has had the power to enter into contracts on behalf of Crosscity.

143.  At all relevant times, Hu has had the power to close, shut down, and/or sell Crosscity.

144.  Hu is a covered employer within the meaning of the FLSA and the NYLL, and at

all relevant times, has employed and/or jointly employed Plaintiffs and similarly situated employees.

## JURISDICTION AND VENUE

145.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

146.    This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

147.    Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

148.    Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who work or have worked as Laborers, who elect to opt-in to this action (the "FLSA Collective").

149.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and the FLSA Collective.

150.    Consistent with Defendants' policy and pattern or practice, Plaintiffs and the FLSA Collective were not paid the appropriate premium overtime wages for all hours worked beyond 40 per workweek.

151.    All of the work that Plaintiffs and the FLSA Collective have performed has been assigned by Defendants and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

152.    As part of its regular business practice, Defendants have intentionally, willfully, and

repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiffs and the FLSA Collective, the appropriate premium overtime wages for all hours worked in excess of 40 hours per workweek; and

> (b) willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Defendants.

153.    Defendants' unlawful conduct, as described in this First Amended Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiffs and the FLSA Collective for the overtime hours they work.

154.    Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the FLSA Collective overtime premiums for hours worked in excess of 40 hours per workweek.

155.    Plaintiffs and the FLSA Collective perform or performed the same primary duties, and were subjected to the same policies and practices by Defendants.

156.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

157.    There are many similarly situated current and former Laborers who have been denied overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## **CLASS ACTION ALLEGATIONS**

158.    Plaintiffs bring the Second, Third, and Fourth Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

All persons who work or have worked as Laborers at Crosscity in New York between May 10, 2010 and the date of final judgment in this matter (the "Rule 23 Class").

159.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

160.    Upon information and belief, the size of the Rule 23 Class is at least 40 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

161.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants correctly compensated Plaintiffs and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(b)    whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiffs and the Rule 23 Class, and other records required by the NYLL;

(c)    whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with proper annual wage notices, as required by the NYLL;

(d)    whether Defendants failed to furnish Plaintiffs and the Rule 23 Class with an accurate statement with every payment of wages, as required by the NYLL;

(e)    whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(f)    the nature and extent of class-wide injury and the measure of damages for those injuries.

162.    The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent.  Plaintiffs and all of the Rule 23 Class members work or have worked for Defendants as Laborers at Crosscity in New York.  Plaintiffs and all of the Rule 23 Class members have had the same primary duties, and have been subjected to the same policies and practices by Defendants.

Plaintiffs and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including the right to be properly compensated for all hours worked and to be paid overtime wages for hours worked in excess of 40 hours in a workweek. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiffs and the Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

163.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the Rule 23 Class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives, they must represent and consider the interests of the Rule 23 Class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the Rule 23 Class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the Rule 23 Class. Plaintiffs understand that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiffs and the Rule 23 Class members.

164.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the

expense and burden of individual prosecution of this litigation.  Plaintiffs lack the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

165.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFFS' FACTUAL ALLEGATIONS

166.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiffs as follows:

### Miguel De Aquino

167.     Defendants did not pay Aquino the proper overtime wages for all of the time that he was suffered or permitted to work each workweek as a Laborer.

168.     Throughout his employment as a Laborer, Defendants have paid Aquino a fixed daily rate of $115.00 per day, regardless of the total hours he worked each day and week.

169.     During his employment, Aquino generally worked the following hours, unless he missed time for vacation, sick days and/or holidays: six days per week from approximately 7:00 a.m. to 5:00 p.m. with one thirty minute break per day (averaging approximately 57 hours per week).

170.     Defendants failed to keep accurate records of wages earned, or of hours worked by Aquino.  In that regard, throughout Aquino's employment, he was paid in cash only.

171.     Defendants have consistently suffered or permitted Aquino to work over 40 hours per week as a laborer.  During such workweeks, Defendants have not compensated Aquino at time and one-half his regular hourly rate for all of the overtime hours he worked, but rather

- 22 -

provided Aquino with a fixed daily rate regardless of how many hours he worked per day.

172.    Defendants failed to furnish Aquino with proper annual wage notices, as required by the NYLL.

173.    Defendants failed to furnish Aquino with an accurate wage statement with every payment of wages, as required by the NYLL.

**Henry Emilio Amador**

174.    Defendants did not pay Amador the proper overtime wages for all of the time that he was suffered or permitted to work each workweek as a Laborer.

