**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
LIYOU XING,
*on his own behalf and on behalf of others similarly*
*situated*

                         Plaintiff,

                         v.

MAYFLOWER INTERNATIONAL HOTEL
GROUP INC d/b/a Mayflower Hotel;          Case No. 18-cv-06616
MAYFLOWER BUSINESS GROUP, LLC d/b/a
Wyndham Garden;
MAYFLOWER INN CORPORATION d/b/a
Mayflower Hotel;
MAYFLOWER WENYU LLC d/b/a Wyndham
Garden;
YAN ZHI HOTEL MANAGEMENT INC. d/b/a
Mayflower Hotel; and
MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel;
YUEHUA HU,
WEI HONG HU, and
XIAOZHUANG GE

                         Defendants.
-------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR (1) CONDITIONAL CERTIFICATION PURSUANT TO THE FAIR LABOR STANDARDS ACT (2) COURT-AUTHORIZED NOTICE TO SIMILARLY SITUATED INDIVIDUALS; AND (3) DISCLOSURE OF CONTACT INFORMATION FOR NOTICE TO POTENTIAL OPT-INS**

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ..................................................................................... 1

BACKGROUND ........................................................................................................... 2

ARGUMENT ................................................................................................................ 3

    **I.**    **CONDITIONAL CERTIFICATION IS APPROPRIATE** ................................. 3

        A.    The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice ..... 3

        B.    The Two Phase Certification Process for FLSA Collective Actions. .............................. 6

        C.    Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective ................................................................................................................... 9

        D.    The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees. ................................................................................................................................. 11

        E.    Expedited Notice and Disclosure of Contact Information Is Necessary ........................ 12

        F.    Court-Authorized Notice is Routinely Authorized by Court in this District ................. 13

        G.    The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form ................................................................................................................................. 14

        H.    Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs ... 16

    **CONCLUSION** ........................................................................................................ 17

i

## TABLE OF AUTHORITIES

## CASES

*Amador v. Morgan Stanley & Co.*, No. 11cv4326 (RJS), 2013 WL 494020 (S.D.N.Y. Feb. 7, 2013) ............................................................................................................................................. 7

*Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459 (S.D.N.Y. 2008) ................................ 9

*Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019 (S.D.N.Y. June 15, 2015) ........................................................................................................................................... 3

*Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) .................................................................................................................................. 10

*Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55 (E.D.N.Y. 2008) ........................................ 10

*Brock v. Superior Care, Inc.*, 840 F .2d 1054 (2d Cir.1988) ......................................................... 15

*Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) .............................................................................................................................. 15

*Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835 (S.D.N.Y. June 28, 2018) ............................................................................................................ 11

*Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 (S.D.N.Y. 2007) .. 9

*Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) .............................................................................................................................. 6

*Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971 (S.D.N.Y. Oct. 5, 2006) ................................................................................................................................................ 9

*Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317 (S.D.N.Y.2007) ................................. 16

*Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 (S.D.N.Y. Apr. 11, 2014) .............................................................................................................................. 4, 6, 8

*Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 (S.D.N.Y. 2000) ......... 5, 13

*Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922 (E.D.N.Y. May 10, 2010) ........................................................................................................................................ 5

*Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602 (S.D.N.Y. May 13, 2014) .............................................................................................................................................. 14

*Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112 (S.D.N.Y. 2008) ........... 9

*Heagney v. European American Bank*, 122 F.R.D. 125 (E.D.N.Y. 1988) ...................................... 11

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997) .................................................. passim

*Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) .................................................. 5, 6, 12

*Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ................................... 16

In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255 (S.D.N.Y. Oct. 27, 2010) ..................................................................................................................................... 13

*Iriarte v. Cafe 71, Inc.*, No. 15cv3217 (CM), 2015 WL 8900875 (S.D.N.Y. Dec. 11, 2015) .......... 15

*Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) .............................................. 7

*Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) .............................................................................................................. 11

*Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ................................................................................................................................. 5

*Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) ................................................................................................. 10

*Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) ................................................. 8

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) .......................................... 16

*Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ............... 6, 12, 14

*Martin v. Sprint/United Mgmt.* Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) ................................................................................................................................. 13

*Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) ....................................................................................................................... 4

*Mentor v. Imperial Parking Systems, Inc.*, 246 F.R.D. 178, 181 (S.D.N.Y. 2007) .......................... 7

*Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) ............................................................... 6

*Morales v. Plantworks, Inc.*, No. 05 Civ. 2349 (DC), 2006 WL 278154 at *2 (S.D.N.Y. 2006) ...... 7

*Myers*, 624 F.3d at 555 ..................................................................................................................... 9

*Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950 (S.D.N.Y. Apr. 1, 2015) ......................................................................................................................... 9

*Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373 (S.D.N.Y. Mar 10, 2016) ................................................................................................................................. 13

*Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) ................................................................................................................... 10

*Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909  (S.D.N.Y. Jan. 10, 2013) ................................................................................................................... 11

*Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same) .............................. 6

*Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095 (S.D.N.Y. June 2, 2010) ......... 8

*She Jian Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822 (S.D.N.Y. Oct. 16, 2014) ....................................................................................................................... 11

*Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010) ..................................................... 7

*Summa v. Hofstra Univ.*, 715 F. Supp. 2d ........................................................................................ 4

*Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 (S.D.N.Y. Sept. 28, 2007) ................................................................................................. 11

*Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726 (S.D.N.Y. Mar. 26, 2018) .................................................................................................. 11

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) ..................................... 4

*Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ................................................................................................................................... 9

## STATUTES

29 U.S.C. § 206(a) ............................................................................................................................ 3

29 U.S.C. § 207(a)(1) ....................................................................................................................... 3

29 U.S.C. § 216(b) ....................................................................................................................... 4, 14

29 U.S.C. § 255(a) ........................................................................................................................... 15

Plaintiffs LIYOU XING, JUNHUI YAN, LOI WING KIT, and SHUK C NG-LAM respectfully submits this memorandum of law in support of their motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims and court-facilitated notice of this action in English, Chinese languages to all putative members of the FLSA Collective (defined below).

## PRELIMINARY STATEMENT

Plaintiffs LIYOU XING, JUNHUI YAN, LOI WING KIT, and SHUK C NG-LAM (collectively "Plaintiffs") has alleged wage violations under the Fair Labor Standard Act (FLSA) and New York Labor Law (NYLL), against Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel; MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel; MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel; YUEHUA HU, WEI HONG HU, and XIAOZHUANG GE.

Plaintiffs further alleged that it is Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA. Plaintiffs now move before the Court for conditionally certifying a collective action because there are similar situated employees that were subjected to the common policy of Defendants that violated the FLSA. Plaintiffs through their affidavits, identified numerous other similar sitauted employees who worked as housekeepers, mechanics, construction workers, shuttle buss drivers, lobby workers, and other type of workers who worked at different locations of Defendants' hotels.  Furtheremore, the Plaintiffs' affidavits identified that regardless of the job duties or locations worked, all of Defendants employees were not paid

overtime compensation at one and one half the rate of the regular pay rate. Plaintiffs' allegations are further corroborated by claims in another lawsuit against Defendants. Accordingly, Plainitffs met the modest factual showing that there are similar situated employees exist, and they were subjected to the common policy of Defendants that violated the FLSA.

## BACKGROUND

On November 20, 2018, Plaintiff LIYOU XING filed the Complaint, asserting causes of actions for wage violations under the FLSA and NYLL. *See* Docket Entry ("D.E.") [1] (Ex 01.) On January 08, 2019, Defendants filed their answer to the Complaint, denying the most of allegations in the Complaint. D.E. [15].

Owner/Operator Defendants YUEHUA HU, WEI HONG HU , and XIAOZHUANG GE owned and controlled the operations of MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel; MAYFLOWER BUSINESS GROUP, LLC d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel; MAYFLOWER WENYU LLC d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel; and MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel. *Id.* ¶¶ 15–25; Also *See* Exhibit 2 (Related Case Amended Complaint) ¶¶ 115-144.

Plaintiff Liyou Xing worked as a construction worker from on or about September 5, 2016 through March 2, 2017 at one of the hotel locations at 61-27 186th Street, Fresh Meadows, NY 11365; and as a cook from March 3, 2017 to March 6, 2017 at 38-59 12th Street, Long Island City, NY 11101; and from March 7, 2017 to August 15, 2018 at 61-27 186th Street, Fresh Meadows, NY 11365. *Id.* ¶¶ 48–50. While working as a cook, Plaintiff worked well in excess of 40 hours each week. *Id.* ¶¶ 51–55. However, from September 5, 2016 through June 30, 2017, while he was paid hourly rates, he was not paid for all of his hours worked, and he was not paid at one and half

2

times his regular rate for hours worked in excess of forty. *Id.* ¶¶ 58–65; Xing Aff. ¶¶13-30. In addition, from July 31, 2017 through August 15, 2018, he was paid a flat monthly rate, and did not receive any overtime compensation. Compl. ¶¶ 66–71; Xing Aff.. ¶¶ 21-25.

