KEVIN KERVENG TUNG P.C.
Queens Crossing Business Center
136-20 38th Avenue, 3D
Flushing, New York 11354
(718) 939-4633

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIYOU XING,
on his behalf and on behalf of others similarly situated

                       Plaintiffs,

     -against-

MAYFLOWER INTERNATIONAL HOTEL GROUP INC
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
MAYFLOWER BUSINESS GROUP, LLC
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
MAYFLOWER INN CORPORATION
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
MAYFLOWER WENYU LLC
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
YAN ZHI HOTEL MANAGEMENT INC.
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
MAYFLOWER 1-1 LLC
     d/b/a Mayflower Hotel and
     d/b/a Wyndham Garden;
YUEHUA HU, WEI HONG HU a/k/a Weihong Hu,
and XIAOZHUANG GE

Case No. **18-cv-06616**

**WEIHONG HU'S DECLARATION IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

                       Defendants.
-------------------------------------------------------------------x

     I, WEIHONG HU, having personal knowledge of the matters set forth below, declare under penalty of perjury under the laws of the United States that the following is true and correct:

1

1.  I am one of the individual defendants in this action and I am a representative of the corporate defendants here: Mayflower International Hotel Group Inc., Mayflower Business Group LLC, Mayflower Inn Corporation, Mayflower Wenyu LLC, Yanzhi Hotel Management Inc. and Mayflower 1-1 LLC (hereinafter "Mayflower Defendants"). I make this declaration in opposition to Plaintiffs' Motion for Conditional Collective Certification.

2.  Mayflower Defendants do not have "a common set of policies and practices as to wages and hours that violated the FLSA" as alleged by Plaintiffs and Plaintiffs' counsel.

3.  Mayflower Defendants do not and never have any policy to not pay any employee at the minimum wage required by New York State Labor Law. Mayflower Defendants have a policy of paying all the employees at least the full minimum wage for all the hours worked required by New York State Labor Law.

4.  Mayflower Defendants do not and never have any policy to not pay any employee at one-and-one half the promised hourly wage for overtime hours. Mayflower Defendants have a policy of paying all the employees one-and-a-half regular hour rate for all hours worked over 40.

5.  Mayflower Defendants also have a policy of giving each employee one-hour lunch break.

**A. Plaintiff Liyou Xing Was Paid at Least the Minimum Wage for All Hours Worked and were Paid Overtime for all Hours Worked over 40.**

6.  Since Plaintiff Liyou Xing started working for at Wyndham Garden Fresh Meadows Flushing Hotel located at 61-27 186th Street, Fresh Meadows, NY 11365 (hereinafter "Flushing Hotel") since September 2016, Flushing Hotel agreed to pay Liyou Xing at $12 per hour and $18 per hour for overtime hours. Liyou Xing was orally informed of his hourly rate by Flushing Hotel. Attached hereto as Exhibit "**1**" is a copy of the Wage Notice furnished to Liyou Xing.

7. On or about June 27, 2017, Flushing Hotel entered into an agreement with Liyou Xing to increase his hourly rate to $13 and $19.5 for overtime hours. Flushing Hotel and Liyou Xing also agreed that Liyou Xing would work 60 hours per week, consisting of 40 regular hours and 20 overtime hours. Mayflower would pay Liyou Xing every month, calculating his salary based on the above schedule that Liyou Xing would work 240 hours in four weeks, consisting of 160 regular hours and 80 overtime hours. The updated pay of four weeks is $3,640. However, Flushing Hotel recognized that Liyou Xing usually needs to work more than four weeks in a month, and adjusted his monthly salary based on the actual hours he worked each month. Attached hereto as Exhibit "**2**" is a copy of the agreement entered between Flushing Hotel and Liyou Xing.

8. For all the times Liyou Xing worked for Flushing Hotel, he was paid at least the minimum wage for all hours worked and paid overtime for all hours worked over 40 per week.

**B. Junhui Yan Was Paid at Least the Minimum Wage for All Hours Worked and were Paid Overtime for all Hours Worked over 40.**

9. Junhui Yan worked for Mayflower Defendants from September 2016 to July 2018.

10. On or about September 16, 2016, Mayflower Defendants informed Junhui Yan that his regular hourly rate was $12 and overtime hourly rate was $18.

11. On or about March 3, 2017, Mayflower Defendants increased Junhui Yan's regular hourly rate to $14 and overtime hourly rate to $21.

12. On or about August 4, 2017, Mayflower Defendants again increased Junhui Yan's regular hourly rate to $15 and overtime hourly rate to $22.5.

13. For all the times Junhui Yan worked for Mayflower Defendants, he was paid at least the minimum wage for all hours worked and paid overtime for all hours worked over 40 per week. Attached hereto as Exhibit "**3**" is a copy of the wage statements of Junhui Yan.

14. In fact, from the wage statements we kept as records, he was paid $900 for overtime in 2016, $1101 for overtime 2017 and $157.5 for overtime in 2018. His allegation that he was not paid on four Saturdays for overtime, and that he was not paid overtime pay for overtime work was false.

### C. Loi Wing Kit is a subcontractor, not an employee of Mayflower

15. Loi Wing Kit used to be a subcontractor of Mayflower Defendants was paid by flat rate. He was never an employee and is not subject to the discussion of minimum and overtime wage.

### D. Shuk C. Ng-Lam Was Paid at Least the Minimum Wage for All Hours Worked and were Paid Overtime for all Hours Worked over 40.

16. Shuk C. Ng-Lam (Lam) worked for Mayflower Defendants from September 2016 to February 2018.

17. Before Lam started working for Mayflower Defendants, Mayflower Defendants informed Lam of her hourly rate at $10 for regular hours and $15 for overtime hours.

18. On or about January 20, 2017, Mayflower Defendants increased Lam's regular hourly rate to $11 and overtime hourly rate to $16.5.

19. Realizing that the New York City's minimum wage has been increased to $11 per hour since December 31, 2016, Mayflower Defendants immediately took remedial measures to compensate Lam for the one dollar short in each of the 15 working days from December 31, 2016 to January 20, 2017 by giving Lam $120 bonus (1*8*15=120), which was clearly indicated in Lam's Wage Statement dated February 3, 2017. Attached hereto as Exhibit "**4**" is a copy of the wage statements of Shuk C, Ng-Lam.

20. On or about March 17, 2017, Mayflower Defendants again increased Lam's regular hourly rate to $13 and overtime hourly rate to $19.5.

21. For all the times Lam worked for Mayflower Defendants, she was paid at least the minimum wage for all hours worked and paid overtime for all hours worked over 40 per week.

22. It is a total lie that Lam claimed that Mayflower Defendants paid her $10 per hour from August 1, 2016 to March 31, 2017 and $11 per hour from April 1, 2017 to January 31, 2018. Her allegation that she was not paid one-and-half rate for her overtime was also untrue. Such allegation can be easily negated by the wage statements attached hereto.

23. In conclusion, Mayflower Defendants never paid its non-managerial employees at a flat rate. It is and has been Mayflower Defendants' policy to pay its employees an hourly rate.

24. All of Mayflower Defendants' employees are and were paid at least the minimum wage required by New York State Labor Law.

WHEREFORE it is respectfully requested that this Court deny Plaintiff's motion in its entirety, together with such other and further relief as this Court may deem just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 31, 2019

By: Weihong Hu