**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
LIYOU XING,
*on his own behalf and on behalf of others similarly situated*

                                     Plaintiff,

                                        v.

MAYFLOWER INTERNATIONAL HOTEL
GROUP INC d/b/a Mayflower Hotel;
MAYFLOWER BUSINESS GROUP, LLC d/b/a
Wyndham Garden;
MAYFLOWER INN CORPORATION d/b/a
Mayflower Hotel;
MAYFLOWER WENYU LLC d/b/a Wyndham
Garden;
YAN ZHI HOTEL MANAGEMENT INC. d/b/a
Mayflower Hotel; and
MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel;
YUEHUA HU,
WEI HONG HU, and
XIAOZHUANG GE

                                    Defendants.
-----------------------------------------------------------X

Case No. 18-cv-06616

---

**PLAINTIFFS' REPLY BRIEF TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL COLLECTIVE CERTIFICATION**

---

TROY LAW, PLLC
*Attorneys for the Plaintiff, and proposed Rule 23 Class*
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel:    (718) 762-1324

# TABLE OF CONTENTS

**ARGUMENTS** ............................................................................................................................. 1

    **A.    PLAINTIFFS' MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF HAS MADE A MODEST FACTUAL SHOWING THAT THE POTENTIAL COLLECTIVE MEMBERS ARE SIMILARLY SITUATED AS NAMED PLAINTIFF:** ............................... 1

    **B.    PLAINTIFFS HAVE PROFFERED SUFFICIENT EVIDENCE THAT DEFENDANTS HAVE WILLFULLY VIOLATED:** ............................................................... 2

    **C.    PLAINTIFFS NOTICE OF PENDENCY AND CONSENT TO SUE FORM IS APPROPRIATE AND SHOULD BE GRANTED:** ........................................................................ 2

        1) **Defendants Should Produce all the Information Requested by Plaintiffs:** ................... 2

        2) **Scope of Class Should include all the non-exempt employees:** ..................................... 3

        3) **Plaintiffs Proposed Notice Period is Appropriate and Should be Granted:** ................. 4

        4) **Plaintiffs Proposed Opt-in Period is Reasonable and Should be Granted:** .................. 5

        5) **Notice of Pendency and Consent to Join Forms should be Signed and Returned to Plaintiffs' Counsel:** ............................................................................................................. 6

        6) **Plaintiffs' Requested Mode of Publications Should Be Granted:** ................................ 6

        7) **Equitable Tolling should be Warranted:** ......................................................................... 7

**CONCLUSION** ............................................................................................................................ 8

# **TABLE OF AUTHORITIES**

**CASES**

*Benedict*, 2014 U.S. Dist. LEXIS 18594, 2014 WL 587135, at *13 .................................................. 5

*Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 449 (D. D.C. 2007) ................................... 4

*Colozzi v. St. Joseph's Hospital Health Center*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) ....... 1, 4

*Dilonez v. Fox Linen Serv. Inc.*, 35 F. Supp. 3d 247 (E.D.N.Y. 2014) ................................................ 6

*Garza v. Chicago Transit Authority*, 00-cv-00438, 2001 U.S. Dist. LEXIS 6132, at *10 (N.D.Ill. May 8, 2001) .................................................................................................................................. 5

*Gee v. Suntrust Mort., Inc.*, No. C-10-1509 RS, 2011 U.S. Dist. LEXIS 21101 WL 722111, (N.D., 2011) ............................................................................................................................................. 5

*Johnson v. American Airlines, Inc.*, 531 F. Supp. 957, 961 (D.C. Tex. 1982) ................................... 5

*Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) ............................................ 7

*Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726 (S.D.N.Y. 2018).. 5

*Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, Civ. No. 17-cv-00273, Dkt. No. 49 .... 7

*Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435 (WFK) (SMG) (E.D.N.Y. Jan. 26, 2018) ....................................................................................................................................... 3

*Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435-WFK-SMG (E.D.N.Y., 2018) .. 7

*Mendez v. Pizza on Stone, LLC, et al*, *No.* 11-cv-06316 (DLC), 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y Aug. 1, 2012) ................................................................................................................. 4

*Myers v. Hertz Corp.*, 624 F.3d 537 (2d Cir. 2010) ........................................................................... 1

*Ritz*, 2013 WL 1799974 ..................................................................................................................... 6

*Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492–493 (E.D. Cal. 2006) ...................... 4

*Sanchez v. Salsa con Fuego, Inc.*, 16-cv-00473 (RJS)(BCM), 2016 U.S. Dist. LEXIS 118315, at *16–18 (S.D.N.Y. Aug. 24, 2016) ................................................................................................. 2

