# KEVIN KERVENG TUNG, P.C.
Attorneys and Counselor at Law

Writer's direct email:
Wa Yang, Esq.
lwyang@kktlawfirm.com
Admitted in NY and NJ

Queens Crossing Business Center
136-20 38th Avenue, Suite 3D
Flushing, New York 11354
Tel: (718) 939-4633
Fax: (718) 939-4468

www.kktlawfirm.com

July 19, 2019

**VIA ECF**
The Hon. Lois Bloom
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
718-613-2170

  Re:  Liyou Xing v. Mayflower International Hotel Group Inc. et al.
      Case No. 18-cv-06616

Dear Honorable Judge Bloom:

  Plaintiff's counsel has utterly failed to follow the Court's directives set forth at the July 11, 2019 court conference. Instead, he has misled the Court with erroneous and demonstrably false statements. Far from establishing that Plaintiff has ample basis for his action to be certified as a collective action, Plaintiff's July 15 Supplemental Submission (the "Submission") underscores that Plaintiff's claim is frivolous, vexatious, and has been brought without adequate factual investigation, as is required by the Federal Rules of Civil Procedure. The Court should not countenance Plaintiff counsel's fast and loose approach by conditionally certifying this as a collective action. Doing so at this stage does little but encourage Plaintiff to undertake a fishing expedition which will cost the Defendants significant time and legal resources and do little to advance the policies underpinning the Fair Labor Standards Act ("FLSA").

  As an initial matter, while Plaintiff's counsel states that he has attached documents pertaining to Plaintiff Xing, this is false. Plaintiff's counsel attaches no exhibits whatsoever. Moreover, throughout his Submission, Plaintiff's counsel never cites to any document with any specificity as to exhibit or bate-stamp number. Defense counsel is left to fish around in the dark trying to divine Plaintiff counsel's meaning and the basis for his claims. Such an approach leaves Defendants at a distinct disadvantage.

  As per Your Honor's order dated January 28, 2019, Mayflower Defendants sent Plaintiff Liyou Xing (hereinafter "Xing")'s timesheets, paystubs, and wage notices to Plaintiff's counsel. Attached hereto as Exhibit "**1**" is Magistrate Judge Lois Bloom's Order Dated January 28, 2019. While Plaintiff made numerous references to these documents throughout the Submission, the

1

actual documents were not attached; we therefore attach Xing's timesheets, paystubs, and wage notices provided to Xing's counsel on February 4, 2019 as Exhibit "**2**."

### I. Plaintiff Counsel Made Material Misstatements of the Record

While Plaintiff asserts that "from October 1, 2016 through March 29, 2017…, Mr. Xing is recorded on the earning statements as working exactly 80.00 hours of straight-time every two weeks, and no hours of overtime," such assertion is demonstrably false. *See* Submission pp1-2. Xing's wage statements clearly show that he was paid: 18.50 hours of overtime from 10/15/2016 to 10/28/2016 (Exhibit 2, M000028), 8.00 hours of overtime from 10/29/2016 to 11/11/2016 (Exhibit 2, M00029), 8.00 hours of overtime from 11/12/2016 to 11/25/2016 (Exhibit 2, M000030), 16.00 hours of overtime from 11/26/2016 to 12/09/2016 (Exhibit 2, M000031), 24 hours of overtime from 03/03/2017 to 03/16/2017 (Exhibit 2, M000038) and 18 hours of overtime from 03/17/2017 to 03/30/2017 (Exhibit 2, M000039). Xing's Counsel misleads the Court by baldly asserting that Plaintiff is recorded as having no "overtime."

Plaintiff Xing's Counsel continued with such false allegations, claiming that "from March 3, 2017 through March 16, 2017, Mr. Xing is recorded to have worked 80 hours of straight-time and **0.00 hours of overtime**." (*See* Submission at 2) (emphasis added). Contrary to this assertion, Xing was recorded **24 hours of overtime** from March 3, 2017 to March 16, 2017 (Exhibit 2, M000038). The above assertion is therefore completely misleading.

