# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 119, Flushing, NY 11355

July 21, 2019

**Via ECF**
Hon. Lois Bloom, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:     **Opposition to Defendants' Request for Extension of Time to Respond to Plaintiffs' Discovery Requests**
             1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*

Your Honor,

      This office represents the plaintiffs in the above-referenced matter. We write respectively to respond to Defense counsel's request of July 19, 2019 for an extension of time to respond to Plaintiffs' discovery requests. Plaintiffs request that the Court issue an Order compelling Defendants to respond to Plaintiffs' discovery requests by July 24, 2019, and that objections thereto be waived pursuant to the operations of Rules 33 and 34 and as sanction under Rule 37 of the Federal Rules of Civil Procedure.

      Plaintiffs served Defendants their written discovery demands by email on June 5, 2019. Under Rules 33 and 34, Defendants were to respond by July 5, 2019. On July 5, 2019, Defense counsel Yang requested a one-week extension of time to respond to July 12, 2019, to which your undersigned agreed. On June 10, 2019, following a conversation with a putatively newly-appearing Defense counsel Joshua Zuckerberg,[1] your undersigned agreed to a further extension to July 19, 2019. The reason Mr. Zuckerberg gave at that time was that he was newly-retained and still reviewing the file.

      On July 17, 2019, Mr. Zuckerberg requested a further extension to July 25, 2019, giving as a reason that Pryor Cashman was still "working on discovery responses and responding to [Plaintiffs'] recent submission." Back-and-forth (*see* Exhibit 1) between your undersigned and Mr. Zuckerberg revealed that this was not true. Your undersigned offered as a compromise that Defendants respond by July 22, 2019. Defendants rejected this offer because Mr. Zuckerberg wanted to take a three-day weekend. Your undersigned then offered as a compromise that Defendants produce whatever documents and interrogatory responses were done by July 19, 2019 on that date, and that Defendants supplement their responses on a rolling basis through July 25, 2019, but Defendants rejected that offer as apparently, Pryor Cashman had no responses to produce. Your undersigned was informed that Defendants would not be producing any responses

---

[1] Mr. Zuckerberg has in fact not appeared in this matter, though an associate of his at Pryor Cashman LLP, Lakeisha Marie Antoinett Caton, has.

Hon. Lois Bloom, U.S.M.J.
July 21, 2019
1:18-cv-06616 *Xing v. Mayflower International Hotel Group Inc. et al*
Page 2 of 2

whatsoever by July 19, 2019. In fact, they did not produce any responses whatsoever by July 19, 2019.

Defense counsel's repeated false representations to your undersigned—that Mr. Zuckerberg would be appearing as counsel in this matter, that his firm had been working on discovery responses when it had not done so, that his firm needed additional time to perform work on this case when in fact he wanted time to take a vacation[2]—as well as the obfuscation of the above-stated facts in their submission to the Court (*see* Dkt. No. 43), show bad faith and warrant a rejection of Defendants' request for additional time to respond, at least without some corresponding sanction. As a practical matter, of course, it is now impossible for Defendants respond by July 19, 2019, and Defendants' requested date of July 24, 2019 is only two days after the earliest the Court could rule on their request.

Therefore, Plaintiffs request that the Court issue an Order compelling Defendants to respond to Plaintiffs' discovery requests by July 24, 2019, and that objections thereto be waived pursuant to the operations of Rules 33 and 34 and as sanction under Rule 37 of the Federal Rules of Civil Procedure.

We thank the Court for its attention to and consideration of this matter.

        Respectfully submitted,
        TROY LAW, PLLC

        /s/ Aaron Schweitzer
        Aaron B. Schweitzer
        *Attorneys for Plaintiff*

cc: via ECF
    all counsel of record

---

[2] At no time did Mr. Zuckerberg explain why Ms Canton of his firm or Ms Yang, Mr. Gao, or Mr. Tung of Mr. Tung's firm couldn't handle the responses, or why there had been no work done on the responses since June 5, 2019 that could be presented.