UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LIYOU XING, *on his own behalf and on*
*behalf of others similarly situated*,

                    Plaintiff,

      -against-

MAYFLOWER INTERNATIONAL HOTEL
GROUP INC., MAYFLOWER BUSINESS
GROUP LLC, MAYFLOWER INN
CORPORATION, MAYFLOWER WENYU LLC,
YAN ZHI HOTEL MANAGEMENT INC.,
MAYFLOWER 1-1 LLC, WEIHONG HU,
XIAOZHUANG GE, and YUEHUA HU,

                    Defendants.
-----------------------------------------------------------------X

ORDER
18 CV 6616 (PKC)(LB)

**BLOOM, United States Magistrate Judge:**

    Plaintiff Liyou Xing ("Xing") brings this action on behalf of himself and all others similarly situated, against three individual defendants[1] and six corporate defendants[2] doing business as the "Mayflower Hotel" and "Wyndham Garden," to recover unpaid wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), NYLL §§ 190 and 650 *et seq.* Plaintiff alleges that defendants willfully and intentionally failed to pay him and other employees the required minimum wage rate for all hours worked, the required overtime rate for all hours worked in excess of forty hours per week, and spread-of-hours pay; failed to maintain the appropriate payroll records; failed to provide wage

---

[1] The individual defendants are Xiaozhuang Ge and husband and wife, Yuehua Hu ("Y. Hu") and Weihong Hu ("W. Hu"). ECF No. 1 at ¶¶ 16–18, 21–25.
[2] The corporate defendants are Mayflower International Hotel Group Inc., Mayflower Business Group, LLC, Mayflower Inn Corporation, Mayflower Wenyu LLC, Yan Zhi Hotel Management Inc., and Mayflower 1-1 LLC. ECF No. 1 at ¶¶ 9–14.

1

notices and wage statements; and failed to allow for meal periods as required by law. ECF No. 1, Complaint ("Compl.") ¶¶ 86–129.

Plaintiff moves for: (1) conditional certification as a collective action pursuant to 29 U.S.C. § 216(b); (2) production of the names and personal information of potential opt-in plaintiffs; (3) authorization to send notice of this matter to potential opt-in plaintiffs; (4) authorization to post the approved proposed notice "in a conspicuous and unobstructed location[] likely to be seen by all currently employed members of the collective[,]" (5) authorization to publish the Notice of Pendency "at Defendants' expense by social media and by publication in newspaper[s] should Defendants fail to" adequately provide the names and contact information of potential opt-in plaintiffs; and (6) equitable tolling of the statute of limitations until the expiration of the opt-in period. ECF No. 32. For the reasons set forth below, plaintiff's motion is denied.[3]

## BACKGROUND[4]

Plaintiff names the following corporate defendants: Mayflower International Hotel Group Inc., Mayflower Inn Corporation, and Mayflower 1-1 LLC, located at 38-59 12th Street, Long Island City, NY 11101; Mayflower Business Group, LLC and Mayflower Wenyu LLC, located at 61-27 186th Street, Fresh Meadows, NY 11365; and Yan Zhi Hotel Management Inc., located at 38-61 12th Street, Long Island City, NY 11101, (collectively, the "Corporate Defendants"). Compl. ¶¶ 9–14. Plaintiff alleges that the Corporate Defendants constitute an enterprise, as defined by 29 U.S.C. § 203(r), as they share staff, cross-train employees at different locations, pay plaintiff as shareholders of the enterprise, and advertise themselves to be an enterprise. Id. ¶¶ 26–32. The

---

[3] Magistrate Judges may adjudicate motions for conditional certification of a collective action. See Summa v. Hofstra Univ., 715 F. Supp. 2d 378, 383–84 (E.D.N.Y. 2010) (conditional certification of a collective action is a non-dispositive pretrial matter).
[4] The following facts are taken from the complaint, ECF No. 1, and the affidavits submitted in support of plaintiff's motion for conditional certification of a collective action, ECF Nos. 33-5–33-8.

