TROY LAW, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x

LIYOU XING,
*on his own behalf*/LIYOU XING,
YUANYUAN DUAN,
HUALIANG LI,
WINGKIT LOI,
SHUK C NG-LAM,
JUNHUI YAN, and
JUNHUA YU,
*on behalf of themselves and of a collective and of a class of others similarly situated, and,*
PlaintiffAMANDA LIU,
*on behalf of herself and of a class of others similarly situated,*

Plaintiffs,

v.

MAYFLOWER INTERNATIONAL HOTEL GROUP INC

d/b/aMAYFLOWER INTERNATIONAL HOTEL
andGROUP INC
d/b/a Howard Johnson Hotel,
d/b/a Wyndham Garden;

MAYFLOWER BUSINESS GROUP, LLC
d/b/aMAYFLOWER Hotel and
d/b/a Wyndham Garden;

MAYFLOWER INN CORPORATION
BUSINESS GROUP, LLC
d/b/a Mayflower Hotel and
d/b/a Wyndham Garden;

MAYFLOWER WENYU LLC
d/b/aMAYFLOWER INN CORPORATION
d/b/a Howard Johnson Hotel and,
d/b/a Wyndham Garden;

YAN ZHI HOTEL MANAGEMENT INC.

Case No. 18-cv-06616 (PKC) (LB)

**29 U.S.C. § 216(b) COLLECTIVE ACTION & FED. R. CIV. P. 23 CLASS ACTION**

**FIRST AMENDED COMPLAINT**

MAYFLOWER WENYU LLC
       d/b/a Mayflower Hotel and
       d/b/a Wyndham Garden,
       d/b/a Wyndham Garden;
MAYFLOWERYAN ZHI HOTEL MANAGEMENT
       INC.
       d/b/a Howard Johnson Hotel,
MAYFLOWER 1-1 LLC

       d/b/a MayflowerHoward Johnson Hotel and,
       d/b/a Wyndham Garden;
YUEHUA HU,
WEI HONG HU YUEHUA HU,
WEI HONG HU

       a/k/a Weihong Hu, and
XIAOZHUANG GE

XIAOZHUANG GE,
           Defendants.
-----------------------------------------------------------------x

Plaintiff LIYOU XINGPlaintiffs LIYOU XING, YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, and JUNHUA YU, (hereinafter referred to as Plaintiff),collectively, the "FLSA-and-NYLL Plaintiffs"), and AMANDA LIU, (hereinafter the "NYLL Plaintiff") (collectively with the FLSA-and-NYLL Plaintiffs, the "Plaintiffs"), on behalf of himselfthemselves and others similarly situated, by and through his attorneytheir attorneys, Troy Law, PLLC, hereby bringsbring this complaint against Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a MAYFLOWER INTERNATIONAL HOTEL and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUPGROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU LLC d/b/a, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT

---

Formatted: Indent: Left:  0", Hanging:  0.49"
Formatted: All caps
Formatted: Indent: Left:  0", Hanging:  0.49"
Formatted: Indent: Left:  0", Hanging:  0.49"
Formatted: Space After:  12 pt
Formatted: Justified, Space After:  0 pt
Formatted: All caps
Formatted: All caps
Formatted: All caps
Formatted: All caps

~~INC. d/b/a,~~ MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; and MAYFLOWER 1-1~~WENYU, LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden, ~~YUEHUA HU, WEI HONG HU~~YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel, YUEHUA HU, WEI HONG HU a/k/a Weihong Hu, and ~~XIAOZHUANG GE~~XIAOZHUANG GE, and ~~alleges~~allege as follows:

## INTRODUCTION

1. This action is brought by the ~~Plaintiff LIYOU XING,~~Plaintiffs on behalf of ~~himself~~themselves as well as other employees similarly situated, against the Defendants for alleged violations of the Fair Labor Standards Act, (hereinafter "FLSA")", 29 U.S.C. § 201 *et seq*., and New York Labor Law (hereinafter "NYLL),"), N.Y. Lab. L., arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in pattern and practice of failing to pay ~~its~~their employees, including ~~Plaintiff~~Plaintiffs, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3. ~~Plaintiff alleges~~The FLSA and NYLL Plaintiffs allege, pursuant to the FLSA, that ~~he is~~they are entitled to recover from the Defendants: (1) unpaid minimum wages and unpaid overtime ~~wages~~, (2) liquidated damages equal to the sum of unpaid minimum wages and unpaid overtime, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and ~~cost~~costs.

4. ~~Plaintiff~~Plaintiffs further ~~alleges~~allege pursuant to ~~NYLL §~~Section 650 *et seq*. ~~and~~of the NYLL and Part 146 of Title 12 the New York Codes, Rules and Regulations ~~§ 146 (NYCRR)~~(hereinafter the "Wage Order") that ~~he is~~they are entitled to recover from the Defendants: (1) unpaid ~~wage compensation and~~ minimum wages, unpaid overtime ~~compensation, (2)~~, and unpaid spread-of-hours ~~premium,~~ (2) liquidated damages equal to the sum of unpaid minimum

wages, unpaid overtime, and unpaid spread-of-hours, (3) up to ~~five thousand dollars ($$~~5,000~~) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday, (4) up to five thousand dollars ($5,000).~~00 per Plaintiff for Defendants' failure to provide a ~~paystub that accurately and truthfully lists employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum~~ wage notice compliant with Section 195.1(a) of the NYLL at time of hire or thereafter, (4) up to $5,000.00 per Plaintiff for Defendants' failure to provide wage~~, and the employee's gross and net wages for statements with~~ each ~~pay day~~payment of wages compliant with Section 195.1(d) of the NYLL, (5) ~~liquidated damages equal to the sum of unpaid minimum wage, unpaid "spread of hours;" premium, unpaid overtime in the amount of twenty five percent under NYLL § 190 et seq., § 650 et seq., and one hundred percent after April~~ 9~~, 2011 under NY Wage Theft Prevention Act,~~ % per annum prejudgment interest, (6) ~~9% simple prejudgment interest provided by NYLL, (7)~~ post-judgment interest, and (~~8~~7) attorney's fees and costs.

