TROY LAW, PLLC
John Troy (JT 0481)
Aaron Schweitzer (AS 6369)
41-25 Kissena Boulevard, Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------x
LIYOU XING,
*on his own behalf and on behalf of others similarly situated*

                        Plaintiff,

         v.

MAYFLOWER INTERNATIONAL HOTEL GROUP INC
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
MAYFLOWER BUSINESS GROUP, LLC
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
MAYFLOWER INN CORPORATION
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
MAYFLOWER WENYU LLC
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
YAN ZHI HOTEL MANAGEMENT INC.
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
MAYFLOWER 1-1 LLC
    d/b/a Mayflower Hotel and
    d/b/a Wyndham Garden;
YUEHUA HU,
WEI HONG HU a/k/a Weihong Hu, and
XIAOZHUANG GE

                        Defendants.

Case No. 18-cv-06616-PKC-LB

------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

John Troy (JT0481)
TROY LAW, PLLC
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com
*Attorney for the Plaintiffs, proposed FLSA*
*Collective and potential Rule 23 Class*

## **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ................................................................................................ 1

II.   BACKGROUND AND PROCEDURAL HISTORY ................................................................ 1

III.  LEGAL STANDARD ................................................................................................................ 2

IV.   ARGUMENT .............................................................................................................................. 3

A.    PLAINTIFFS WERE DILIGENT UNDER THE MEANING OF RULE 16(B) .............................................. 3

B.    ALTERNATIVELY, THE COURT SHOULD GRANT LEAVE TO ADD NAMED PARTY PLAINTIFFS
UNDER RULE 21 ................................................................................................................................ 5

V.    CONCLUSION ........................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Bryant v. Dupree*, 252 F.3d 1161 (11th Cir. 2001) ............................................................................3
*Christiana Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*, 745 F. Supp. 150 (S.D.N.Y. 1990) ....................2
*Clarke v. Fonix Corp.* 1999 U.S. Dist. LEXIS 2143 (S.D.N.Y. Mar. 1, 1999) ............................................5
*Davis v. Lenox Hill Hosp.*, 2004 U.S. Dist. LEXIS 17283 (S.D.N.Y. Aug. 31, 2004) ................................5
*E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273 (S.D.N.Y. 2006) ....................................2
*Fahmy v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 20929 (S.D.N.Y. Sept. 26, 2005) ...........................4
*Foman v. Davis*, 371 U.S. 178 (1962) ...................................................................................................2, 3
*FTD Corp. v. Banker's Trust co.*, 954 F. Supp. 106 (S.D.N.Y. 1997) .......................................................5
*Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240 (2d Cir. 1987) ................................................2
*Parker v. Columbia Pictures Indus.*, 204 F.3d 326 (2d Cir. 2000) .............................................................4
*Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d. Cir. 1995) ...................................................2
*Reece v. Marc Ecko Unltd.*, 2011 U.S. Dist. LEXIS 102199 (S.D.N.Y. Aug. 19, 2011) ............................5
*Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100 (S.D.N.Y. 2003) ..............................4
*Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193 (S.D.N.Y. 2014) ....................................................4
*Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401 (11th Cir. 1999) ..............................................................3
*Thomas v. Town of Davie*, 847 F.2d 771 (11th Cir. 1988) ........................................................................3
*Xerox Corp. v. Media Scis. Int'l Inc.*, 511 F. Supp. 2d 372 (S.D.N.Y. 2007) ............................................2

**Statutes**

29 U.S.C. § 255 ..........................................................................................................................................4

**Rules**

Fed. R. Civ. P. 15(a)(1) ..............................................................................................................................2
Fed. R. Civ. P. 15(a)(2) .........................................................................................................................1, 2
Fed. R. Civ. P. 21 .......................................................................................................................................5

I. **PRELIMINARY STATEMENT**

Plaintiff LIYOU XING, by and through their undersigned counsel, and pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, respectfully request this Honorable Court to grant leave to file their First Amended Complaint. The purpose of the proposed amendment is to add YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, and JUNHUA YU as named party plaintiffs and as FLSA collective and Rule 23 class representatives, and AMANDA LIU as a named party plaintiff and Rule 23 class representative, and to include the claims of YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU against Defendants in the body of the Amended Complaint. The Court should grant leave to amend the Complaint.