175.    Throughout his employment as a Laborer, Defendants have paid Amador a fixed daily rate of $115.00 per day, regardless of the total hours he worked each day and week.

176.    During his employment, Amador generally worked the following hours, unless he missed time for vacation, sick days and/or holidays: six days per week from approximately 7:00 a.m. to 5:00 p.m. with one thirty minute break per day (averaging approximately 57 hours per week).

177.    Defendants failed to keep accurate records of wages earned, or of hours worked by Amador.  In that regard, throughout Amador's employment, he was paid in cash only.

178.    Defendants have consistently suffered or permitted Amador to work over 40 hours per week as a laborer.  During such workweeks, Defendants have not compensated Amador at time and one-half his regular hourly rate for all of the overtime hours he worked, but rather provided Aquino with a fixed daily rate regardless of how many hours he worked per day.

179.    Defendants failed to furnish Amador with proper annual wage notices, as required by the NYLL.

180.     Defendants failed to furnish Amador with an accurate wage statement with every payment of wages, as required by the NYLL.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (Brought on behalf of Plaintiffs and the FLSA Collective)

181.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

182.     At all times relevant, Plaintiffs and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

183.     At all times relevant, Plaintiffs and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

184.     At all times relevant, Defendants have been the employer of Plaintiffs and the members of the FLSA Collective, engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

185.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the members of the FLSA Collective.

186.     Defendants have failed to pay Plaintiffs and the members of the FLSA Collective the premium overtime wages to which they are entitled under the FLSA for all hours worked beyond 40 per workweek.

187.     Defendants' unlawful conduct, as described in this First Amended Class Action Complaint, has been willful and intentional.  Defendants are aware or should have been aware

- 24 -

that the practices described in this First Amended Class Action Complaint are unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the members of the FLSA Collective, and because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

188.   As a result of Defendants' willful violations of the FLSA, Plaintiffs and the members of the FLSA Collective have suffered damages by being denied overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

**SECOND CAUSE OF ACTION**
**New York Labor Law – Overtime Wages**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

189.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

190.   At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been an employer of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

191.   The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiffs and the members of the Rule 23 Class.

192.   Defendants have failed to pay Plaintiffs and the members of the Rule 23 Class the appropriate overtime premiums – at time and one-half their regular hourly rates – for all hours

worked in excess of 40 hours per workweek, as required by the NYLL and the supporting New York State Department of Labor Regulations.

193.     Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and the members of the Rule 23 Class.

194.     Through their knowing or intentional failure to pay Plaintiffs and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per workweek, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq*. and the supporting New York State Department of Labor Regulations.

195.     Due to Defendants' willful violations of the NYLL, Plaintiffs and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**New York Labor Law – Failure to Provide Proper Annual Wage Notices**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

196.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

197.     Defendants have failed to furnish Plaintiffs and the members of the Rule 23 Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by

the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

198.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the proper annual wage notices required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

199.     Due to Defendants' violations of NYLL, Article 6, § 195(1), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, and costs, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiffs and the Rule 23 Class)**

200.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

201.     Defendants have failed to furnish Plaintiffs and the members of the Rule 23 Class with an accurate wage statement with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

202.     Through their knowing or intentional failure to provide Plaintiffs and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

203.     Due to Defendants' violations of NYLL, Article 6, § 195(3), Plaintiffs and the members of the Rule 23 Class are entitled to statutory penalties of two hundred and fifty dollars for each workday that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, and costs, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.     That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have been at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, employed by Defendants as Laborers. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C.     Certification of this case as a class action pursuant to the Federal Rules of Civil Procedure;

D.     Designation of Plaintiffs as representatives of the FLSA collective and Rule 23 Class and counsel of record as Class Counsel;

E.    Unpaid overtime wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

F.    Statutory penalties of fifty dollars for each workday that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

G.    Statutory penalties of two hundred fifty dollars for each workday that Defendants failed to provide Plaintiffs and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

H.    Prejudgment and post-judgment interest;

I.    Reasonable attorneys' fees and costs of the action; and

J.    Such other relief as this Court shall deem just and proper.


Dated:  New York, New York
        December 8, 2016


                                        Respectfully submitted,

                                        *Brian Schaffer*
                                        _____

                                        Brian S. Schaffer

                                        **FITAPELLI & SCHAFFER, LLP**
                                        Brian S. Schaffer
                                        Jeffrey H. Dorfman
                                        28 Liberty Street, 30th Floor
                                        New York, NY 10005
                                        Telephone: (212) 300-0375

                                        *Attorneys for Plaintiffs and*
                                        *the Putative Class*