Other employees with other job titles (mechanics, manager assistants, housekeepers, and construction workers) complain of similar treatment in their affidavits. Junhui Yan was a mechanic and manager's assistant who was also not paid at one and half times for hours worked in excess of forty. Yan Aff. ¶¶ 6–8. Loi Wing Kit was a mechanic who was paid a flat daily rate and not paid overtime despite working more than 40 hours each week. Kit Aff. ¶¶ 4-10. Shuk C. Ng-Lam was a housekeeper who was also not paid at one and half times the regular rate for hours worked in excess of forty. Ng-Lam Aff. ¶¶ 7-11. *See* Exhibit 02 ¶¶ 167-180.

Irrespective of the positions or the location they worked, Plaintiffs Xing, Yan, Kit, and Ng-Lam identify coworkers they know, who were also not paid for all the hours worked and denied overtime rate for hours worked in excess of forty.

## ARGUMENT

I.   **CONDITIONAL CERTIFICATION IS APPROPRIATE**

### A.   The FLSA and the FLSA's Opt-In Requirement and the Need for Expedited Notice

Pursuant to the FLSA, an employee must be paid, at least, the federal statutory minimum wage for the first 40 hours that he or she worked in a given work week. 29 U.S.C. § 206(a). Moreover, an employee is entitled to be paid for overtime hours (*i.e.*, any hours exceeding 40 hours per week), at a "rate not less than one and one-half times the regular rate at which [the employee] is employed." *Id.*, § 207(a)(1); *see also, e.g.*, *Benitez v. Demco of Riverdale, LLC*, No. 14cv7074 (CM), 2015 WL 3780019, at *2 (S.D.N.Y. June 15, 2015) (quoting Section 207(a)(1)). "The statute

of limitations under the FLSA is ordinarily two years, but it may be extended to three years if the claim arises from a 'willful' violation." *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 258 (S.D.N.Y. 2008) (citing 29 U.S.C. § 255(a)). To satisfy the willfulness requirement, a plaintiff must demonstrate that the employer either acted knowingly or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute."(*Id.* (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988)).)

Section 216(b) of the FLSA allows employees to "recover unpaid minimum wages and/or overtime compensation from an employer who violates the [FLSA's] provisions, and permits such an action to be brought as a collective action." *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 384 (E.D.N.Y. 2010). Pursuant to Section 216(b),

> An action. . . may be maintained against any employer … in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. **No employee shall be a party Plaintiffs to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.**

29 U.S.C. § 216(b) ("Section 216(b)") (emphasis added). That is, in a collective action under Section 216(b), unlike in a class action under Federal Rules of Civil Procedure 23 ("Rule 23"), an employee is not a member of the collective until the employee affirmatively opt-in to the collective action. *Id.*; *Fonseca v. Dircksen & Talleyrand Inc.*, No. 13 Civ. 5124 (AT), 2014 WL 1487279 at *1 (S.D.N.Y. Apr. 11, 2014) ("Thus, putative class members must 'opt-in' to participate in an FLSA collective action."); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("Thus, under the FLSA, potential plaintiffs must 'opt in' to a collective action to be bound by the judgement (and to benefit from it)."); *Mendoza v. Ashiya Sushi 5, Inc.*, No. Civ. 8629 (KPF), 2013 WL 5211839 at *2 (S.D.N.Y. Sept. 16, 2013) (stating same). Thus, until employees are given

notice and are permitted to file consent forms to opt-in, the statute of limitations continues to run against them on a daily basis. *Hoffmann*, 982 F. Supp. at 260 ("only by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled"); *Mendoza*, 2013 WL 5211839 at *2 (same).