*Sherrill v. Sutherland Global Servs. Inc.*, 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) ...................... 4

*Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626 (S.D.N.Y. 2018) .......................... 5

*Sun v. Sushi Fussion Express, Inc., No.* 16-cv-04840 (WFK) (LB), 2018 U.S. Dist. LEXIS 37515, at *27–28 (E.D.N.Y. Jan. 2, 2018) ................................................................................................ 2

*Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201 (RA) (JLC) (S.D.N.Y. Apr. 23, 2018) .............................................................................................................................................. 3

*Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201-RA-JLC (S.D.N.Y., 2018) ....... 7

*Zhu v. Wanrong Trading Corp.*, 1:18CV00417 (E.D.N.Y. 2018) ...................................................... 7

**STATUTES**

§ 216 of the FLSA ......................................................................................................................... 1, 3

Plaintiffs LIYOU XING, JUNHUI YAN, LOI WING KIT, and SHUK C NG-LAM respectfully submits this reply memorandum of law in response to Defendants' Opposition to Plaintiffs' Motion for conditional certification of their Fair Labor Standards Act ("FLSA") claims.

# ARGUMENTS

A. **PLAINTIFFS' MOTION SHOULD BE GRANTED BECAUSE PLAINTIFF HAS MADE A MODEST FACTUAL SHOWING THAT THE POTENTIAL COLLECTIVE MEMBERS ARE SIMILARLY SITUATED AS NAMED PLAINTIFF:**

Plaintiff has made the modest factual showing by attesting the affidavits of his co-workers who were all non-exempt employees such as housekeepers, construction workers, and mechanic and manager assistant who are also similarly situated to named Plaintiff LIYOU XING. *See* Affi of Ng-Lam; *See* Affi of Kit; *See* Affi. Of Yan. Plaintiff has introduced enough information to show or a reasonable fact finder could infer that all the other non-exempt employees are similarly situated as the named Plaintiffs.

In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). It is well-settled that, at the first "notice stage," the plaintiffs need only establish that other employees "may be similarly situated" to them. *Id*. at 555 (internal quotation marks omitted). It is well known that the federal courts have granted conditional certification in situations like this. *Colozzi v. St. Joseph's Hospital Health Center*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) (holding that putative class members' hundreds of job positions do not

1

"necessarily undermine plaintiff's motion since under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice.").

Accordingly, Plaintiff motion for conditional collective certification should be granted.

B. **PLAINTIFFS HAVE PROFFERED SUFFICIENT EVIDENCE THAT DEFENDANTS HAVE WILLFULLY VIOLATED:**

Plaintiff has provided sufficient evidence that Defendants have time and again violated the FLSA, by not paying the employees their overtime pay for all the hours worked more than 40 hours per week. *See* Related Case Comp. Furthermore, the Plaintiffs' affidavits identified that regardless of the job duties or locations worked, all of Defendants employees were not paid overtime compensation at one and one half the rate of the regular pay rate. *See* Affi of Ng-Lam; *See* Affi of Kit; *See* Affi. Of Yan.

C. **PLAINTIFFS NOTICE OF PENDENCY AND CONSENT TO SUE FORM IS APPROPRIATE AND SHOULD BE GRANTED:**

1) **Defendants Should Produce all the Information Requested by Plaintiffs:**

Plaintiffs Proposed notice is appropriate because Courts frequently order the production of exactly the sort of Microsoft Excel data file requested by Plaintiffs here. *See*, e.g., *Sun v. Sushi Fussion Express, Inc., No*. 16-cv-04840 (WFK) (LB), 2018 U.S. Dist. LEXIS 37515, at *27–28 (E.D.N.Y. Jan. 2, 2018); *See also Sanchez v. Salsa con Fuego, Inc*., 16-cv-00473 (RJS)(BCM), 2016 U.S. Dist. LEXIS 118315, at *16–18 (S.D.N.Y. Aug. 24, 2016) (collecting cases). Such notice can be generated from paper records kept by the Defendants—unless Defendants have not kept even paper records, in which case courts frequently order the newspaper publication of notice at defendants' expense. *See Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-

03435 (WFK) (SMG) (E.D.N.Y. Jan. 26, 2018) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated Section 216(b) notice at defendant's [sic.] expense."); *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201 (RA) (JLC) (S.D.N.Y. Apr. 23, 2018) (where "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," Court directed notice to be posted at Defendants' business as well as newspaper publication at defendants' expense "[b]ecause the posting alone will not adequately notify collective members who have left defendants' employment.") (emphasis added) [ in this case, Plaintiff is requesting all that information which by law the Defendants were required to maintain.].