Xing's Counsel also alleged "[t]he week of July 16, 2017 through July 22, 2017, Mr. Xing is recorded as working 25.55 hours, but only being paid for 24.00 hours of work." (*See* Submission at 2). However, Xing's Wage Statements establish that he was paid $3,696.00 in total from July 1, 2017 to July 31, 2017 (Exhibit 2, M000053). There is no basis for Plaintiff's counsel to draw the conclusion that during one week in July Mr. Xing was only paid for 24.00 hours of work.

Plaintiff alleged "Defendants have produced no documents to Plaintiff regarding Mr. Yan. Rather, they filed Mr. Yan's earning statements directly to the docket at Dkt. No. 36-3 [which was filed on June 3, 2019], and Plaintiff's counsel saw them *for the first time* shortly thereafter." (*See* Submission at 3) (emphasis added). Again, this is false. Mayflower Defendants initially filed Junhui Yan's wage statements with this Court on **April 26, 2019** as Exhibit 4 attached to Ms. Weihong Hu's Affidavit in Opposition to Plaintiff's Motion for a Collective Action, stamped as Docket No. **27-5**.

Plaintiff continued with his allegation that "Defense counsel was apprised of the deficiencies and self-contradictions in Mr. Xing's records in the context of settlement discussions by Plaintiff's counsel, and tellingly, they filed no time records for Mr. Yan with which to compare the earning statements." It is patently inappropriate for Plaintiff counsel to be disclosing the alleged substance of off-the-record and inadmissible settlement conversations. Equally important, Defense counsel does not recall any instance when we were "apprised of" any deficiencies or self-contradictions of the records we produced to Plaintiff by Plaintiff's counsel. Moreover, Defense counsel has no obligation to provide any document in relation to Junhun Yan at this stage, as he is not a party to this action and no court order has required us to do so. Finally, Plaintiff counsel's

failure to take any notice of the documents filed on April 26, 2019, does not amount to unjust surprise.

## II. There is no Basis for Plaintiff's Motion for Conditional Certification

As more fully set forth in Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Conditional Certification (the "Opposition"), Plaintiff has failed to satisfy the standard for conditional certification. Plaintiff has failed to establish a "factual nexus" showing that he was similarly situated with other employees of Defendants and that he and the proposed opt-in plaintiffs were "**together victims of a single decision, policy or plan**." *Colon v. Major Perry St. Corp.*, 2013 U.S. Dist. LEXIS 93021, *13, 2013 WL 3328223 (S.D.N.Y. July 2013) (emphasis added).

To the contrary, Plaintiff was uniquely situated. He was the personal chef of Defendant Weihong Hu's family from June 2017 until around August 2018. *See* Weihong Hu's Declaration in Opposition to Plaintiff's Supplemental Submission (Hu's Decl) ¶¶ 2, 11. Moreover, he was receiving a guaranteed salary of $3,640 a month, which included overtime and satisfied the applicable minimum wage. There is no other proposed opt-in plaintiff (referred to in the Opposition and herein as Claimant(s)), nor any other employee for that matter, who had this specific arrangement.

Plaintiff Xing "had full discretion as to the menu and the selection of food. Since he did not need to cook for people other than [Ms. Hu's] family, Xing had no supervisors, no managers and did not need to take instructions from the general manager as other hotel employees did." Hu's Decl ¶ 6. Moreover, Plaintiff Xing worked only at the Fresh Meadows location. Hu's Decl ¶ 4.

Of the Claimants only Lam alleges to have worked as a housekeeper, the other Claimants share nothing in common with Plaintiff Xing. And Plaintiff Xing conceded that he started being underpaid after, not before, he began working as a chef. Complaint ¶¶ 48, 49, 51, 52. The Affidavits of Liyou Xing, Junhui Yan, Shuk C, Ng-Lam and Loi Wing Kit, establish that these alleged employees are not similarly situated with Xing or with each other.

Claimants' affidavits are conclusory and vague, alleging that they suffered from "Defendants' widespread common policy of understating and underpaying their employees' overtime payment, and willfully paying less than minimum wages as required by the FLSA." However, the Claimants did not allege that they were paid less than minimum wages, nor did they state the specific way they were made or required to work more than 40 hours and the actual hours they were paid. In addition, even taking all allegations in Plaintiff and Claimants' affidavits as true, these alleged employees are not similarly situated to Plaintiff or one another.