Corporate Defendants are co-owned and operated by Ge, W. Hu (known by plaintiff as "General Manager Hu"), and Y. Hu (known by plaintiff as "Boss") (collectively, the "Individual Defendants"). Id. ¶¶ 16, 18, 33. The Individual Defendants "had the power to hire and fire employees," "supervised and controlled employee work schedules," "determined the rate and method of payment," and "maintained employee records for [the Corporate Defendants]." Id. ¶¶ 16, 18, 23. Plaintiff alleges that defendants engage in commerce, have gross annual sales in excess of $500,000.00, and have "purchased and handled goods moved in interstate commerce" within the meaning of the FLSA. Id. ¶¶ 35–37.

Plaintiff was employed by defendants as a construction worker at the Mayflower Hotel located at 61-27 186th Street, Fresh Meadows, NY 11365 from September 5, 2016 to March 2, 2017. Id. ¶ 48; ECF No. 33-5, Affidavit of Liyou Xing ("Xing Aff.") ¶ 3. Plaintiff was then employed by defendants as a chef at Wyndham Garden (an affiliated restaurant within the Mayflower Hotel located at the same address) from March 3, 2017 to August 15, 2018. Compl. ¶ 49; Xing Aff. ¶ 4.

Plaintiff's work schedule varied over the course of his employment. From September 5, 2016 to March 2, 2017, plaintiff worked from 9:00 a.m. to 6:00 p.m., five days a week, for a total of forty hours per week. Compl. ¶ 51; Xing Aff. ¶ 6. From March 3, 2017 to April 2, 2017, plaintiff worked from either 6:00 a.m. to 3:00 p.m. or 10:00 a.m. to 8:00 p.m., seven days a week, for a total of approximately sixty-six and a half hours per week.[5] Compl. ¶ 52; Xing Aff. ¶ 7. From June 1, 2017 to June 30, 2017, plaintiff worked from 10:00 a.m. to 9:00 p.m., six days a week, for a total of sixty-six hours per week.[6] Xing Aff. ¶ 8. From July 1, 2017 to August 31, 2017, plaintiff

---

[5] Plaintiff does not provide his work schedule for April 3, 2017 to May 31, 2017.
[6] Plaintiff's complaint states that he worked from 11:00 a.m. to 9:00 p.m. during this period, Compl. ¶ 53; however, plaintiff's affidavit states that he worked from 10:00 a.m. to 9:00 p.m., Xing Aff. ¶ 8.

3

worked from 10:00 a.m. to 9:00 p.m., seven days a week, for a total of seventy-seven hours per week.[7] Id. ¶ 9. Finally, from September 1, 2017 to August 15, 2018, plaintiff worked from 11:00 a.m. to 11:00 p.m., six days a week, for a total of seventy-two hours per week. Compl. ¶ 55; Xing Aff. ¶ 10.

Plaintiff's wages also varied over the course of his employment. From September 5, 2016 to June 30, 2017, plaintiff was paid hourly rates of $12.00, $22.00, $16.00, and $35.20. Compl. ¶¶ 58–61; Xing Aff. ¶¶ 13–16. From July 1, 2017 to August 15, 2018, plaintiff was paid monthly rates of $3,696.00, $4,048.00, $3,872.00, and $3,276.00. Compl. ¶¶ 66–70; Xing Aff. ¶¶ 21–25.

Plaintiff alleges that defendants did not pay him for all the hours he worked. Compl. ¶ 62; Xing Aff. ¶¶ 17–19. Moreover, plaintiff alleges that defendants failed to pay him "spread-of-hours" on days he worked more than ten consecutive hours. Compl. ¶ 75; Xing Aff. ¶ 30. Furthermore, despite working in excess of forty hours per week, plaintiff alleges that he was not paid overtime. Compl. ¶ 71; Xing Aff. ¶ 29. Plaintiff also alleges that he did not have a fixed time for meals. Compl. ¶ 56; Xing Aff. ¶¶ 11–12. At some point in 2018, plaintiff was terminated. Compl. ¶ 20.