## JURISDICTION AND VENUE

5.     This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

6.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

**~~PLAINTIFF~~**

**PLAINTIFFS**

***FLSA and-NYLL Plaintiffs***

7.      From on or about September 05, 2016 ~~to~~through on or about March 02, 2017, Plaintiff ~~LIYOU XING worked as a Construction Worker~~LIYOU XING was employed by Defendants ~~to work~~as a construction worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

8.      From on or about March 03, 2017 ~~to~~through on or about August 15, 2018, Plaintiff ~~LIYOU XING worked as a Chef~~LIYOU XING was employed by Defendants ~~to work~~as a chef at the affiliated restaurant (~~Wyndam~~Wyndham Garden) inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

9.      From on or about November 5, 2016 through on or about November 26, 2017, Plaintiff YUANYUAN DUAN was employed by Defendants as a miscellaneous worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

10.     From on or about March 2, 2018 through on or about May 31, 2018, Plaintiff YUANYUAN DUAN was employed by Defendants as a miscellaneous worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 1136.

11.     From on or about February 1, 2017 through on or about May 31, 2017, Plaintiff HUALIANG LI was employed by Defendants as a chef at the affiliated restaurant (Wyndham Garden) inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

12.     From on or about August 1, 2014 through on or about June 30, 2015, Plaintiff WINGKIT LOI was employed by Defendants as a construction worker at the Howard Johnson

Hotel at 38-59 12th Street, Long Island City, NY 11101.

13. From on or about July 3, 2015 through on or about August 15, 2017, Plaintiff WINGKIT LOI was employed by Defendants as a construction worker and mechanic at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

14. From on or about August 1, 2016 through on or about January 31, 2018, Plaintiff SHUK C NG-LAM was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

15. From on or about August 24, 2016 through on or about August 20, 2018, Plaintiff JUNHUI YAN was employed by Defendants as a mechanic and manager's assistant at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

16. From on or about August 1, 2017 through on or about August 20, 2017, Plaintiff JUNHUI YAN was transferred temporarily by Defendants to work as a mechanic and manager's assistant at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

17. From on or about September 17, 2017 through on or about August 2, 2018, Plaintiff JUNHUA YU was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

18. From on or about August 3, 2018 through on or about February 28, 2019, Plaintiff JUNHUA YU was employed by Defendants as a housekeeper at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

*NYLL Plaintiffs*

19. From on or about September 6, 2016 through on or about February 28, 2017, Plaintiff AMANDA LIU was employed by Defendants as a sanitation worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

20. From on or about March 1, 2017 through on or about March 31, 2017, Plaintiff

AMANDA LIU was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

## DEFENDANTS

### *Corporate Defendants*

10.21.  Defendant MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a MAYFLOWER INTERNATIONAL HOTEL andGROUP INC d/b/a Wyndham Garden Howard Johnson Hotel is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

11.22.  Defendant MAYFLOWER BUSINESS GROUPMAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 61-27 186th Street, Fresh Meadows, NY 11365.

12.23.  Defendant MAYFLOWER INN CORPORATION d/b/a MayflowerHoward Johnson Hotel and d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

13.24.  Defendant MAYFLOWER WENYUMAYFLOWER WENYU, LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 61-27 186th Street, Fresh Meadows, NY 11365.

14.25.  Defendant YAN ZHI HOTEL MANAGEMENT INC. d/b/a MayflowerHoward Johnson Hotel and d/b/a Wyndham Garden is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-61 12th Street, Long Island City, NY 11101.

15.26.  Defendant MAYFLOWER 1-1 LLC d/b/a ~~Mayflower~~Howard Johnson Hotel ~~and d/b/a/ Wyndham Garden~~ is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-59 12th Street, Long Island City, NY 11101.

*~~Owner/Operator~~Individual Defendants*

16.27.  The Individual Defendants are officers, directors, managers and/or majority share-holders or owners of the Corporate Defendant and being among the ten largest shareholders and/or LLC members, are individually responsible for unpaid wages under the Section 630(a) of the New York Business Corporation Law and Section 609(c) of the New York Limited Liability Company Law. ~~NYBSC § 630(a), NYLLC § 609(c).~~

17.28.  YUEHUA HU known as "Boss" to ~~Plaintiff~~Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records for ~~MAYFLOWER INTERNATIONAL HOTEL GROUP INC~~MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUP~~BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and~~d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a ~~Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU~~Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel ~~and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel and d/b/a Wyndham Garden; and MAYFLOWER 1-1 LLC d/b/a Mayflower~~d/b/a Wyndham Garden, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a Howard Johnson Hotel.

18.29.  YUEHUA HU acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d)), and regulations promulgated thereunder, 29 C.F.R. § 791.2, .NYLL.

N.Y. Lab. L. § 2, and the ~~regulations thereunder~~Wage Order, and is jointly and severally liable with ~~MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a~~ MAYFLOWER INTERNATIONAL HOTEL ~~and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUP~~GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden~~; MAYFLOWER INN CORPORATION d/b/a~~, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel ~~and d/b/a Wyndham Garden; MAYFLOWER WENYU~~, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden~~; YAN ZHI HOTEL MANAGEMENT INC.~~, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; and MAYFLOWER~~ 1-1 LLC d/b/a ~~Mayflower~~Howard Johnson Hotel.

~~19.~~30.   ~~WEI HONG HU~~WEI HONG HU a/k/a Weihong Hu, known as "General Manager Hu" to Plaintiff, ~~and~~is the CEO ~~of~~ and DOS Process ~~of MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a~~recipient for MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Howard Johnson Hotel and ~~YAN ZHI HOTEL MANAGEMENT INC.~~YAN ZHI HOTEL MANAGEMENT INC. d/b/a ~~Mayflower~~Howard Johnson Hotel~~;~~, and New York Alcoholic Beverage Control principal for ~~MAYFLOWER WENYU~~MAYFLOWER WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, and in those roles (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records for ~~MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a~~ MAYFLOWER INTERNATIONAL HOTEL ~~and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUP~~GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden~~; MAYFLOWER INN CORPORATION d/b/a~~

, MAYFLOWER INN CORPORATION d/b/a Howard Johnson Hotel ~~and d/b/a Wyndham Garden;~~ ~~MAYFLOWER WENYU,~~ MAYFLOWER WENYU, LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden ~~; YAN ZHI HOTEL MANAGEMENT INC.,~~ YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; and MAYFLOWER~~ 1-1 LLC d/b/a ~~Mayflower~~ Howard Johnson Hotel.

20.31.  ~~WEI HONG HU~~ WEI HONG HU a/k/a Weihong Hu is the signatory of all the big and small invoices at Mayflower.

21.32.  ~~WEI HONG HU~~ WEI HONG HU a/k/a Weihong Hu fired Plaintiff LIYOU XING.

22.33.  ~~WEI HONG HU~~ WEI HONG HU a/k/a Weihong Hu is the wife of ~~XIAOZHUANG GE~~ XIAOZHUANG GE.