II. **BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Liyou Xing filed the complaint in this case on November 20, 2018, purportedly on behalf of himself, an FLSA collective of "all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case," and a Rule 23 class of "all non-exempt personnel employed by Defendants on or after November 20, 2015." Plaintiff Liyou Xing was a construction worker and a Chef at Defendants' affiliated restaurant. *See* Complaint, Dkt. Entry 1.

YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU were also employed by Defendants. YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, and JUNHUA YU, worked within 3 years of filing their consents to become plaintiffs in this matter, and within 3 years of the filing of the instant motion, and are pursuing FLSA and NYLL claims on behalf of themselves, the FLSA collective, and the Class. YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C. NG-LAM, JUNHUI YAN, and JUNHUA YU variously claim that

1

they were paid at straight-time rates that did not include overtime, or were paid hourly rates but were not paid for all hours worked or were paid at straight-time rates for overtime worked.

WINGKIT LOI, SHUK C NG-LAM, and JUNHUI YAN consented to become party plaintiffs during the pending ruling on Plaintiffs Motion for Conditional Collective Certification. Additionally, Plaintiff Liyou Xing filed affidavits of WINGKIT LOI, SHUK C NG-LAM, and JUNHUI YAN in support of Plaintiffs Motion for Conditional Collective Certification. We therefore submit this motion on notice to the Court respectfully to seek leave to file a First Amended Complaint.

### III.  LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) states that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) provides that a party may amend its pleadings by leave of the court or by written consent of the adverse party. *See* Fed. R. Civ. P. 15(a)(2) This rule specifically directs courts to "freely give leave when justice so requires." *Id. See also Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230, 234 (2d. Cir. 1995) (granting leave to amend four years after original complaint); *Xerox Corp. v. Media Scis. Int'l Inc.*, 511 F. Supp. 2d 372, 379, 390 (S.D.N.Y. 2007); *E*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 282 (S.D.N.Y. 2006) ("This mandate to give leave freely is to be heeded." (citations omitted)); *Christiana Gen. Ins. Corp. of N.Y. v. Great Am. Ins. Co.*, 745 F. Supp. 150, 163–64 (S.D.N.Y. 1990) (citing *Jaser v. N.Y. Prop. Ins. Underwriting Ass'n*, 815 F.2d 240, 243 (2d Cir. 1987)).

The Supreme Court has noted that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court further noted that a plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive on the part of

2

the movant, or repeated failure to cure deficiencies by amendments previously allowed. *Id*. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.*

The Eleventh Circuit has noted that a District Court's discretion to dismiss a complaint without leave to amend is "'severely restrict[ed]' by Fed. Rule Civ. P. 15(a), which directs that leave to amend 'shall be freely given when justice so requires.'" *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988) (citation omitted)). The Eleventh Circuit also noted that amending the case previously would not be a reason for refusing to allow a plaintiff to amend a complaint; "[u]nless a substantial reason exists to deny leave to amend, the discretion of the district court is no broad enough to permit denial." *Shipner v. Eastern Airlines, Inc.*, 868 F.2d 401, 406 (11th Cir. 1999).

## IV. ARGUMENT

There are no reasons to deny Plaintiffs' motion for leave to file an Amended Complaint in this case. Plaintiff was diligent in bringing his claims. Plaintiff LIYOU XING, originally brought this case purportedly on behalf of a collective and class of workers who were denied overtime by Defendants' pay policies. YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU all fit that description.

Furthermore, Plaintiffs are in no way seeking this amendment in bad faith. Plaintiffs want the purported FLSA collective and Rule 23 class to be as well-represented by the named plaintiff as possible. AMANDA LIU can represent the class as well or better than Plaintiff LIYOU XING could alone. Plaintiffs do not seek to add new Defendants.

There has been no undue delay or prejudice to the Defendants. This motion for leave to amend the complaint is timely and not prejudicial to the Defendants.