Therefore, it is critical that similarly-situated employees be afforded notice as soon as possible and be provided with the opportunity to opt-in, as their claims may be reduced or extinguished daily. *Foster v. Food Emporium*, No. 99 Civ. 3860 (CM), 2000 WL 1737858 at *3 n.1 (S.D.N.Y. 2000) ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Hoffmann*, 982 F. Supp. at 262 ("courts have endorsed the sending of notice early in the proceeding, as a means of facilitating the FLSA's broad remedial purposes and promoting efficient case management."); *Jeong Wook Kim v. 511 E. 5th St. LLC*, No. 12 Civ. 8096 (FM), 2013 WL 6283587 at *9 (S.D.N.Y. Dec. 3, 2013) ("Here, court-facilitated notice is appropriate 'to prevent erosion of claims due to the running statute of limitations, as well as to promote judicial economy."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2010 WL 1879922, at *9 (E.D.N.Y. May 10, 2010) ("Because the statute of limitations for FLSA claims continues to run for each individual Plaintiffs until he or she opts in [], early certification and notice are favored in order to protect plaintiffs' right.").

The Supreme Court has affirmed the importance of potential opt-in plaintiffs receiving timely notice of their potential claims. *See Hoffmann-LaRoche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). This seminal case sets forth the requirements for bringing a collective action.[1] The

---

[1] While the Supreme Court's decision in *Hoffmann-La Roche* involved a collective action under the Age Discrimination in Employment Act ("ADEA"), the analysis applies to FLSA collective actions with equal force because the ADEA adopted the collective action enforcement provisions of the FLSA. *See* 29 U.S.C. § 626(b); *Hoffmann*, 982 F. Supp. at 261, n 15.

Court observed that a collective action authorized by Section 216(b) "allows.. plaintiffs the advantage of lower individual costs to vindicate their rights by the pooling of resources." *Hoffmann-LaRoche*, 493 U.S. at 170. The Court went on to point out that, "[t]hese benefits, however, depend on employee receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."

### B.  The Two Phase Certification Process for FLSA Collective Actions.

The Second Circuit has approved a two-step process for district courts to utilize in determining whether litigants should be permitted to proceed collective under Section 216(b). *See e.g. Meyers v. Hertz Corp.*, 624 F.3d 537, 554 (2d Cir. 2010) (describing the two-step process in detail); *Fonseca*, 2014 WL 1487279 at *1-2 (same); *Schear v. Food Scope Am., Inc.*, 297 F.R.D. 114, 121 (S.D.N.Y. 2014) (same).

**First**, at an early stage in litigation, the court must make an initial determination limited strictly to whether the named plaintiffs are "similarly-situated" to the potential members of the FLSA collective. *Myers*, 624 F.3d at 554; *see also Cunninghan v. Elec. Data Systems Corp.*, No. 06 Civ. 3530 (RJH), 2010 WL 5076703 at *4 (S.D.N.Y. 2010) (citing *Lynch v. United Services Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007)). To do so, the named plaintiffs need only make a very "modest factual showing" that they and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *1 ("At the first stage, plaintiffs must make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law."); *Schear*, 297 F.R.D. at 121 (same). Then, the court should facilitate notice of the action to the potential members of the collective. For this reason, the initial phase is called the "notice

stage."[2] *Myers*, 624 F.3d at 555 (citing *Hoffmann*, 982 F.Supp. at 261); *see also Spicer v. Pier Sixty LLC*, 269 F.R.D. 321, 336 (S.D.N.Y. 2010).

In light of the two-step process, "[t]he burden imposed at [the] first conditional certification stage is minimal." *Amador v. Morgan Stanley & Co.*, No. 11cv4326 (RJS), 2013 WL 494020, at *4 (S.D.N.Y. Feb. 7, 2013). As discussed further below, the burden at this stage is "low" because "the purpose of this first stage is merely to determine *whether* 'similarly situated' *see* 2006 WL 278154 at *2 (S.D.N.Y. 2006)  ("The first stage, conditional certification, requires only a 'modest factual showing' based on the 'pleadings and affidavits' that the putative class members were 'victims of a common policy or plan that violated the law.'"); Cunningham, 2010 WL 5076703 at *5 (citing *Mentor v. Imperial Parking Systems, Inc*., 246 F.R.D. 178, 181 (S.D.N.Y. 2007)) (at this first step, the court uses a "relatively lenient evidentiary standard to determine whether a collective action is appropriate."). Plaintiffs merely need to provide "***some factual basis*** from which the court can determine if similarly situated potential plaintiffs exist." *Jackson v. New York Tel. Co.*, 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (emphasis added). "The leniency of this requirement is consistent with the broad remedial purpose of the FLSA." *Spicer*, 269 F.R.D. at 336 (citing *Morales*, 2006 WL 278154 at *2).