    **2) <u>Scope of Class Should include all the non-exempt employees:</u>**

Plaintiff has made the modest factual showing by attesting the affidavits of his co-workers who were all non-exempt employees such as housekeepers, construction workers, and mechanic and manager assistant who are similarly situated to named Plaintiff LIYOU XING. *See* Affi of Ng-Lam; *See* Affi of Kit; *See* Affi. Of Yan. Plaintiff has introduced enough information to show or a reasonable fact finder could infer that all the other non-exempt employees are similarly situated as the named Plaintiffs.

The Court should grant Plaintiffs motion for conditional certification for all non-exempt employees because Plaintiffs have made a modest factual showing that there are other employees that are similarly situated as the named Plaintiffs. In determining whether to certify a collective action under § 216 of the FLSA, Courts in the Second Circuit use a two-step procedure. *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010). It is well-settled that, at the first "notice stage," the plaintiffs need only establish that other employees "may be similarly situated" to

3

them. *Id*. at 555 (internal quotation marks omitted). It is well known that the federal courts have granted conditional certification in situations like this. *Colozzi v. St. Joseph's Hospital Health Center*, 595 F. Supp. 2d 200, 207 (N.D.N.Y. 2009) (holding that putative class members' hundreds of job positions do not "necessarily undermine plaintiff's motion since under section 216(b) parties may be similarly situated, despite not occupying the same positions or performing the same job functions and in the same locations, provided that they are subject to a common unlawful policy or practice."); *See* also *Mendez v. Pizza on Stone, LLC, et al*, *No*. 11-cv-06316 (DLC), 2012 U.S. Dist. LEXIS 108605 (S.D.N.Y Aug. 1, 2012) (granting conditional certification for all non- exempt employees, including waiters, runners, bussers, and cooks, when the single plaintiff was a delivery person). Here, Plaintiff has identified other potential employees who worked for Defendants and have been similarly situated as the Named Plaintiffs. Therefore, the Court should grant Plaintiffs' motion for Conditional Certification as to all non-exempt employees who worked for Defendants.

### 3) Plaintiffs Proposed Notice Period is Appropriate and Should be Granted:

Posting of notice is reasonable given the size of the putative class and the lack of disruption to the workplace. Many courts have ordered that posting of class notice is appropriate. *See* e.g., *Sherrill v. Sutherland Global Servs. Inc*., 487 F.Supp.2d 344, 351 (W.D.N.Y. 2007) (allowing notice to be posted at defendant's places of business for 90 days in addition to mailing); *Castillo v. P & R Enterprises, Inc.*, 517 F. Supp. 2d 440, 449 (D. D.C. 2007) (ordering notice posted in "(1) Defendant's offices, or (2) office spaces designated for Defendant's use in third-party buildings"); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 492–493 (E.D. Cal. 2006) (finding that posting of notice in the workplace and mailing is appropriate and not punitive); *Garza v. Chicago Transit Authority*, 00-cv-00438, 2001 U.S. Dist. LEXIS 6132, at *10

(N.D.Ill. May 8, 2001) (ordering defendant to post notice in all its terminals). Publication of notice in an employee newsletter or similar publication has also been recognized to further advance the goal of reaching all affected employees. *See Johnson v. American Airlines, Inc.*, 531 F. Supp. 957, 961 (D.C. Tex. 1982) (in addition to mailing, "posting on company bulletin boards at flight bases and publishing the notice without comment in American's The Flight Decl., are both reasonable and in accordance with prior authority") In this Case, Plaintiff has requested Defendants to post in three locations that, Defendant's quietly post notice of this litigation in conspicuous locations where it employs putative class members. Plaintiffs cannot imagine what burden or detriment this could possibly cause Defendant; the notice is neutral, informative and was crafted in an effort to inform the putative class members of this litigation and their right to join. For these reasons, the posting of notice is both appropriate and reasonable.