Firstly, Claimants' pay scales are totally different, Liyou Xing was once paid at an hourly rate of thirty-five dollars ($35.20), almost three times of the alleged hourly rates of Junhui Yan and Shuk C, Ng-Lam. Secondly, their hours and tasks are unrelated. Third, the compensation schemes are also totally different, Liyou Xing was allegedly first paid by the hour, then by a flat monthly rate; Junhui Yan and Shuk C, Ng-Lam were allegedly paid by a flat hourly rate; and Loi Wing Kit was alleged paid by a flat rate of one hundred and sixty dollars ($160.00) per day. Lastly,

3

these Claimants allegedly suffer from uniquely different treatment from the same employer: Liyou Xing alleged that he did not have fixed time for lunch and that he was not paid overtime pay for overtime work "at all relevant times"; Junhui Yan claimed he somehow worked on four Saturdays, but failed to specify whether he was not paid for those Saturdays at all or was not paid the overtime pay; Shuk C, Ng-Lam claimed somehow she needed to work overtime for one hour per day, and did not specify the source of damage she suffered-whether she was not paid for the alleged one hour at all or was not paid by the overtime rate; and Loi Wing Kit only stated he was not paid for all hours worked "at all relevant times" without specifying which were the exact unpaid hours. *See* Affidavit of Liyou Xing (Dkt. No. 33-5), Affidavit of JunHui Yan (Dkt. No. 33-6), Affidavit of Shuk C, Ng-Lam (Dkt. No. 33-8) and Affidavit of Loi Wing Kit (Dkt. No. 33-7).

In short, Claimants' claims are discordant and distinct from those of Plaintiff Xing and each other. The only similarity Claimants have shown was that they all alleged that they were once employees of Mayflower. They are not similarly situated at all. The federal courts of this Circuit have held that employees are not similarly situated when "[t]he jobs appear to involve markedly different pay scales, different hours and tasks, different overtime policies, and different compensation schemes." *Colon v. Major Perry St. Corp.*, 2013 U.S. Dist. LEXIS 93021, *21, 2013 WL 3328223 (S.D.N.Y. July 2013). Moreover, Claimants are not similarly situated when they have alleged different job duties from Plaintiff Xing and "described receiving a significantly higher [or different] weekly wage." *Wang v. Empire State Auto Corp.*, 2015 U.S. Dist. LEXIS 99089, *26 (E.D.N.Y. June 2015).

Judge Chen's holding in *DeSilva v N Shore-Long Is. Jewish Health System,* 27 F Supp. 3d 313, 317-18 (E.D.N.Y. 2014) is instructive here (albeit issued at a different procedural stage of the case):

> Plaintiffs have failed to identify any unlawful system-wide policy or practice that was applied uniformly to each of the named Plaintiffs. *Cf. White v. Baptist Mem'l Health Care Corp.*, 08-2478, 2011 WL 1883959 (W.D.Tenn. May 17, 2011) aff'd, 699 F.3d 869 (6th Cir.2012) ("**To bind together otherwise differently situated employees, an alleged common policy must potentially violate the FLSA**.") To the contrary, Plaintiffs contend the alleged FLSA violations arise from **a hodgepodge of procedures implemented in varying ways by different managers across numerous departments and locations**. As a result, a determination on the merits is not susceptible to generalized proof; it would require individualized inquiries regarding the procedures in place at each department, and the conduct of individual managers and employees. (emphasis added)

*DeSilva* at 320.

Although Judge Chen's holding in the *DeSilva* case was issued in a decertification decision, the rationale is equally compelling here. Like the plaintiffs in *DeSilv*a, Claimants and Xing are alleging a hodgepodge of procedures implemented in varying ways. For these reasons, even conditional certification at this stage is premature and unwarranted. Plaintiff Xing was a unique employee, uniquely situated, and his claims will require individualized proof. For all of these reasons, and those set forth in the Opposition, and annexed affidavits and exhibits, the Motion for Conditional Certification should be denied.

### III. Even if Plaintiff's Motion is granted, Plaintiff's Requests with regard to the Proposed Notice of Pendency are Inappropriate

#### A. Scope of Class

Even if this Court grants Plaintiff's Motion for Certification of Collective Action, the scope of class should be employees similarly situated to Plaintiff Xing's position during the time he was allegedly underpaid, and at the location he was allegedly underpaid.