## PROCEDURAL HISTORY

Plaintiff commenced this action on November 20, 2018. ECF No. 1. Defendants answered plaintiff's complaint on January 8, 2019. ECF No. 15. JunHui Yan ("Yan"), Loi Wing Kit ("Kit"), and Shuk C Ng-Lam ("Ng-Lam"), former employees of defendants, filed "Consent to Become Party Plaintiff" forms on February 18, 2019. ECF Nos. 19–20, 22. The Court held a conference on March 14, 2019 and struck the "Consent to Become Party Plaintiff" forms as deficient. Electronic Order dated Mar. 14, 2019. Plaintiff filed his first motion for conditional certification of a

---

[7] Plaintiff's complaint again states that he worked from 11:00 a.m. to 9:00 p.m. during this period, Compl. ¶ 54; however, plaintiff's affidavit states that he worked from 10:00 a.m. to 9:00 p.m., Xing Aff. ¶ 9.

4

collective action on April 26, 2019. ECF No. 28. The Court held a conference on April 29, 2019 and discussed numerous problems in plaintiff's motion. On the record at the conference, plaintiff withdrew his motion without prejudice to refiling it. Electronic Order dated Apr. 29, 2019.

Plaintiff refiled his motion for conditional certification of a collective action on May 15, 2019. ECF No. 32; ECF No. 34, Memorandum of Law in Support of Plaintiff's Motion ("Memo"). ECF No. 33-5, Affidavit of Li You Xing ("Xing Aff."). Yan, Kit, and Ng-Lam submit affidavits in support of plaintiff's motion arguing that they are similarly situated to plaintiff, and detailing their experiences working for defendants, as well as their basis of knowledge regarding defendants' pay policies. ECF No. 33-6, Affidavit of JunHui Yan ("Yan Aff."); ECF No. 33-7, Affidavit of Loi Wing Kit ("Kit Aff."); ECF No. 33-8, Affidavit of Shuk C Ng-Lam ("Ng-Lam Aff."). Defendants oppose plaintiff's motion, ECF No. 37, Memorandum in Opposition ("Opp."); and plaintiff has replied, ECF No. 38, Reply in Support ("Reply").

The Court held a conference on July 11, 2019 and directed plaintiff's counsel to supplement the pending motion, ECF No. 32. Electronic Order dated July 11, 2019. Plaintiff's counsel supplemented the motion as ordered. ECF No. 40. Defendants oppose plaintiff's supplemental submission, ECF No. 42, Letter in Opposition ("Opp. Letter"); and plaintiff again replied, ECF No. 45.[8]

## LEGAL STANDARD

A plaintiff in a FLSA action may bring claims against his employer on behalf of himself and other employees "similarly situated" with respect to the FLSA wage and hour violations that plaintiff alleges. 29 U.S.C. § 216(b); see Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 247 (2d Cir. 2011) (explaining that the FLSA collective action provision, 29 U.S.C. § 216(b),

---

[8] The parties also filed motions to extend the discovery deadline. ECF Nos. 43, 47, 48. The Court denied the requests as no discovery deadline had been set. Electronic Order dated Nov. 22, 2019.

applies only to wage and hour claims under the FLSA). "[D]istrict courts 'have discretion, in appropriate cases, to implement [29 U.S.C. § 216(b)] . . . by facilitating notice to potential plaintiffs' of the pendency of the action and of their opportunity to opt-in as represented plaintiffs." Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann-La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Because it is discretionary, a motion for conditional certification involves a "far more lenient" standard than a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. Hernandez v. Immortal Rise, Inc., No. 11 CV 4360 (RRM)(LB), 2012 WL 4369746, at *2 (E.D.N.Y. Sept. 24, 2012).