23.34.  ~~WEI HONG HU~~ WEI HONG HU a/k/a Weihong Hu acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d~~)~~), and regulations promulgated thereunder, 29 C.F.R. § 791.2, ~~,~~ NYLL, N.Y. Lab. L. § 2, and the ~~regulations thereunder~~ Wage Order, and is jointly and severally liable with ~~MAYFLOWER INTERNATIONAL HOTEL~~ ~~GROUP INC d/b/a~~ MAYFLOWER INTERNATIONAL HOTEL ~~and d/b/a Wyndham Garden;~~ ~~MAYFLOWER BUSINESS GROUP~~ GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a ~~Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a~~ ~~Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU~~ Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden ~~; YAN ZHI~~ ~~HOTEL MANAGEMENT INC.,~~ YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; and MAYFLOWER~~ 1-1 LLC d/b/a ~~Mayflower~~ Howard Johnson Hotel.

Complaint

24.35.  XIAOZHUANG GE and New York Alcoholic Beverage Control principal for MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel and MAYFLOWER WENYU LLC d/b/a Wyndham Garden, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records for MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a MAYFLOWER INTERNATIONAL HOTEL and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUPGROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel andd/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYUHoward Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC., YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER Hotel and d/b/a Wyndham Garden; and MAYFLOWER, 1-1 LLC d/b/a MayflowerHoward Johnson Hotel.

25.36.  XIAOZHUANG GE managesXIAOZHUANG GE managed the construction work for Defendants, including work by Plaintiff as construction workerwork by Plaintiffs LIYOU XING and WINGKIT LOI.

26.37.  XIAOZHUANG GEXIAOZHUANG GE, acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d)), and regulations promulgated thereunder, 29 C.F.R. § 791.2, ,NYLL N.Y. Lab. L. § 2, and the regulations thereunderWage Order, and is jointly and severally liable with MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a MAYFLOWER INTERNATIONAL HOTEL and d/b/a Wyndham Garden; MAYFLOWER

~~BUSINESS GROUP~~GROUP INC d/b/a Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION   d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU~~Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden~~; YAN ZHI HOTEL MANAGEMENT INC.~~, YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel, and MAYFLOWER ~~Hotel and d/b/a Wyndham Garden; and MAYFLOWER~~ 1-1 LLC d/b/a ~~Mayflower~~Howard Johnson Hotel.

### **STATEMENT OF FACTS**

*Corporate Defendants Constitute an Enterprise*

~~27.~~38.  Upon ~~information and belief,~~ Corporate Defendants ~~MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a~~ MAYFLOWER INTERNATIONAL HOTEL ~~and~~GROUP INC d/b/a ~~Wyndham Garden; MAYFLOWER BUSINESS GROUP~~Howard Johnson Hotel, MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel ~~and~~d/b/a Wyndham Garden, MAYFLOWER INN CORPORATION d/b/a ~~Wyndham Garden; MAYFLOWER INN CORPORATION~~Howard Johnson Hotel, MAYFLOWER WENYU LLC d/b/a Mayflower Hotel ~~and~~ d/b/a Wyndham Garden~~; MAYFLOWER WENYU LLC~~, YAN ZHI HOTEL MANAGEMENT INC. d/b/a ~~Mayflower Hotel and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel and d/b/a Wyndham Garden; and MAYFLOWER~~ Howard Johnson Hotel, and MAYFLOWER 1-1 LLC d/b/a ~~Mayflower~~Howard Johnson Hotel ~~are joint employers of Plaintiff and~~ constitute ~~an~~a single enterprise as the term is defined by 29 USC §203(r)~~ insofar as the following are true:~~).

~~28.~~39.  Defendants ~~share~~operating a hotel and restaurant at the same location shared staff,

including Plaintiff. LIYOU XING (construction worker at Mayflower Hotel and chef at affiliated restaurant Wyndham Garden)

40.   Defendants train transfer staff like Plaintiff by assigning them to "between locations to work on a more or less permanent basis, including Plaintiffs WINGKIT LOI, JUNHUI YAN, and JUNHUA YU.

29.41.   Defendants assign trainee workers, including Plaintiff LIYOU XING, who will work in one location on a more or less permanent basis, to learn the trade" (in Plaintiff's case, "how to make breakfast") to observe job at an alternative location under more experienced staff at alternative locations.

30.42.   To illustrate, Plaintiff LIYOU XING was assigned to the Wyndham hotel Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101 to learn how to "make breakfast" by the Manager "Ah Mei Chen" prior to the opening of the Wyndam Wyndham Garden restaurant inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

31.   Defendants pay Plaintiff as the shareholders of the enterprise.

32.43.   While Plaintiff worked for the Wyndam Wyndham Garden, he was paid by check checks issued by YAN ZHI HOTEL MANAGEMENT INC. YAN ZHI HOTEL MANAGEMENT INC. d/b/a Howard Johnson Hotel and MAYFLOWER Hotel and MAYFLOWER WENYU WENYU LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden.

33.44.   Defendants advertise (on business cards) the Corporate Defendants as an enterprise.

34.45.   Defendants are co-owned by the same partners, namely Owner/ Operator Individual Defendants YUEHUA HU, WEI HONG HU and XIAOZHUANG GE.

35.46.   The Mayflower Hotel owns the Hotels doing business as "Mayflower Motel Hotel" and Restaurants doing business as "Wyndham Garden" inside the Mayflower Hotels.

36.     At all times relevant herein, Corporate Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel and d/b/a Wyndham Garden; and MAYFLOWER 1-1 LLC d/b/a Mayflower Hotel was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

37.47.  In particular, as the enterprise comprised of Corporate Defendants,The single enterprise is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

38.48.  Furthermore, theThe enterprise purchased and handled goods moved in interstate commerce.

49.     At all relevant times, the work performed by PlaintiffPlaintiffs was directly essential to the business operated by Corporateenterprise's operations.

39.50.  Alternatively, the Defendants MAYFLOWER INTERNATIONAL HOTEL GROUP INC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER BUSINESS GROUP, LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER INN CORPORATION d/b/a Mayflower Hotel and d/b/a Wyndham Garden; MAYFLOWER WENYU LLC d/b/a Mayflower Hotel and d/b/a Wyndham Garden; YAN ZHI HOTEL MANAGEMENT INC. d/b/a Mayflower Hotel and d/b/a Wyndham Garden; and MAYFLOWER 1-1 LLC d/b/a Mayflower Hotelwere joint employers of Plaintiffs.