A. **PLAINTIFFS WERE DILIGENT UNDER THE MEANING OF RULE 16(B)**

3

The instant motion is also governed by Rule 16, under which Rule 15(a)'s lenient standard must be "balanced against" Rule 16(b)'s requirement that the movant must show diligence. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Fahmy v. Duane Reade, Inc.*, 2005 U.S. Dist. LEXIS 20929, at *10 (S.D.N.Y. Sept. 26, 2005) (citing *Rent-a-Center, Inc. v. 47 Mamaroneck Ave. Corp.*, 215 F.R.D. 100, 104 (S.D.N.Y. 2003). The requested amendments are minimal and are not prejudicial to the Defendants, as the relief requested is timely. Proposed new Plaintiffs are employees at Defendants' seeking: (1) unpaid minimum wages and unpaid overtime, (2) liquidated damages equal to the sum of unpaid minimum wages and unpaid overtime, (3) prejudgment and post-judgement interest; and or (4) attorney's fees and costs under the FLSA.

The current claims involve unpaid overtime wage under the FLSA and applicable New York law. The same factual occurrences that gave rise to the existing plaintiff's claims also give rise to the new plaintiffs' claims. There is no surprise or shock to the Defendants.

Plaintiff brought this action timely within 3 years of his injury. *See* Dkt. Entry 1. Proposed new plaintiffs YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU likewise are within the statute of limitations and have consented to become party plaintiff while the motion for conditional collective certification is pending. *See* 29 U.S.C. § 255 (FLSA statute of limitations is 2 years, or 3 years in case of a willful violation). Plaintiffs have plead willful violations of the FLSA in both the original and proposed amended complaints.

The timing of this amended complaint will not prejudice or cause undue delay to Defendants. Courts tend to find amendments less prejudicial if discovery has not yet concluded. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 200 (S.D.N.Y. 2014) (citing *Davis v.*

4

*Lenox Hill Hosp.*, 2004 U.S. Dist. LEXIS 17283, at *11–12 (S.D.N.Y. Aug. 31, 2004)). (In this case, the discovery has not yet been concluded and the amended proposed discovery schedule is currently due on April 27, 2020. Additionally, in order to avoid burdening the court with unnecessary filings and save judicial resources, the Plaintiff's leave to amend complaint and add parties should be granted).

B. **ALTERNATIVELY, THE COURT SHOULD GRANT LEAVE TO ADD NAMED PARTY PLAINTIFFS UNDER RULE 21**

Rule 21 of the Federal Rules of Civil Procedure, which governs the addition of new parties, provides that court[s] may, "at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Here, courts apply "the same standard of liberality afforded to motions to amend pleadings under Rule 15." *Reece v. Marc Ecko Unltd.*, 2011 U.S. Dist. LEXIS 102199, n. 6 (S.D.N.Y. Aug. 19, 2011). *See also Clarke v. Fonix Corp.* 1999 U.S. Dist. LEXIS 2143, at *23 (S.D.N.Y. Mar. 1, 1999) ("'Although Rule 21, and not Rule 15(a) normally governs the addition of new parties to an action, the same standard of liberality applies under either Rule.'") (quoting *FTD Corp. v. Banker's Trust co.*, 954 F. Supp. 106, 109 (S.D.N.Y. 1997)). Plaintiff therefore respectfully requests that this Court exercise its discretion to add new party YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU as well as their claims against Defendants.

V. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully request that this Court grant Plaintiff's motion for leave to file the Amended Complaint in order to add YUANYUAN DUAN, HUALIANG LI, WINGKIT LOI, SHUK C NG-LAM, JUNHUI YAN, JUNHUA YU, and AMANDA LIU as named party plaintiffs.

Respectfully submitted,

5

TROY LAW, PLLC
*Attorneys for the Plaintiffs, proposed FLSA Collective and potential Rule 23 Class*

/s/ John Troy
John Troy (JT0481)
41-25 Kissena Boulevard Suite 103
Flushing, NY 11355
Tel: (718) 762-1324
Email: johntroy@troypllc.com

6