If Plaintiffs satisfy their burden of showing that "similarly-situated" employees exist, the court should conditionally certify the collective and order that appropriate notice be given to the members of the FLSA Collective to afford them the opportunity to opt-in to the action.

---

[2] The "notice stage" is often referred to as "conditional certification," borrowing the term from Rule 23. This term is somewhat of a misnomer in FLSA actions as, unlike Rule 23, Section 216(b) does not have any "certification" provision, and FLSA plaintiffs are not required to establish any of the Rule 23 categories to proceed collectively. *Mendoza*, 2013 WL 5211839 at *2 ("FLSA collective actions, unlike class actions brought under Rule 23, need not satisfy the standards of numerosity, typicality, commonality, or representativeness."). That said, Plaintiffs here can easily meet even the most stringent standards for certification under 216(b) or Rule 23.

*Cunningham*, 2010 WL 5076703 at *5; *see also Lynch*, 491 F. Supp. 2d at 368 (citing *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 197 (S.D.N.Y. 2006)) ("Once notice is accomplished, the action proceeds as a collective action throughout the discovery process.").

**Second**, typically after a substantial period of discovery has been completed, the defendants may move for "decertification," where the district court will be asked to conduct a somewhat more stringent analysis of whether the plaintiffs who have opted-in are in fact "similarly-situated" to the named plaintiffs. *Myers*, 624 F.3d at 555; *Fonseca*, 2014 WL 1487279 at *2 ("At the second stage, the district court will, on a fuller record, determine whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."); *Schear*, 297 F.R.D. at 121 (same). The action may be "decertified" if the record reveals that they are not similarly-situated, and the opt-ins' claims may be dismissed without prejudice. *Id*. This second step "utilizes a more stringent factual determination because the court is able to examine whether the actual plaintiffs brought into the case are similarly situated." Cunningham, 2010 WL 5076703 at *5.

Importantly, it is indisputable that the underlying merits of Plaintiffs' claims should not be litigated at this stage, but at summary judgment and/or at trial. *See e.g. Fonseca*, 2014 WL 1487279, at *3 (defendants' declarations going to "merits based arguments are premature on a motion for conditional certification and must wait for summary judgment and/or trial"); *Shajan v. Barolo, Ltd.*, No. 10 Civ. 1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010) ("Weighing of the merits [when deciding conditional certification] is absolutely inappropriate."); *Lynch*, 491 F.Supp.2d at 368-69 (S.D.N.Y., 2007) ("[a]t this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations"); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819 (GEL), 2006 WL 2853971,

at *1 (S.D.N.Y. Oct. 5, 2006), at *6 ("attacks on plaintiffs' affidavits and other evidence" premature at notice stage); *cf. Hoffmann-La Roche Inc*., 493 U.S. at 174, 110 ("trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action.").

### C.  Plaintiff has made the Required Showing that he is similarly-situated to the members of the FLSA Collective

As stated above, to meet the minimal burden required for conditional certification, Plaintiff must make a "modest factual showing" that they and opt-in and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *See Myers*, 624 F.3d at 555 (*citing Hoffmann*, 982 F. Supp. at 261). This burden may be "satisfied with 'substantial allegations' of a factual nexus between named Plaintiff and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Amendola v. Bristol-Myers Squibb Co.*, 558 F. Supp. 2d 459, 467 (S.D.N.Y. 2008); *see also Hallissey v. Am. Online, Inc.*, No. 99 Civ. 3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. 2008) ("Plaintiffs may satisfy this requirement by relying on their own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members."); *Qing Tian Zhuo v. Jia Xing 39th Inc.*, No. 14 Civ. 2848 (SHS), 2015 WL 1514950, at *3 (S.D.N.Y. Apr. 1, 2015) (finding single plaintiff affidavit sufficient to conditionally certify a collective of four restaurants). Thus, the proper inquiry is whether Plaintiffs, and potential opt-in plaintiffs are similarly situated with respect to the allegations that the law has been violated, and not whether their job responsibilities are identical or whether they worked at the same location. *See Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295 (GEL), 2007 WL 2873929 at *5 (S.D.N.Y. 2007); *Qing Tian Zhuo*, 2015 WL 1514950, at *3.