4) **Plaintiffs Proposed Opt-in Period is Reasonable and Should be Granted:**

Plaintiffs insist that the period of time to Opt-in remain 90days for the Potential Plaintiffs Join. The 90 days Opt-in Period is reasonable in this Circuit. *See Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, 2018 WL 1737726 (S.D.N.Y. 2018); *see also Shi Ming Chen v. Hunan Manor Enter., Inc.*, 2018 WL 1166626 (S.D.N.Y. 2018); *See*, e.g., *Benedict*, 2014 U.S. Dist. LEXIS 18594 , 2014 WL 587135 , at *13 ("[A] notice period of ninety days is sufficient time for a class member to receive the Notice, ask any questions of Plaintiffs or their counsel, and make an informed choice as to whether or not they wish to participate."); *Gee v. Suntrust Mort., Inc.*, No. C-10-1509 RS, 2011 U.S. Dist. LEXIS 21101 , 2011 WL 722111 , at *4 (N.D. Cal. Feb 18, 2011) (ninety day opt-in period for mortgage underwriters).

5

The 90 days opt-in period gives potential collective members enough time to think about the case and make a sound decision. Therefore, the 90 days opt-in period is reasonable, and should be granted

### 5) Notice of Pendency and Consent to Join Forms should be Signed and Returned to Plaintiffs' Counsel:

"In general, the undersigned believes, courts require the opt-in Plaintiffs to sign the notices and make the notices be returnable to Plaintiff Counsel rather than Clerk of the court due to the budgetary constraints and financial limitations faced by the federal courts. The more practicable and efficient method of opting in is for the consent forms to be sent directly to the Plaintiffs' counsel."

"In order to minimize the burden on opt-in plaintiffs who choose representation by plaintiff's counsel, and to reduce the administrative burden on the court, I am directing that the opt-in forms be returnable to plaintiff's counsel." *Ritz*, 2013 WL 1799974, at *4. "Any concerns regarding the statute of limitations should be limited because plaintiffs' counsel has incentive to quickly file the consent forms with the Court. In fact, given the advent of round-the-clock electronic filing, plaintiffs' counsel may, at times, be better equipped to expeditiously file returned consent forms." *Dilonez v. Fox Linen Serv. Inc.*, 35 F. Supp. 3d 247, 258 (E.D.N.Y. 2014). Therefore, Consent to Join Forms should be signed and returned to the Plaintiffs' Counsel instead of the Clerk of the Court.

### 6) Plaintiffs' Requested Mode of Publications Should Be Granted:

Courts have routinely ordered newspaper publication, at defendants' expense, where defendants have failed to keep and maintain complete and accurate employee records. *See Lin v. Joe Japanese Buffet Restaurant Inc. et al*, No. 17-cv-03435-WFK-SMG (E.D.N.Y. Jan. 26,

6

2018) ("In light of defendants' failure to maintain books and records identifying their employees and containing contact information for them, plaintiff may publish an abbreviated Section 216(b) notice at defendant's [sic.] expense."); *Wang v. Happy Hot Hunan Restaurant, Inc. et al*, No. 17-cv-0201-RA-JLC (S.D.N.Y. Apr. 23, 2018) (where "defendants have made an effort to produce the names and addresses and have not been able to provide information with respect to the vast majority of the collective," Court directed notice to be posted at Defendants' business as well as newspaper publication at defendants' expense "[b]ecause the posting alone will not adequately notify collective members who have left defendants' employment.") (emphasis added).

Courts have also allowed Plaintiffs to publish in social media platforms like WeChat; Line and send the notices by email and text messages. *See Zhu v. Wanrong Trading Corp.*, 1:18CV00417 (E.D.N.Y. 2018) ("I determined that the notice should be posted in the workplace and sent by mail as well as by text and email to the extent the parties have the necessary contact information.") *see also*, *Lianhua Weng v. Kung Fu Little Steamed Buns Ramen Inc.*, Civ. No. 17-cv-00273, Dkt. No. 49. (Permitting Plaintiffs to publish the Notice of Pendency on Wechat). Therefore, Plaintiff's request to publish through alternative means of publication should be granted.

### 7) Equitable Tolling should be Warranted:

In a collective action suit, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit. *Lee v. ABC Carpet & Home,* 236 F.R.D. 193, 198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffman* 982 F. Supp. at 260. Since unnecessary delays are of particular concern due to the FLSA's limitations period which continues to run until the potential class member opts in, giving rise to a need to identify and provide notice to potential class members

7

promptly, it is respectfully submitted that the statute of limitation on this suit be tolled for 90 days until the expiration of the Opt-In Period.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request an order granting Plaintiffs' requested relief in its entirety, and for such other and further relief deemed just and proper.

Dated:  Flushing, New York
        June 10, 2019                              Respectfully submitted,

                                                   TROY LAW, PLLC.

                                           By:  /s/  John Troy
                                                John Troy

8