As discussed above, Plaintiff Xing shared no factual nexus with other Claimants. While he worked as a cleaner, his overtime was properly paid. And Plaintiff admitted he was not underpaid prior to his commencement as a chef. Complaint ¶¶ 48, 49, 51, 52. Then he worked as a personal chef who only worked at Flushing Hotel, had more discretion in terms of the menu, enjoyed a more flexible schedule, had less or no management and was paid in a different way. Hu's Decl ¶¶ 5-10. The position, one of a kind, was created for the sole purpose to cook for Ms. Hu's family, and was essentially different from the hotel's employees such as cleaners, housekeepers, mechanics, construction workers and manager assistants. Hu's Decl ¶¶ 4,7.

In addition, although Plaintiff alleged in the Complaint that "Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked," Xing failed to point out the when and what time he was not paid the minimum wage. *See* Complaint ¶93. In fact, all the hourly rates cited by Xing in the Complaint-$12, $22, $16, $35.2-were above the minimum wage at the time such alleged hourly rates applied. Accordingly, Xing did not establish he was not paid the minimum wage by Defendants.

Accordingly, if there is to be any conditional certification of a collective action, it should be limited to personal chefs who work/worked at Wyndham Garden Fresh Meadows Flushing Hotel located at 61-27 186th Street, Fresh Meadows, NY 11365 three years prior to the date of the order granting collective action. *See Wang* at 16-29 (granting conditional certification of a collective action only concerning drivers, and denying certification of all other non-managerial employees), *Colon* at 21 ("[I]t is proper to certify a collective action for the superintendents. It is not, however, proper to include the handymen in that collective action").

#### B. Other Administrative Issues

First, the notice period should commence three years prior to the date of order or to the mailing of notice. As Your Honor have held in similar cases before, any notice period shall be measured from the date of the Court's order granting plaintiffs' motion for conditional certification, not from the filing of the complaint. *Hernandez v. Immortal Rise, Inc.*, 2012 U.S. Dist. LEXIS 136556, *20 (E.D.N.Y. 2012). *See also Szu v. Tgi Friday's Inc.*, 2012 U.S. Dist. LEXIS 163595, *12 "Because the statute of limitations runs for each individual plaintiff until he consents to join the action, courts generally permit plaintiffs to send notice to those employed during the three year period prior to the date of the Order or to the mailing of the notice." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 451 (S.D.N.Y. 2011) ; *see Anglada v. Linens 'N Things,*

5

*Inc.*, 2007 U.S. Dist. LEXIS 39105, at *26 (S.D.N.Y. April 26, 2007) ; *Hanming Feng v. Soy Sauce LLC*, 2016 U.S. Dist. LEXIS 32820, *17, 2016 WL 1070813.

Second, Plaintiff's request that the statute of limitations be tolled for 90 days until the expiration of the Opt-In Period should be denied. The Second Circuit has advised that "equitable tolling is only appropriate 'in [ ] rare and exceptional circumstance[s],' in which a party is 'prevented in some extraordinary way from exercising his rights.'" *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), *as amended* (July 29, 2003) (quoting *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000); *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)). Your Honor denied a similar request for equitable tolling in a FSLA action in *Zhenkai Sun v. Sushi Fussion Express, Inc.*, 2018 U.S. Dist. LEXIS 37515, *26. In an FLSA collective action, the limitations period continues to run for each plaintiff until he or she files written consent with the court to join the lawsuit. *Viriri v. White Plains Hospital Medical Center*, 320 F.R.D. 344, 355 (S.D.N.Y. 2017). And equitable tolling is "only appropriate in FLSA actions 'where the defendant has concealed the existence of a cause of action from the plaintiffs.'" *Zhenkai Sun* at 26. In the instant matter, there is no evidence or allegation that Defendants have concealed the existence of a cause of action from the Plaintiff. Accordingly, Plaintiff's request for equitable tolling should be rejected.

Last, we concur with Your Honor's opinion, as stated at the July 11 Conference, that the Opt-In Period should be 60 days instead of 90 days.

We appreciate the Court's consideration of this matter.

Very truly yours,

Wa Yang