Courts within this Circuit determine whether to certify a collective action in two stages. See Myers, 624 F.3d at 554–55 ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which, while again not required by the terms of FLSA or the Supreme Court's cases, we think is sensible."). During the first stage, the Court examines the plaintiff's pleadings and affidavits to determine whether he is sufficiently "similarly situated" to the potential opt-in plaintiffs. If the Court finds that he is, the Court may *conditionally* certify the case as a collective action and order the parties to issue notice to potential opt-in plaintiffs. Lynch v. United Servs. Auto. Assoc., 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007).

Plaintiff's burden in the first stage is minimal. Doucoure v. Matlyn Food, Inc., 554 F. Supp. 2d 369, 372 (E.D.N.Y. 2008). He need only make "a modest factual showing" to demonstrate that he and the potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." Myers, 624 F.3d at 555 (citation omitted). This standard does not require that plaintiffs and the opt-in plaintiffs be identical in all respects, but "[p]laintiff must at least provide some evidence that the proposed class members are similarly situated, in that they are the victims of a common policy or plan that violates the law." McGlone v. Contract Callers, Inc., 867 F. Supp.

6

2d 438, 443 (S.D.N.Y. 2012) (internal quotation marks and citation omitted). To satisfy his minimal burden, plaintiff may rely upon his "own pleadings, affidavits, declarations, or the affidavits and declarations of other potential class members." Jeong Woo Kim v. 511 E. 5th St., LLC, 985 F. Supp. 2d 439, 445 (S.D.N.Y. 2013) (internal quotation marks and citation omitted). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,'" but "the standard of proof should remain 'low . . . because the purpose of this first stage is merely to determine whether similarly situated plaintiffs do in fact exist.'" Zaldivar v. JMJ Caterers, Inc., 166 F. Supp. 3d 310, 318 (E.D.N.Y. 2016) (quoting Meyers, 624 F.3d at 555). Should plaintiff make the requisite initial showing, he is entitled to conditional certification of a collective action, and a Court may "authorize [him] to provide written notice to potential plaintiffs of their right to join in the action." Gortat v. Capala Bros., Inc., No. 07 CV 3629 (ILG)(SMG), 2009 WL 3347091, at *8 (E.D.N.Y. Oct. 16, 2009), aff'd 568 Fed. Appx. 78 (2d Cir. 2014).

During the second stage of certification following the distribution of the notice and completion of the opt-in period and discovery, "[t]he action may be 'de-certified' if the record reveals that [the proposed opt-in plaintiffs] are not [similarly situated], and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers, 624 F.3d at 555.

## DISCUSSION[9]

Plaintiff's motion alleges that defendants' "widespread common policy of understating and underpaying their employees' overtime payment[s], and willfully paying less than the minimum wage" warrants granting conditional certification of a collective action herein. Memo at 5.

---

[9] The parties' papers are rife with grammatical and typographical errors. Counsel shall take more care when filing submissions with the Court.

Plaintiff[10] seeks conditional certification of a collective action encompassing the following employees:

> all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case . . . and whom were not compensated at their promised hourly rate for all hours worked and at one[-]and[-]a[-]half times their promised [hourly rate] for all hours worked in excess of forty (40) hours per week[.]

Compl. ¶ 76; Memo at 14–16.

Defendants argue that the affidavits plaintiff submits fail to establish that defendants engaged in any specific policy or practice in violation of the FLSA that would warrant certification of a collective action. Opp. at 11; Opp. Letter at 4. Defendants also argue that plaintiff has failed to meet his burden of establishing a sufficient factual nexus between his employment situation and the situation of defendants' other employees. Opp. at 6–11. Defendants state that the only similarity between Xing, Yan, Kit, and Ng-Lam is that they were employed by defendants.[11] Id. at 11. The Court agrees.