*Wage and Hour Claims*

40.51.  Defendants committed the following alleged acts knowingly, intentionally and willfully against the ~~Plaintiff~~Plaintiffs, the ~~FLSA~~ Collective ~~Plaintiffs~~, and the Class.

**Formatted:** Justified, Indent: Left:  0", First line:  0.5", Right:  0"

41.52.  At all relevant times, Defendants knowingly and willfully failed to pay ~~Plaintiff~~Plaintiffs and similarly situated employees at least the New York minimum wage for at least some ~~of the~~ hours worked.

42.53.  At all relevant times, Defendants knowingly and willfully failed to pay ~~Plaintiff hisPlaintiffs their lawful overtime compensation of one and one-half times (1.5x) their regular ~~rate~~rates of pay for all hours worked over forty (40) in a given workweek.

43.54.  While employed by Defendants, ~~Plaintiff was~~Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

44.55.  Defendants failed to keep full and accurate records of ~~Plaintiff's~~Plaintiffs' hours and wages.

45.56.  Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

46.57.  At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

47.58.  Defendants knew that the nonpayment of overtime pay and New York's "spread of hours" premium for every day in which Plaintiff worked over ten (10) hours would financially

injure Plaintiff and similarly situated employees and violate state and federal laws.

48.59.  Defendants did not post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

*Plaintiff LIYOU XINGLIYOU XING*

49.60.  From on or about September 05, 2016 tothrough on or about March 02, 2017, Plaintiff LIYOU XING worked as a Construction Worker LIYOU XING was employed by Defendants to workas a construction worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

50.61.  From on or about March 03, 2017 tothrough on or about August 15, 2018, Plaintiff LIYOU XING worked as a ChefLIYOU XING was employed by Defendants to workas a chef at the affiliated restaurant (WyndamWyndham Garden) inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

51.62.  From on or about March 03, 2017 tothrough on or about March 06, 2017, for four days, Plaintiff LIYOU XINGLIYOU XING was assigned by Manager "Ah Mei Chen" to "learn how to make breakfast" at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

52.63.  From on or about September 05, 2016 to through on or about March 02, 2017, Plaintiff LIYOU XING'sLIYOU XING's regular work schedule ran from 09:00 to 18:00 with one (1) one-hour meal break for, five days per week and eight (8) hours aper day, for a total of 40 hours each week.

53.64.  From on or about March 03, 2017 tothrough on or about April 02, 2017, Plaintiff LIYOU XING'sLIYOU XING's regular work schedule ran from for an average of nine and a half (9.5) hours a day acrossincluded early shifts from 06:00 to 15:00 (early shifts) for nine (9) hours a day and middle shifts from 10:00 to 20:00 (middle shifts) for ten (10)hours a day, or on avergae

Formatted: No underline

Formatted: Font: Not Bold

9.5 hours a per day, for seven (7) days a week for a total of 66.5 hours each week.

65.    From on or about June 01, 2017 to through on or about June 30, 2017, Plaintiff LIYOU XING's LIYOU XING's regular work schedule ran from from 11:00 to 21:00 for ten hours a day, for six days a week for a total of 60 hours each week.

54.    From on or about July 01, 2017 through on or about August 31, 2017, Plaintiff LIYOU XING's regular work schedule ran from from 11:00 to 21:00 for ten (10) hours a day for six (6) days a week for a total of 66 hours each week.

55.66.  From on or about July 01, 2017 to August 31, 2017, Plaintiff LIYOU XING's regular work schedule ran from from 11:00 to 21:00 for ten (10) hours a day for seven (7) days a week for a total of 7770 hours each week.

56.67.  From on or about September 01, 2017 to through on or about August 15, 2018, Plaintiff LIYOU XING's LIYOU XING's regular work schedule ran from from 11:00 to 23:00 for twelve (12) hours for six (6) days a week for a total of 72 hours each week.

57.68.  At all relevant times, Plaintiff LIYOU XING LIYOU XING did not have a fixed time for lunch or for dinner.

58.69.  In fact, Plaintiff LIYOU XING LIYOU XING had thirty (30) minutes to eat and even then he was on call, meaning that if customer's order came, his break stopped and he had to cook.

59.70.  From on or about September 055, 2016 to through on or about March 30, 2017, Plaintiff LIYOU XING was paid a flat compensation at a straight-time rate of twelve dollars ($$12.00) per hour.

60.71.  From on or about March 31, 2017 to through on or about May 25, 2017 , Plaintiff LIYOU XING was paid a flat compensation at a straight-time rate of twenty-two dollars ($$22.00)

per hour.

61.72.  From on or about May 26, 2017 to through on or about June 22, 2017, Plaintiff LIYOU XING was paid a flat compensation at a straight-time rate of sixteen dollars ($$16.00) per hour.

62.73.  From on or about June 23, 2017 to through on or about June 30, 2017, Plaintiff LIYOU XING was paid a flat compensation at a straight-time rate of thirty-five dollars ($$35.20)00 per hour for each hour worked.

63.74.  However However, during the period from on or about September 5, 2016 through on or about June 30, 2017, Plaintiff LIYOU XING was not paid for all hours worked at all relevant times.

64.75.  Specifically, from March 03, 2017 to March 16, 2017, Plaintiff LIYOU XING was only paid for fifty two (52) hours per week, even though he worked in excess of fifty two (52)66.5 hours per week.

65.76.  From March 17, 2017 to March 30, 2017, he was paid for only forty nine (49) hours per week, even though he worked in excess of forty nine (49)66.5 hours per week.

66.77.  From March 31, 2017 to June 30, 2017, he was paid for only forty (40) hours per week, even though he worked in excess of forty (40)60 or more hours per week.

67.78.  From on or about July 01, 2017 to through on or about July 31, 2017, Plaintiff LIYOU XING was paid a flat compensation at a rate of three thousand six hundred ninety six dollars ($salary of $3,696.00) per month.

68.79.  From on or about August 01, 2017 to through on or about August 31, 2017, Plaintiff LIYOU XING was paid a flat compensation at a rate of four thousand forty-eight dollars ($salary of $4,048.00) per month.

69.80.  From on or about September 01, 2017 to through on or about September 30, 2017, Plaintiff LIYOU XING was paid a flat compensation at a rate of three thousand six hundred ninety-six dollars ($salary of $3,696.00) per month.

70.81.  From on or about October 01, 2017 to through on or about July 31, 2018, Plaintiff LIYOU XING was paid a flat compensation at a rate of three thousand eight hundred seventy-two dollars ($salary of $3,872.00) per month.