Issuance of notice is frequently based largely on employee declarations, and very often when there is only a single declaration. *See e.g. Zaldivar v. JMJ Caterers, Inc.*, No. 14 Civ. 924 (SJF), 2016 WL 792404, at *4 (E.D.N.Y. Feb. 26, 2016) ("courts have routinely found that the

allegations in the pleadings and the 'personal observations of one plaintiff's affidavit' are 'sufficient to make the modest factual showing necessary to conditionally certify [a] class'"); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14 Civ. 2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13, 2015) (conditional certification based on one plaintiff's affidavit); *Sanchez v. Gansevoort Mgmt. Grp., Inc.*, No. 12 Civ. 75 (KBF), 2013 WL 208909 (S.D.N.Y. Jan. 10, 2013) (single affidavit); *Khamsiri v. George & Grank's Japanese Rest. Inc.*, No. 12 Civ. 265 (PAE), 2012 WL 1981507 (S.D.N.Y. June 1, 2012) (single affidavit); *Bowens v. Atlantic Maint. Corp.*, 546 F. Supp. 2d 55, 82 (E.D.N.Y. 2008) (no corroborating evidence besides plaintiff's affidavit).

Here, Plaintiffs made the most factual showing that there are similarly-situated non-exempt employees employed by Defendants' were subject to a common policy or plan of not paying overtime, both in the form of paying straight-time rates for overtime work or paying flat rates without paying overtime, that violated the FLSA.

Plaintiff XING was employed by Defendants during the applicable FLSA statutory period and were subjected to Defendants' common policy of not paying (i) overtime premiums for the hours worked in excessive of forty hours in a single workweek, and (ii) not pay for all hours worked.

The experience of Plaintiff XING was not unique, the manner in which he was compensated was and remains standard operating procedure with regard to other employees at Defendants' hotels, for all types of positions. Xing Aff. ¶¶31-86; Yan Aff. ¶¶ 14-44; Kit Aff. ¶¶17-63; and Ng-Lam Aff. ¶¶ 12-34.

Based on such descriptions, this Court "may infer" that other workers "worked similar shifts for comparable pay, thereby suffering the same violations of the FLSA." *Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, No. 17cv273 (LAP), 2018 WL 1737726, at *3 (S.D.N.Y. Mar.

26, 2018) (quoting *She Jian Guo v. Tommy's Sushi Inc.*, No. 14cv3946 (PAE), 2014 WL 5314822, at *3 (S.D.N.Y. Oct. 16, 2014)); *see also Cheng Xia Wang v. Shun Lee Palace Restaurant, Inc.*, No. 17cv00840 (VSB), 2018 WL 3155835, at *4 (S.D.N.Y. June 28, 2018) (finding that certification was proper for all delivery persons based on the experience of the named plaintiffs, who were themselves delivery persons).

Accordingly, the Court should conclude that Plaintiffs have met their "light burden of making a 'modest factual showing'" that Defendants' employees "were victims of a common policy or plan that violated the law." *Sanchez v. Gansevoort Mgmt.Grp, Inc.*, No. 12cv75 (KBF), 2013 WL 208909, at *1 (S.D.N.Y. Jan. 10, 2013) (quoting *Hoffman*, 982 F. Supp. at 261).

### D.  The Victims of Defendants' Unlawful Violations Extend to All Non-Managerial Employees.

Prospective class members need not be identically situated to the named plaintiffs or to each other. *Heagney v. European American Bank*, 122 F.R.D. 125, 127 (E.D.N.Y. 1988) (holding that the plaintiffs do not have to perform the same job in the same location as long as there is a discriminatory policy common to all).