I find plaintiff has failed to satisfy his minimal burden to demonstrate that he is "similarly situated" to the potential opt-in plaintiffs. See Khan v. Airport Mgmt. Servs., LLC, No. 10 Civ. 7735 (NRB), 2011 WL 5597371, at *5 (S.D.N.Y. Nov. 16, 2011) ("While plaintiff's burden at this stage is modest, it is not non-existent.") (citing Guillen v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2011) (denying plaintiff's motion for conditional certification of a nationwide collective action for failure to show that he was "similarly situated" to other employees)). Although

---

[10] Plaintiff's counsel repeatedly refers to Yan, Kit, and Ng-Lam as plaintiffs when they are not. See ECF No. 1; Electronic Order dated March 14, 2019 (striking Yan, Kit, and Ng-Lam's "Consent to Become Party Plaintiff" forms). The Clerk of Court shall remove Yan, Kit, and Ng-Lam as plaintiffs from the docket.

[11] Defendants also argue that plaintiff's affidavit and some of plaintiff's counsel's representations contain materially false statements that are contradicted by plaintiff's earning statements. Opp. at 11; Opp. Letter at 2. However, defendants' argument goes to the merit of plaintiff's claims, which is not the proper inquiry at this juncture. Because "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations" at this stage of the litigation, defendants cannot defeat a motion for conditional certification by presenting conflicting factual assertions. Lynch, 491 F. Supp. 2d at 368.

"courts routinely find employees similarly situated 'despite not occupying the same positions or performing the same job functions and in the same locations,'" courts require a plaintiff seeking conditional certification of a collective action to demonstrate that he and the other employees are "subject to a common unlawful policy or practice." Yap v. Mooncake Foods, Inc., 146 F. Supp. 3d 552, 564 (S.D.N.Y. 2015) (citations omitted).

Plaintiff's schedule, hours worked, wage rate, and compensation scheme varied over the course of his employment by defendants. W. Hu states that plaintiff was a personal chef (a "special position created [for] the sole purpose to cook for [her] family"), that no other employee was in this type of work situation, and that plaintiff had no supervisors or managers so he "enjoyed a lot of freedom[.]"[12] ECF No. 42-1 at 2–3. As personal chef for the Hu family, plaintiff worked between 9–12 hours a day, 6–7 days a week, for a total of 66–77 hours per week.[13] Xing Aff. ¶¶ 7–10. From March 3, 2017 to June 30, 2017, he was paid hourly rates of $12.00, $22.00, $16.00, and $35.20. Id. ¶¶ 13–16. From July 1, 2017 to August 15, 2018, he was paid monthly rates of $3,696.00, $4,048.00, $3,872.00, and $3,276.00. Id. ¶¶ 21–25. Plaintiff alleges that he was not paid at the appropriate overtime rate for approximately twenty hours per week from March 3, 2017 to June 30, 2017. Id. ¶¶ 18–20.

In contrast, the affidavits of Yan, Kit, and Ng-Lam make clear that their job structure, schedule, hours worked, wage rates, and compensation schemes were entirely different.[14] Yan, a mechanic and a manager assistant, was employed by defendants from August 24, 2016 to August 20, 2018, worked eight hours a day, five days a week, for a total of forty hours per week, and an

---

[12] W. Hu states that plaintiff was initially employed as a cleaner, ECF No. 42-1 at 1; however, plaintiff states that he was initially employed as a construction worker, Xing Aff. ¶ 3.
[13] As plaintiff does not allege that he was underpaid during his time as a construction worker, Xing Aff. ¶¶ 3, 6, 13, the Court focuses on plaintiff's time as a chef.
[14] Since Xing, Yan, Kit, and Ng-Lam's affidavits were all drafted by plaintiff's counsel, it is not surprising that the language in these affidavits is similar. However, repeatedly reciting the same conclusory language is not sufficient to demonstrate that these employees are similarly situated to plaintiff.