71.82.  From on or about August 01, 2018 to August 15, 2018, Plaintiff LIYOU XING was paid a flat compensation 9at a ratesalary of three thousand two hundred seventy-six dollars ($$3,276.00) per month.

72.   At all relevant times, Plaintiff LIYOU XING was not paid overtime pay for overtime work.

73.   At all relevant times, Plaintiff LIYOU XING was never informed of his During the period when he was paid an hourly pay rate or any tip deductions toward the minimum wage.

74.83.  Throughout his employment, Plaintiff LIYOU XING, he was not given a statement with his weekly payment reflecting employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages paid at his straight-time rate for each pay day in Chinese, Plaintiff's native languagethose overtime hours for which he was paid. During the period when he was paid a monthly salary, his monthly salary did not include an overtime premium.

75.   Throughout his employment, Plaintiff LIYOU XING was not compensated at least at one and one half his promised hourly wage for all hours worked above forty (40) in

each workweek.

76.84.  Throughout his employment, Plaintiff LIYOU XING was not compensated for paid New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at his promised rate the higher of the minimum wage or his regular hourly wage.

85.    At all relevant times, Plaintiff LIYOU XING was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

86.    Throughout his employment, Plaintiff LIYOU XING was not provided paystubs compliant with Section 195.1(d) of the NYLL.

*__Plaintiff YUANYUAN DUAN__*

87.    From on or about November 5, 2016 through on or about November 26, 2017, Plaintiff YUANYUAN DUAN was employed by Defendants as a miscellaneous worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

88.    From on or about March 2, 2018 through on or about May 31, 2018, Plaintiff YUANYUAN DUAN was employed by Defendants as a miscellaneous worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 1136.

89.    In her role as a miscellaneous worker, Plaintiff YUANYUAN DUAN cleaned rubbish, cleaned washrooms, cooked food, washed dishes, and gave the bosses massages.

90.    From on or about November 5, 2016 through on or about March 2, 2017, Plaintiff YUANYUAN DUAN's regular work schedule ran from 08:00 to 17:00, with one 1-hour meal break at about 12:00, for 8 hours per day, 6 days per week, for a total of 48 hours per week.

91.    From on or about March 3, 2017 through on or about November 26, 2017, Plaintiff YUANYUAN DUAN's regular work schedule ran from 09:00 to 18:00, with one 1-hour meal break at about 12:00, for 8 hours per day, 5 days per week, and from 13:00 to 18:00, for 5 hours per day, for a total of 45 hours per week.

**Formatted:** Justified, Indent: Left:  0", First line:  0.5", Right:  0"

92.     From on or about March 2, 2018 through on or about May 31, 2018 Plaintiff YUANYUAN DUAN's regular work schedule ran from 09:00 to 18:00, with one 1-hour meal break at about 12:00, for 8 hours per day, 5 days per week, and from 13:00 to 18:00, for 5 hours per day, for a total of 45 hours per week.

93.     From on or about November 5, 2016 through on or about February 28, 2017, Plaintiff YUANYUAN DUAN was paid at a straight-time rate of $10.00 per hour.

94.     From on or about March 1, 2017 through on or about May 31, 2017, Plaintiff YUANYUAN DUAN was paid at a straight-time rate of $11.00 per hour.

95.     From on or about June 1, 2017 through on or about November 26, 2017, Plaintiff YUANYUAN DUAN was paid at a straight-time rate of $13.00 per hour.

96.     From on or about March 2, 2018 through on or about May 31, 2018, Plaintiff YUANYUAN DUAN was paid at a straight-time rate of $13.00 per hour.

97.     However, Plaintiff YUANYUAN DUAN was paid only at her straight-time rate for overtime hours.

98.     At all relevant times, Plaintiff YUANYUAN DUAN was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

99.     Throughout his employment, Plaintiff YUANYUAN DUAN was not provided paystubs compliant with Section 195.1(d) of the NYLL.

*Plaintiff HUALIANG LI*

100.    From on or about February 1, 2017 through on or about May 31, 2017, Plaintiff HUALIANG LI was employed by Defendants as a chef at the affiliated restaurant (Wyndham Garden) inside the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

101.    Throughout his employment, Plaintiff HUALIANG LI's regular work schedule ran from 06:00 to 15:00 for 9 hours per day, 5 days per week, for a total of 45 hours each week.

102.    Plaintiff HUALIANG LI had a 30-minute meal break, during which he was on call to work.

103.    Throughout his employment, Plaintiff HUALIANG LI was paid at a straight-time rate of $11.00 per hour.

104.    However, Plaintiff HUALIANG LI was paid only at her straight-time rate for overtime hours.

105.    At all relevant times, Plaintiff YUANYUAN DUAN was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

106.    Throughout his employment, Plaintiff YUANYUAN DUAN was not provided paystubs compliant with Section 195.1(d) of the NYLL.

***Plaintiff WINGKIT LOI***

107.    From on or about August 1, 2014 through on or about June 30, 2015, Plaintiff WINGKIT LOI was employed by Defendants as a construction worker at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

108.    From on or about July 3, 2015 through on or about August 15, 2017, Plaintiff WINGKIT LOI was employed by Defendants as a construction worker and mechanic at the May-flower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

109.    From on or about August 1, 2014 through on or about June 30, 2015, Plaintiff WINGKIT LOI's regular work schedule ran from 09:00 to 18:00 with one 1-hour break at around 12:00 for 8 hours per day, 5 days per week, for 40 hours per week.

110.    From on or about July 3, 2015 through on or about Marcy 1, 2017, Plaintiff WINGKIT LOI's regular work schedule ran from 07:00 to 16:00 with one 1-hour break at around 12:00, 8 hours per day, 6 days per week, for 48 hours per week.

111.    However, additionally, from on or about July 3, 2015 through on or about March 1,

2017 Plaintiff WINGKIT LOI regularly worked about 4 unscheduled hours per week, for a total of 52 hours per week.

112.    From on or about March 2, 2017 through on or about July 23, 2017, Plaintiff WINGKIT LOI's regular work schedule ran from 09:00 to 18:00 with one 1-hour break at around 12:00, 8 hours per day, 5 days per week, for 40 hours per week.

113.    However, additionally, from on or about March 2, 2017 through on or about July 23, 2017 Plaintiff WINGKIT LOI regularly worked about 1 unscheduled hour per week, for a total of 41 hours per week.

114.    Throughout his employment, Plaintiff WINGKIT LOI was paid at a flat rate of $160.00 per day.

115.    However, Defendants partially or totally missed several payments, amounting to $3,700.00 over the course of Plaintiff WINGKIT LOI's employment.