Moreover, it does not matter that Prospective Collective Action Members perform different duties. *See, e.g., Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-cv-5915, 2003 U.S. Dist. LEXIS 7988 at *7 (S.D.N.Y. May 14, 2003) (class trainees and back-up managers). Nor does the fact that they were employed at different times affect the determination of granting class notice. *See Toure v. Central Parking Sys. of New York*, No. 05-cv-5237, 2007 U.S. Dist. LEXIS 74056 at *8 (S.D.N.Y. Sept. 28, 2007) (declarations asserting that defendants "had an express policy of forcing garage attendants on the night shift…to work more than forty hours per week and refusing to pay them for the additional time" was sufficient to meet the burden of "making a modest factual showing sufficient to demonstrate that [Plaintiffs] and [other employees] together

11

were victims of a common policy or plan that violated the law," regardless of the fact that dates of employment and hours worked were "unique to each employee.") (citing *Hoffman* 982 F. Supp. 249, 261 (S.D.N.Y. 1997)).

Plaintiffs' supporting affidavits identified workers in multiple different positions, such as housekeepers, mechanics, construction workers, lobby workers, shuttle bus drivers, manager assistants, and cooks, were all not paid at the lawful rate for overtime work. Xing Aff. ¶¶31-86; Yan Aff. ¶¶ 14-44; Kit Aff. ¶¶17-63; and Ng-Lam Aff. ¶¶ 12-34. All non-managerial employees of Defendants are similarly situated as they were victims of Defendants' widespread common policy of understating and underpaying their employees' overtime payment. Plaintiff and affiants further allege that there were other victims of Defendants' widespread common policy or plan that violates the FLSA. Accordingly, Plaintiffs met the low burden for conditional certification of all non-managerial employees of Defendants.

### E.  Expedited Notice and Disclosure of Contact Information Is Necessary

To provide the members of the putative FLSA Collective with notice of this action, Plaintiff requires the names and contact information for those individuals. *See Hoffmann-LaRoche*, 493 U.S. at 170 ("The District Court was correct to permit discovery of the names and addresses of the discharged employees."); *Lynch*, 491 F. Supp. 2d at 371 (explaining that "identification [of similarly-situated employees] is necessary so that [plaintiff] can provide them with notice of this action").

Accordingly, Plaintiffs' respecfully requests that Defendants produce a Microsoft Excel data file containing contact information ("including but not limited to last known mailing addresses, law known telephone numbers, last known email addresses, last known WhatsApp, WeChat and/or FaceBook usernames, work location, dates of employment, and position") for all

non-managerial employees who worked for Defendants from November 20, 2015 to the the present day. Courts in this District "commonly grant" requests for the production of such information, in connection with the conditional certification of an FLSA collective action. *Martin v. Sprint/United Mgmt*. Co., No. 15cv5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); see also In re Penthouse Exec. Club Comp. Litig., No. 10cv1145 (NRB), 2010 WL 4340255, at *5 (S.D.N.Y. Oct. 27, 2010) (noting that "courts often order the production of such information at the notice stage").

As previously noted, until the absent members of the FLSA collective opt-in to this action, the statute of limitations is running against them on a daily basis. Accordingly, the timing of the notice is of great significance. *See Foster*, 2000 WL 1737858 at *3 n.1 ("because of the statute of limitations, potential plaintiffs may be eliminated as each day goes by. For this reason, it is advisable that notice be given as soon as practicable."); *Ramos v. PJJK Rest. Corp.*, No. 15 Civ. 5672 (PKC), 2016 WL 1106373, at *2 (S.D.N.Y. Mar 10, 2016) ("Courts need not wait for defendants to begin or complete discovery before approving a conditional collective action; rather ***courts have endorsed the sending of notice early in the proceeding***, as a means of facilitating the FLSA's  broad remedial purpose and performing efficient case management"). Here, the need for expedited notice is even more compelling given that Plaintiff's and opt-in Plaintiffs' primary languages are not English.

### F.  Court-Authorized Notice is Routinely Authorized by Court in this District

Once a court determines that a named plaintiff has demonstrated that he or she is similarly situated to other employees of the defendant with respect to the defendant's alleged unlawful policy for paying minimum wages and/or overtime pay, and has thus satisfied his or her burden for initial certification of a collective action, the court may proceed to authorize issuance of a

notice informing potential additional plaintiffs of their opportunity to opt into the lawsuit. *Lynch*, 491 F. Supp. 2d at 367. "Although Section 216(b) does not explicitly address court-authorized notice, 'it is 'well settled' that district courts have the power to authorize an FLSA plaintiff to send such notice to other potential plaintiffs.'" *Grant v. Warner Music Grp. Corp.*, No. 13cv4449 (PGG), 2014 WL 1918602, at *2 (S.D.N.Y. May 13, 2014) (quoting *Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 104 (S.D.N.Y. 2003); additional citations omitted)).