additional eight hours a day on one Saturday. Yan Aff. ¶¶ 3, 5–6. He was paid hourly rates of $12.00 and $15.00. Id. ¶¶ 7–8. Although Yan states that he "was not paid for all hours worked" and "not paid for overtime work," he fails to provide further detail. Id. ¶¶ 9–10. Kit, a construction worker, was employed by defendants from August 1, 2014 to August 15, 2017, worked between 8–12 hours a day, 5–6 days a week, for a total of 41–52 hours per week. Kit Aff. ¶¶ 3–8. He was paid a flat fee of $160.00 a day. Id. ¶ 10. Kit claims that he was not paid overtime wages from July 3, 2015 to July 23, 2017, in addition to being underpaid $3,700.00. Id. ¶¶ 7, 9, 11. There is no further information provided regarding these claims. Ng-Lam, a housekeeper, was employed by defendants from August 1, 2016 to January 31, 2018, worked eight hours a day, five days a week, plus an additional five hours a week, for a total of forty-five hours per week. Ng-Lam Aff. ¶¶ 3–4. She was paid hourly rates of $10.00, $11.00, and $13.00. Id. ¶¶ 5–7. Similar to Yan, although Ng-Lam states that she "was not paid for all hours worked" and not paid for overtime hours worked, she fails to provide further detail. Id. ¶¶ 8, 11.

Xing, Yan, Kit, and Ng-Lam each explain that they "befriended some co-workers" employed as cleaners, construction workers, engineers, housekeepers, manager assistants, mechanics, and shuttle drivers, who "suffered from [the] same practice and policy [by defendants]." Xing Aff. ¶¶ 32–84; Yan Aff. ¶¶ 15–44; Kit Aff. ¶¶ 18–63; Ng-Lam Aff. ¶¶ 13–34. However, these employees, like Yan, Kit, and Ng-Lam, are dissimilar to plaintiff Xing. "The jobs appear to involve markedly different pay scales, different hours and tasks, different overtime policies, and different compensation schemes[,]" as well as including both tipped and non-tipped positions, and therefore do not warrant collective certification. Colon v. Major Perry Street Corp., No. 12 Civ. 3788 (JPO), 2013 WL 3328223, at *7 (S.D.N.Y. July 2, 2013) (denying collective certification as to handymen, whose pay scales and job duties were "markedly different" than those

10

of the superintendent class, such that "even at this [preliminary] stage, there is no basis for concluding that these two groups were subject to the same policy or that they share any sort of factual nexus"); see also Bittencourt v. Ferrara Bakery & Cafe Inc., 310 F.R.D. 106, 115–16 (S.D.N.Y. 2015) ("Certification is not appropriate where putative plaintiffs are potentially subject to separate unlawful policies involving different FLSA violations.").

Plaintiff states in conclusory fashion that his co-workers "were paid the same way and were given similar working schedules and pay rate[s]," Xing Aff. ¶ 85; however, this is belied by the instant record. Moreover, even when he was paid on a weekly basis, Xing was paid nearly double or triple what workers like Yan and Ng-Lam were paid. Id. ¶¶ 14, 16; Yan Aff. ¶¶ 7–8; Ng-Lam Aff. ¶¶ 5–7. Although this is only one consideration, the difference between plaintiff and his co-workers' wage rates militates against finding these employees to be similarly situated. Fa Ting Wang v. Empire State Auto Corp., No. 14 CV 1491 (WFK)(VMS), 2015 WL 4603117, at *10 (E.D.N.Y. July 29, 2015) (discussing that "having completely different job duties" and "receiving a significantly higher weekly wage" does not "support a finding that all non-managerial employees were similarly situated") (citing Colon, 2013 WL 3328223, at *7).