116.    At all relevant times, Plaintiff WINGKIT LOI was not paid overtime pay for over-time work. His daily salary did not include an overtime premium.

117.    Throughout his employment, Plaintiff WINGKIT LOI was not paid New York's "spread of hours" premium for shifts that lasted longer than ten (10) hours at the higher of the minimum wage or his regular hourly wage.

118.    At all relevant times, Plaintiff WINGKIT LOI was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

119.    Throughout his employment, Plaintiff WINGKIT LOI was not provided paystubs compliant with Section 195.1(d) of the NYLL.

***Plaintiff SHUK C NG-LAM***

120.    From on or about August 1, 2016 through on or about January 31, 2018, Plaintiff SHUK C NG-LAM was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-

27 186th Street, Fresh Meadows, NY 11365.

121.   Throughout her employment, Plaintiff SHUK C NG-LAM's regualr work schedule ran from 09:00 to 19:00 with one 1-hour break at around 13:00 for 9 hours per day, 5 days per week, for 45 hours per week.

122.   From on or about August 1, 2016 through on or about March 31, 2017, Plaintiff SHUK C NG-LAM was paid a regular straight-time rate of $10.00 per hour.

123.   From on or about April 1, 2017 through on or about January 31, 2018, Plaintiff SHUK C NG-LAM was paid a regular straight-time rate of $11.00 per hour.

124.   These rates amounted to less than the applicable minimum wage in New York be-tween December 31, 2016 and March 31, 2017 (inclusive), and between December 31, 2017 and January 31, 2018 (inclusive).

125.   Plaintiff SHUK C NG-LAM was not informed of any lawful credit or deduction that would lawfully bring her hourly rate below the minimum wage.

126.   Further, Plaintiff SHUK C NG-LAM was paid only at her straight-time rate for overtime hours.

127.   At all relevant times, Plaintiff SHUK C NG-LAM was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

128.   Throughout his employment, Plaintiff SHUK C NG-LAM was not provided paystubs compliant with Section 195.1(d) of the NYLL.

### Plaintiff JUNHUI YAN

129.   From on or about August 24, 2016 through on or about August 20, 2018, Plaintiff JUNHUI YAN was employed by Defendants as a mechanic and manager's assistant at the May-flower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

130.   From on or about August 1, 2017 through on or about August 20, 2017, Plaintiff

TTroy                           24 of 40                         Complaint

JUNHUI YAN was transferred temporarily by Defendants to work as a mechanic and manager's assistant at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

131.    Throughout his employment, Plaintiff JUNHUI YAN's regular work schedule ran from 09:00 to 18:00 with one 1-hour break, for 8 hours per day, 5 days per week, for 40 hours per week.

132.    However, for about 4 weeks of his employment, Plaintiff JUNHUI YAN worked an additional 8-hour day, for 48 hours per week.

133.    From on or about August 24, 2016 through on or about December 31, 2016, Plaintiff JUNHUI YAN was paid a straight-time regular rate of $12.00 per hour.

134.    From on or about January 1, 2017 through on or about August 20, 2018, Plaintiff JUNHUI YAN was paid a straight-time regular rate of $15.00 per hour.

135.    However, for the 4 weeks he worked additional time, Plaintiff JUNHUI YAN was not paid for that additional time, and was not paid an overtime premium.

136.    At all relevant times, Plaintiff JUNHUI YAN was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

137.    Throughout his employment, Plaintiff JUNHUI YAN was not provided paystubs compliant with Section 195.1(d) of the NYLL.

*Plaintiff JUNHUA YU*

138.    From on or about September 17, 2017 through on or about August 2, 2018, Plaintiff JUNHUA YU was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

139.    From on or about August 3, 2018 through on or about February 28, 2019, Plaintiff JUNHUA YU was employed by Defendants as a housekeeper at the Howard Johnson Hotel at 38-59 12th Street, Long Island City, NY 11101.

140. Throughout her employment, Plaintiff JUNHUA YU's regular work schedule ran either from 09:00 to 18:00 (early shift) or from 13:00 to 22:00 (late shift), both shifts with one 1-hour break, for 8 hours per day, 5 days per week about every 7 of 10 weeks and 6 days per week about every 3 of 10 weeks, for 40 hours per week about 70% of the time and 48 hours per week about 30% of the time.

141. From on or about September 17, 2017 through on or about August 2, 2018, Plaintiff JUNHUA YU was paid a regular straight-time rate of $17.00 per hour.

142. From on or about August 3, 2018 through on or about February 28, 2019, Plaintiff JUNHUA YU was paid a regular straight-time rate of $14.00 per hour.

143. However, Plaintiff JUNHUA YU was paid only at her straight-time rate for overtime hours.

144. At all relevant times, Plaintiff JUNHUA YU was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

145. Throughout his employment, Plaintiff JUNHUA YU was not provided paystubs compliant with Section 195.1(d) of the NYLL.

*Plaintiff AMANDA LIU*

146. From on or about September 6, 2016 through on or about February 28, 2017, Plaintiff AMANDA LIU was employed by Defendants as a sanitation worker at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

147. From on or about March 1, 2017 through on or about March 31, 2017, Plaintiff AMANDA LIU was employed by Defendants as a housekeeper at the Mayflower Hotel at 61-27 186th Street, Fresh Meadows, NY 11365.

148. Throughout her employment, Plaintiff AMANDA LIU's regular work schedule ran from 09:00 to 18:00 with one 1-hour break at around 12:00, 8 hours per day, 5 days per week, for

40 hours per week.

149.   However, in addition to Plaintiff AMANDA LIU's regular schedule cleaning the hotel, Defendant WEI HONG HU required her to clean his private house about 3 times over the course of her employment, for a total of 19 hours (about 6 hours each time). Plaintiff AMANDA LIU was not paid for this time.

150.   Throughout her employment, Plaintiff AMANDA LIU was paid a straight-time hourly rate of $11.00 per hour.

151.   At all relevant times, Plaintiff AMANDA LIU was not provided a written wage notice compliant with Section 195.1(a) of the NYLL.

152.   Throughout her employment, Plaintiff AMANDA LIU was not provided paystubs compliant with Section 195.1(d) of the NYLL.

**COLLECTIVE ACTION ALLEGATIONS**

77.153.   Plaintiff brings The FLSA and NYLL Plaintiffs bring this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate the minimum wage for all hours worked and at one and one half times their promised work the minimum wage for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

**CLASS ACTION ALLEGATIONS**

78.154.   Plaintiff brings his Plaintiffs bring their NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six6 years before the filing of the Complaint in this case as defined herein (the "Class Period").