### G. The Court Should Authorize Plaintiff's Proposed Notice of Pendency and Consent to Join Form

Plaintiffs propose a Notice of Pendency and Consent Form advising all potential opt-in Plaintiffs of their right to join this collective action that is consistent with prior notices routinely approved in courts within the Second Circuit. Plaintiff further respectfully requests to have the Approved Notice of Pendency and Consent Form disseminated in any relevant language, via mail, email, and/or text message, or social media chat, to all potential members of the collective. Additionally, Plaintiffs request that that the Notice of Pendency and Consent Form be posted on a conspicuous place of Defendants' business locations. Ex 03.  (Proposed Notice of Pendency and Consent Form for Mail). This is simply to ensure and provide the greatest likelihood that the FLSA Collective receives this notice as intended.

### 1. Language of the Notice

Many of the potential opt-in Plaintiffs are not native-English speakers, but rather speak only Chinese. Consequently, Plaintiffs respectfully request that all notices or posts to employees' attention be in Chinese (the predominant languages of the FLSA Collective), as many of the opt-in Plaintiffs are not well versed in the English language. This type of request has been granted in

other cases, *see, e.g.*, *Iriarte v. Cafe 71, Inc*., No. 15cv3217 (CM), 2015 WL 8900875, at *6 (S.D.N.Y. Dec. 11, 2015) (citing *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 635 (S.D.N.Y. 2007)); *see also Castillo v. Perfume Worldwide Inc.*, No. CV 17-2972 (JS) (AKT), 2018 WL 1581975 (E.D.N.Y. Mar. 30, 2018) (finding that, in light of broad remedial purpose of FLSA, translating a notice into Spanish was appropriate).

## 2.  Appropriate Notice Period

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). The Second Circuit has explained that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." *Brock v. Superior Care, Inc.,* 840 F .2d 1054, 1062 (2d Cir.1988).

Plaintiffs request that the contents of any notice should provide for a three-year statute of limitations afforded to claims of willful violations of the FLSA, as opposed to a two-year limitations period. Given Plaintiffs' allegations of willful violations of the FLSA minimum wage and overtime provisions, a three-year time frame is appropriate given that the FLSA expressly permits a three-year statute of limitations to remedy willful violations of the Act. Courts routinely approve a three-year notice period. *See* 29 U.S.C. § 255(a); *see also e.g. Gaspar v. Personal Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2014 WL 4593944, at *7 (S.D.N.Y. Sept. 15, 2014) (Nathan, J.) (finding a three-year notice period appropriate); *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 WL 4702840, at *12 (S.D.N.Y. Oct 23, 2008) ("Courts that have faced this issue routinely approve a three-year notice period."). *See Hamadou v. Hess Corp.*, 915 F. Supp.

2d 651, 668 (S.D.N.Y. 2013) and *Iglesias-Mendoza v. La Belle Farm Inc.,* 239 F.R.D. 363 (S.D.N.Y. 2007) ("Where willfulness is disputed, the court applies the three-year statute of limitations for purposes of certifying a representative action."); ."); *Fasanelli v. Heartland Brewery, Inc.,* 516 F. Supp. 2d 317, 323 (S.D.N.Y.2007) (conditionally certifying class based on three-year period to "avoid any merit-based determinations at this time").

Further, the Mayflower Defendants are repeat and continuous violators of the federal and state minimum wage and overtime law, having been sued before (on May 2016) for similar violations for the period from June 2015 to April 2016. *See Aquino et al v. Crosscity Construction Corp. et al*, 1:16 Civ. 02337 (E.D.N.Y. 2016) (Exhibit 02 to the Declaration of John Troy in Support of Plaintiff's Conditional Collective Certification Motion).

### H.  Equitable Tolling of the Statute of Limitations is Necessary to Protect the Plaintiffs

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260. Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs respectfully request an order granting Plaintiffs'

requested relief in its entirety, and for such other and further relief deemed just and proper.


Dated:    Flushing, New York
          May 15, 2019                          Respectfully submitted,

                                                TROY LAW, PLLC.

                                        By:  /s/  John Troy_____
                                             John Troy