Although the four affidavits plaintiff submits contain the names or nicknames, dates of employment, countries of origin, job titles, work schedules, and wage rates, of numerous employees, cf. Ji v. Jling Inc., No. 15 CV 4194 (JMA)(SIL), 2016 WL 2939154, at *2 (E.D.N.Y. May 19, 2016) (denying collective certification because "plaintiff 'does not . . . provide any detail as to a single such observation or conversation' that formed the basis of his claims.") (citation omitted), these affidavits nonetheless fail to establish that the employees referenced are similarly situated to plaintiff. In fact, the affidavits demonstrate that the employees referenced may be more similar to one another than to plaintiff. See Jeong Woo Kim, 985 F. Supp. 2d at 451 (granting

conditional certification only as to kitchen staff members as "the other employees were paid at an hourly rate . . . . Thus, even if these employees were to pursue FLSA claims against the Defendants, the legal and factual theories under which they would proceed would be entirely different than those pressed by [plaintiff] and the other kitchen staff members."). Plaintiff fails to identify a single employee with job responsibilities, work schedules, wage rates, and compensation schemes similar to himself. Merely providing the Court with a list of employees who worked for defendants in various capacities does not establish that those employees were similarly situated to plaintiff.

In sum, the record reflects that plaintiff was uniquely situated. Plaintiff fails to satisfy his minimal burden of demonstrating that he and all other non-managerial employees of defendants are similarly situated. Sanchez v. JMP Ventures, L.L.C., No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *1 (S.D.N.Y. Jan 27, 2014) (Although "the bar for conditional certification of a collective action under the FLSA is low, it is not that low."); see also Yap, 146 F. Supp. 3d at 565 (conditionally certifying a collective of deliverymen and chefs and rejecting plaintiffs' contention that their allegations regarding those two categories of workers would "allow the Court to draw an 'inference' that Defendants 'failed to pay other employees such as wait staff, bussers, etc., their entitled overtime.'") (citation omitted). Plaintiff's broadly defined class encompasses several job responsibilities, wage rates, compensation schemes, as well as tipped and untipped employees, and presents no "actual evidence of a factual nexus between him and the rest of the class he seeks to represent[.]" Reyes v. Nidaja, No. 14 Civ. 9812, 2015 WL 4622587, at *2–3 (S.D.N.Y. Aug. 3, 2015) (denying conditional certification because plaintiff failed to establish a factual nexus as he "was employed as a kitchen assistant and a cook, but his responsibilities, relationship with supervisors, and work expectations may have been quite different from those of waiters, dishwashers, delivery workers, bartenders, busboys, or other employees[.]"). Furthermore,

plaintiff's "conclusory assertions that the same policies and practices applied to all non-managerial employees, regardless of department[,]" Fa Ting Wang, 2015 WL 4603117, at *9, are insufficient to warrant granting collective certification.[15]

For the reasons set forth above, even under the lenient standard at stage one, plaintiff's motion for conditional certification of a collective action is denied. As plaintiff has failed to demonstrate that he is similarly situated to the other employees he names, only his individual claims shall proceed.[16] The parties shall file a joint status letter proposing an agreed-upon discovery schedule by April 27, 2020.

                                                                /S/
                                         LOIS BLOOM

Dated: March 30, 2020                    United States Magistrate Judge
       Brooklyn, New York

---

[15] Plaintiff also attaches a prior lawsuit filed against these same defendants in this Court. See Aquino v. Crosscity Constr. Corp., Case No. 16 CV 2337 (SJB) (E.D.N.Y. 2018). However, all the plaintiffs in the prior lawsuit were employed as laborers. The action was settled in July 2018. Case No. 16 CV 2337, Electronic Order dated July 19, 2018. That defendants were previously sued for wage and hour claims does not establish that plaintiff herein is similarly situated to the other employees he seeks to join as a collective action. Eng–Hatcher v. Spring Nextel Corp., No. 07 Civ. 7350 (BSJ), 2009 WL 7311383, at *3 n. 4 (S.D.N.Y. Nov. 13, 2009) ("Plaintiff argues that [the similar lawsuits brought against defendant] are evidence of Retail Consultants nationwide who apparently would want to join this collective action. The Court finds these citations do not add to the showing required here for certification.").

[16] Plaintiff was given several opportunities to revise and supplement his motion. A fourth revision would not produce a different result.