79.155.      All said persons, including Plaintiff, are referred to herein as the "Class."

80.156.      The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Membermember is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P.Rule 23.

***Numerosity***

81.157.      The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

***Commonality***

82.158.      There are questions of law and fact common to the Class which predominate over any questions affecting only individual classClass members, including:

    a.      Whether Defendant employed PlaintiffPlaintiffs and the Class within the meaning of the New York law;

    b.      Whether PlaintiffPlaintiffs and the Class members arewere paid the higher of the minimum wage or their promised and not paid straight-time hourly wage for all hours worked;

    c.      Whether PlaintiffPlaintiffs and the Class members arewere entitled to and paid overtime at their promised hourly wage under the New York Labor Law;

    d.      Whether Defendants maintained a policy, pattern and/or practice of failing

to pay ~~Plaintiff~~Plaintiffs and the ~~Rule 23~~ Class members spread- of- hours pay ~~as required by the NYLL~~;

> e.      Whether ~~Plaintiff~~Plaintiffs and ~~Class members' paystubs~~the Class members were provided wage statements, and if they were, whether those wage statements did not

misstate the number of hours that they worked;

~~f.      Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;~~

~~g.      Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiff~~Plaintiffs ~~and the Rule 23 Class's start of employment and/or timely thereafter;~~

> ~~h.~~f.      Whether ~~Defendants~~Class members were provided ~~paystubs detailing wage notices timely and compliant with Section 195.1(a) of~~ the ~~rates of pay and credits taken towards the minimum wage to Plaintiff  and the Rule 23 class on each payday; and~~NYLL; and

> ~~i.~~g.      At what common rate, or rates subject to common method of calculation ~~was~~, were and ~~is~~are Defendants required to pay the Class members for their work.

***Typicality***

> ~~83.~~159.      ~~Plaintiff's~~Plaintiffs' claims are typical of those claims which could be al-

leged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same ~~corporate~~ practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime ~~compensation.~~. Defendants' ~~corporate~~enterprise-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. ~~Plaintiff~~Plaintiffs and other Class members sustained similar losses,

injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

84.160.      ~~Plaintiff is~~Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. ~~Plaintiff is~~Plaintiffs are represented by attorneys who are experienced and competent in representing ~~Plaintiffs~~plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

85.161.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common,

class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

86.163. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—UnpaidFailure to Pay Minimum Wages Brought on behalf of the PlaintiffFLSA and NYLL Plaintiffs and the FLSA Collective]**

87.163. PlaintiffPlaintiffs re-allegesallege and incorporatesincorporate by reference all preceding paragraphs as though fully set forth herein.

88.164. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in fullPlaintiffs, and the similarly situated collective actionCollective members, minimum wage for some or all of the hours they worked.

89.165. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

90.166. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate PlaintiffPlaintiffs and Collective Class Membersmembers at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

**COUNT II.**

**[Violation of New York Labor Law—~~Unpaid~~Failure to Pay Minimum Wages**
**Brought on behalf of ~~Plaintiff~~Plaintiffs and Rule 23the Class]**

~~91.~~167.   ~~Plaintiff~~Plaintiffs re-~~alleges~~allege and ~~incorporates~~incorporate by reference all preceding paragraphs as though fully set forth herein.

~~92.~~168.   At all relevant times, ~~Plaintiff  is~~Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

~~93.~~169.   At all relevant times, Defendants had a policy and practice of refusing to pay ~~Plaintiff, and the collective action members, in full~~Plaintiffs, and the Class, the higher of the minimum wage or their regular hourly wage for some or all of the hours they worked.

~~94.~~170.   Defendants knowingly and willfully violated ~~Plaintiff's~~Plaintiffs' and ~~similarly situated~~ Class ~~Members'~~members' rights by failing to pay ~~him minimum~~ wages in the lawful amount for hours worked.

~~95.~~171.   An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to ~~twenty-five percent (25%)~~100% of the shortfall ~~under NYLL §§ 190 et seq., §§ 650 et seq., and one hundred percent (100%)~~ after April 9, 2011 under NY Wage Theft Prevention Act, and interest.

**COUNT III.**

**[Violations of the Fair Labor Standards Act—Failure to Pay Overtime**
**Brought on behalf of the ~~Plaintiff~~FLSA and NYLL Plaintiffs and the ~~FLSA~~ Collective]**

~~96.~~172.   ~~Plaintiff~~Plaintiffs re-~~alleges~~allege and ~~incorporates~~incorporate by reference all preceding paragraphs as though fully set forth herein.

~~97.~~173.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage,

TTroy                           32 of 40                       Complaint

whichever is greater. 29 U.S.C. § 207(a).

98.174.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

99.175.    Defendants' failure to pay ~~Plaintiff~~Plaintiffs and the ~~FLSA~~ Collective ~~their~~members overtime ~~pay~~ violated the FLSA.

100.176.    At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective ~~Action Members~~members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

101.177.    The FLSA and supporting regulations required employers to notify employees of employment law ~~requires employers to notify employment law~~ requirements. 29 C.F.R. § 516.4.

102.178.    Defendants willfully failed to notify ~~Plaintiff~~Plaintiffs and ~~FLSA~~ Collective members of the requirements of the employment laws in order to facilitate their exploitation of ~~Plaintiff'~~Plaintiffs' and ~~FLSA Collectives'~~Collective members' labor.

103.179.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate ~~Plaintiff~~Plaintiffs and Collective ~~Class Members~~members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure ~~Plaintiff~~Plaintiffs and Collective ~~Action~~ members.

TTroy                                    33 of 40                            Complaint

**COUNT IV.**
**[Violation of New York Labor Law—Failure to Pay Overtime**
**Brought on behalf of ~~Plaintiff~~Plaintiffs and ~~Rule 23~~the Class]**

~~104.~~180.        ~~Plaintiff~~Plaintiffs re-~~alleges~~allege and ~~incorporates~~incorporate by reference all preceding paragraphs as though fully set forth herein.

~~105.~~181.        An employer who fails to pay ~~the minimum wage~~overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to ~~twenty-five per cent (25%) before April 9, 2011 and one hundred percent~~ (100%) ~~thereafter~~% of the shortfall under NY Wage Theft Prevention Act, and interest.

~~106.~~182.        At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to ~~Plaintiff~~Plaintiffs and the Class at one and one-half times the hourly rate the ~~Plaintiff~~Plaintiffs and the ~~class~~Class members are entitled to.

~~107.~~183.        Defendant' failure to pay ~~Plaintiff  his~~Plaintiffs and the Class overtime ~~pay~~ violated the NYLL.

~~108.~~184.        Defendants' failure to pay ~~Plaintiff~~Plaintiffs and the Class was not in good faith.

**COUNT V.**
**[Violation of New York Labor Law—~~Failure to Pay~~ Spread of ~~Time Pay~~Hours**
**Brought on behalf of ~~Plaintiff~~Plaintiffs and ~~Rule 23~~the Class]**

~~109.~~185.        ~~Plaintiff~~Plaintiffs re-~~alleges~~allege and ~~incorporates~~incorporate by reference all preceding paragraphs as though fully set forth herein.

~~110.~~186.        The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§ 190, *et seq.*, and §§ 650, *et seq.*, and New York State Department of Labor regulations § 146-1.6.

~~111.~~187.        Defendants' failure to pay ~~Plaintiff~~Plaintiffs spread-of-hours pay was not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Provide Meal PeriodsWage Notices**
**Brought on behalf of PlaintiffPlaintiffs and the Rule 23 Class]**

112.188.    PlaintiffPlaintiffs re-allegesallege and incorporatesincorporate by refer-

ence all preceding paragraphs as though fully set forth herein.

113.   The NYLL requires that employees provide: a noon day meal period of at least

thirty (30) minutes for employees who work a shift of more than six hours extending over the

noon day meal period from 11 a.m. to 2 p.m.; an additional meal period between 5 p.m. and 7

p.m. of at least twenty (20) minutes for employees whose shift started before 11 a.m. and con-

tinues later than 7 p.m.; and/or a forty-five (45) minute meal period at a time midway between

the beginning and end of the shift for employees whose shift lasts more than six hours and

starts between 1 p.m. and 6 a.m. NYLL § 162.

114.   Defendants failed to provide meal periods required by NYLL § 162 for every

day that Plaintiff worked.

115.   Though the Department of Labor commissioner may permit a shorter time to

be fixed for meal periods than hereinbefore provided, such permit must be in writing and be

kept conspicuously posted in the main entrance of the establishment. No such permit is

posted.

116.   Defendants' failure to provide the meal periods required by NYLL § 162 was

not in good faith.

**COUNT VI.**
**[Violation of New York Labor Law—Failure to Keep Records**
**Brought on behalf of Plaintiff and Rule 23 Class]**

118.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

though fully set forth herein.

119.   Defendants did not maintain, establish and preserve Plaintiff's weekly payroll

records for a period of not less than six years, as required by NYCRR § 146-2.1.

120.   As a result of Defendants' unlawful conduct, Plaintiff has sustained damages including loss of earning, in an amount to be established at trial, liquidated damages, prejudgment interest, costs and attorneys' fee, pursuant to the state law.

121.   Upon information and belief, Defendants failed to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff in order to facilitate their exploitation of Plaintiff's labor.

122.   Defendants' failure to maintain adequate and accurate written records of actual hours worked and true wages earned by Plaintiff were not in good faith.

**COUNT CXXIII.**
**[Violation of New York Labor Law—Failure to Provide Time of Hire Wage Notice Brought on behalf of Plaintiff and Rule 23 Class]**

124.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

~~125.~~189.   ~~The NYLL and supporting regulations require~~The NYLL requires employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  ~~NYLL~~N.Y. Lab. L. §195~~.~~1(a).

~~126.~~190.   Defendants intentionally failed to provide notice to employees in violation of ~~New York Labor Law §~~Section 195.1 of the NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of

employment related to rate of pay, regular pay cycle and rate of overtime on their or her first day of employment.

127.191.    Defendants not only did not provide notice to each employee at Time-time of Hirehire, but failed to provide notice to PlaintiffPlaintiffs even after the fact.

128.192.    Due to Defendants' violations of New York Labor Law, PlaintiffisPlaintiffs are entitled to recover from Defendants, jointly and severally, $50.00 for each workday that the violation occurred or continued to occur, up to $5,000.00, together with costs and attorneys' fees pursuant to New York Labor Law.NYLL. N.Y. Lab. Law § 198(1-b).

<b>COUNT VII.</b><br>
<b>[Violation of New York Labor Law—Failure to Provide Wage Statements<br>
Brought on behalf of PlaintiffPlaintiffs and Rule 23the Class]</b>

129.193.    PlaintiffPlaintiffs re-allegesallege and incorporatesincorporate by reference all preceding paragraphs as though fully set forth herein.

130.194.    The NYLL and supporting regulations requirerequires employers to provide detailed paystub information to employees every payday. NYLL § 195-.1(d).

131.195.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or after each Plaintiffs' paydaypaydays.

132.196.    Due to Defendants' violations of New York Labor Law, PlaintiffisPlaintiffs are entitled to recover from Defendants, jointly and severally, $250.00 for each workday of the violation, up to $5,000.00 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law.NYLL. N.Y. Lab. Law §198.1-(d).

**PRAYER FOR RELIEF**

WHEREFORE, ~~Plaintiff~~Plaintiffs, on behalf of ~~himself,~~themselves and on ~~the~~ behalf of the ~~FLSA~~ Collective ~~Plaintiffs~~ and ~~Rule 23~~ Class, respectfully ~~requests~~request that this Court enter a judgment providing the following relief:

      a)      Authorizing ~~Plaintiff~~Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

      b)      Certification of this case as a collective action pursuant to FLSA;

      c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing ~~Plaintiff~~Plaintiffs and their counsel to represent the Collective Action Members;

      d)      A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

      e)      An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

      f)      An award of unpaid minimum wage and overtime wages due under FLSA and New York Labor Law due ~~Plaintiff~~Plaintiffs and the Collective Action members plus

compensatory and liquidated damages in the amount of twenty five percent (25%) prior to April 9, 2011 and one hundred percent (100%) thereafter under NY Wage Theft Prevention Act;

g)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h)      Up to ~~five thousand dollars ($$~~$5,000~~)~~.00 per Plaintiff for Defendants' failure to provide a ~~Time of Hire Notice~~wage notice detailing rates of pay and payday;

i)      Up to ~~five thousand dollars ($$~~$5,000~~)~~.00 per Plaintiff for Defendants' failure to provide a paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to overtime compensation, and "spread of hours" premium pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to

appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

      o)    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
April 6, 2020

November 20, 2018

TROY LAW, PLLC

*Attorneys for the Plaintiffs, proposed Collective and proposed Class*

*/s/ John Troy*

John Troy (JT0481)