UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
LIYOU XING, YUANYUAN DUAN,
HUALIANG LI, WINGKIT LOI, SHUK C
NG-LAM, JUNHUI YAN, JUNHUA YU,
*on behalf of themselves and of a collective and*
*of a class of others similarly situated, and*
AMANDA LIU, *on behalf of herself and a*
*class of others similarly situated,*

**MEMORANDUM & ORDER**
18-CV-6616 (PKC) (LB)

                     Plaintiffs,

      - against -

MAYFLOWER INTERNATIONAL HOTEL,
GROUP INC d/b/a/ Howard Johnson Hotel,
MAYFLOWER BUSINESS GROUP, LLC
d/b/a Mayflower Hotel d/b/a Wyndham Garden,
MAYFLOWER INN CORPORATION d/b/a
Howard Johnson Hotel, MAYFLOWER
WENYU LLC d/b/a Mayflower Hotel d/b/a
Wyndham Garden, YAN ZHI HOTEL
MANAGEMENT INC. d/b/a Howard
Johnson Hotel, YUEHUA HU, WEI HONG
HU a/k/a Weihong Hu, and XIAOZHUANG
GE,

                     Defendants.
-------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

Before the Court is a motion for sanctions filed by Defendants Mayflower International Hotel Group Inc., Mayflower Business Group, LLC, Mayflower Inn Corporation, Mayflower Wenyu LLC, Yan Zhi Hotel Management Inc., Mayflower 1-1 LLC, Wei Hong Hu, and Xiaozhuang Ge (collectively "Defendants") against Plaintiffs Shuk C Ng-Lam ("Ng-Lam"),

Junhui Yan ("Yan"), and YuanYuan Duan ("Duan") (collectively, "Plaintiffs")[1] and their former counsel, Aaron Schweitzer and John Troy of Troy Law, PLLC (collectively, "Plaintiffs' Counsel"). Defendants ask this Court to (i) dismiss Plaintiffs' claims with prejudice for failure to prosecute; (ii) direct Plaintiffs' Counsel to reimburse Defendants' attorneys' fees associated with filing the instant motion; and (iii) impose sanctions on Plaintiffs' Counsel for refusing to pay the cancellation fee for Plaintiff Duan's deposition. For the reasons stated below, Defendants' motion is granted in part and denied in part.

## BACKGROUND[2]

On April 27, 2020, Plaintiffs filed an Amended Complaint against Defendants alleging violations of the Fair Labor Standards Act and New York Labor Law. (Dkt. 59.). Plaintiffs were represented by Plaintiff's Counsel. The parties were initially ordered to complete fact discovery by December 29, 2020 (05/21/2020 Docket Order), but the deadline was subsequently extended to March 12, 2021 (01/12/2021 Docket Order).

On January 26, 2021, Mr. Schweitzer emailed defense counsel stating that Plaintiff Duan's deposition would take place on February 23, 2021, and that he would propose deposition dates for Plaintiffs Ng-Lam and Yan. (Dkt. 96-1, at 1.[3])

On February 3, 2021, Mr. Troy emailed defense counsel stating that "[w]e will be seeking to withdraw as attorneys for Plaintiffs Shuk C Ng-Lam or Junhui Yan." (Dkt. 96-2, at 1.) On

---

[1] While there are other parties (both plaintiffs and defendants) to this action, for purposes of this motion and for ease of reference, the Court uses the terms "Plaintiffs" and "Defendants" to describe the subset of Defendants and Plaintiffs that are the subjects of the instant motion.

[2] The Court assumes the parties' familiarity with the underlying facts of this case and, therefore, will only recite the facts relevant to resolve the instant motion.

[3] Page numbers refer to the pagination generated by the court's CM/ECF docketing system, and not the document's internal pagination.

February 11, 2021, defense counsel responded asking whether Messrs. Schweitzer and Troy would be filing a stipulation of dismissal as to Ng-Lam and Yan. (Dkt. 96-3, at 1.) Plaintiffs' Counsel did not respond, and no stipulation was filed at that time.

On February 22, 2021, the day before Duan's scheduled deposition, someone from Troy Law emailed defense counsel stating that "[o]ur office just learned from our client Yuan Yuan Duan that she cannot attend tomorrow's deposition due to a family emergency. Therefore, we have to cancel the deposition scheduled for tomorrow." (Dkt. 96-4, at 1.) Defendants incurred a $2,075 cancellation fee for the cost of the Mandarin interpreter. (Dkt. 96-5, at 1.) Defense counsel informed Mr. Schweitzer of the cancellation fee and asked him to "[p]lease advise when your firm can remit payment of this cancellation fee." (Dkt. 96-8, at 1.) Mr. Schweitzer did not reply.

On March 8, 2021, Mr. Schweitzer emailed defense counsel stating "[t]his is to confirm that we will be seeking to withdraw [as counsel] for Plaintiffs Shuk C Ng-Lam, Junhui Yan, and Yuanyuan Duan by March 15, 2021." (Dkt. 96-9, at 1.) Defense counsel again inquired as to whether Plaintiffs' Counsel intended to "fil[e] a stipulation of dismissal with prejudice." (Dkt. 96-10, at 1.) On March 12, 2021, defense counsel sent a letter to Mr. Schweitzer requesting that Troy Law remit payment of the deposition cancellation fee. (Dkt. 96-11.) According to the letter, Mr. Schweitzer had "advised [defense counsel] that [Troy Law] will not pay the cancellation fee because there was plenty of time for the interpreter to book another job." (*Id.*) Plaintiffs' Counsel failed to file a stipulation of dismissal by March 15, 2021, despite the fact that discovery had closed.

On April 2, 2021, Defendants filed a pre-motion conference request indicating that they intended to file the instant sanctions motion. (Dkt. 75.) On April 15, 2021, Plaintiffs filed their response, stating, among other things, that Messrs. Schweitzer and Troy "are already in the process

of withdrawing as attorney for plaintiffs Shuk C Lam and Yuanyuan Duan [*i.e.*, the plaintiff whose deposition had been cancelled]."[4] (Dkt. 76.) On June 18, 2021, Defendants filed their opening brief in support of their sanctions request. (Dkt. 79.) Nearly two months later, on August 12, 2021, Messrs. Schweitzer and Troy finally filed their motion to withdraw as Plaintiffs' Counsel. (Dkts. 82, 83, 84.)

On August 13, 2021, the Court granted their motion to withdraw and entered an order directing Plaintiffs "to inform the Court in writing [by September 3, 2021] whether they still wish to pursue their claims against Defendants, [warning] that the Court will interpret the failure to comply with this direction as indicating that Plaintiffs [Lam, Yan, and Duan] do not wish to continue with this lawsuit." (08/13/2021 Docket Order.) Plaintiffs subsequently "fail[ed] to inform the Court in writing that they still wish to pursue their claims against Defendants" and, accordingly, Plaintiffs were dismissed from the case on September 20, 2021. (09/20/2021 Docket Order.) Defendants' sanctions motion was fully briefed on October 27, 2021. (Dkt. 95.)

## DISCUSSION

### I. Defendants' Request for Rule 37 Sanctions Based on the Deposition Cancellation

A court has the power to order sanctions when "a party . . . fails, after being served with proper notice, to appear for that person's deposition," Fed. R. Civ. P. 37(d)(1)(A)(i), including where a party "does not deliver sufficient notice of cancellation to the other," *Root Bros. Farms v. Mak*, No. 05-CV-10863 (HP), 2007 WL 2789481, at *7 (S.D.N.Y. Sept. 25, 2007). Under Rule 37, a court "may award a variety of sanctions but 'must' require the recalcitrant party or its attorney or both 'to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.'"

---

[4] The letter did not mention whether counsel was withdrawing as to Plaintiff Yan.

*John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 37(d)(3)).  The disobedient party bears the burden of demonstrating that "his failure is justified or that special circumstances make an award of expenses unjust."  *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008) (citation omitted); *see also Klein v. Torrey Point Grp., LLC*, 979 F. Supp. 2d 417, 442 (S.D.N.Y. 2013) ("Conduct is substantially justified if there was a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.").  In this case, the Court finds that Messrs. Schweitzer and Troy have utterly failed to meet their burden and that they have not been completely candid to the Court about the events that led to the cancellation of the Duan deposition.

In his declaration in opposition to the sanctions motion, Mr. Schweitzer states that on February 22, 2021, *i.e.*, the day before Duan's deposition, "Plaintiff counsel [sic] became aware that Plaintiff Yuanyuan Duan was not going to be able to make the deposition scheduled for February 23, 2021."  (Declaration of Aaron Schweitzer ("Schweitzer Decl."), Dkt. 106, ¶ 8.)  Specifically, on the morning of February 22, 2021, Plaintiffs' Counsel allegedly "reached out to [Duan] to make sure that the Plaintiff was all set for the deposition that was to take place" and "Duan informed plaintiff counsel though that she would not be able to attend the [d]eposition tomorrow and that there was a family emergency she had to attend to."  (Dkt. 105, at 5.)  According to Mr. Schweitzer, Plaintiffs' Counsel then "immediately contacted Defendants Counsel to cancel the deposition and also that they will decide on another date to depose Plaintiff Yuanyuan Duan." (Schweitzer Decl. ¶¶ 8-9; *see also* Dkt. 76 ("[F]or plaintiff Yuanyuan Duan, she contacted us at the last-minute stating that she did not want to be part of the case.  For Yuanyuan Duan[,] we emailed defendants as soon as we got the news, and this was the day before Yuanyuan Duan's deposition in the afternoon to state that she would not be attending the conference.").)

However, according to Mr. Troy's declaration in support of his motion to withdraw as counsel, his law firm first attempted to contact Plaintiff Duan on February 19, 2021 "to remind her about the deposition scheduled by the Defendants for February 23, 2021," but she "did not respond to Troy Law." (Declaration of John Troy ("Troy Decl."), Dkt. 83, ¶ 9.) The following day, on February 20, 2021, Duan "texted Troy Law, stating she wants to withdraw from the case without mentioning any reason for her withdrawal." (*Id.* at ¶ 10.) Someone from Troy Law then contacted Liyou Xing (another plaintiff in this action) "to request more information on why Plaintiff Yuanyuan Duan was not co-operating in this matter." (*Id.*) Two days later, on February 22, 2021, Liyou Xing informed Troy Law that "Plaintiff Yuanyuan Duan had some family emergency and that she was unable to attend the deposition on February 23, 2021, and she failed to state a reason as to why she wishes to be relieved from the case." (*Id.* at ¶ 11.)

In sum, it appears that Plaintiffs' Counsel (i) knew at least three days—not one day—before the deposition that Plaintiff Duan would not attend the deposition, as she had already requested to withdraw from the case, (ii) misled defense counsel as to the reason for the deposition's cancellation and its rescheduling, and (iii) attempted to mislead the Court as to the events leading up to the cancellation of Duan's deposition. The Court, therefore, finds that sanctions are warranted pursuant to Rule 37(d). *See Huer Huang v. Shanghai City Corp*, No. 19-CV-7702 (LJL), 2020 WL 5849099, at *4 (S.D.N.Y. Oct. 1, 2020) (sanctioning Messrs. Troy and Schweitzer's clients for Rule 37(d) violation where Messrs. Troy and Schweitzer were "not justified in unilaterally cancelling [plaintiff's] depositions without the permission of the Court"), *clarified on denial of reconsideration sub nom. Huang v. Shanghai City Corp*, 2020 WL 6136186 (S.D.N.Y. Oct. 19, 2020). These sanctions will be assessed against Plaintiffs' Counsel, Messrs. Schweitzer and Troy, and not against Plaintiff Duan herself. *See Mikhlyn v. Bove*, No. 08-CV-3367 (ARR)

6

(RER), 2011 WL 4529613, at *4 (E.D.N.Y. Sept. 28, 2011) ("Under certain circumstances where the sanctionable conduct can be said to be solely attributable to an attorney, a district court may in its discretion impose sanctions only against the counsel.").

Defendants request two categories of monetary sanctions. First, Defendants ask that Plaintiffs' Counsel reimburse them the $2,075 cancellation fee for the Mandarin interpreter for Duan's deposition. Second, Defendants ask for reimbursement of attorneys' fees for a portion of the expenses of filing the instant sanctions motion.

### A. Reimbursement of the Interpreter Cancellation Fee

Plaintiffs' Counsel argue that they should not have to reimburse the fee because Defendants did not tell them that the interpreter had to be cancelled by February 17, 2021 (six days before the deposition) in order to avoid the cancellation fee and that it was unacceptable for Defendants "to find a [court reporting] company that has you decide two weeks before the scheduled event to decide if you are having the event." (Dkt. 105, at 1.) The Court disagrees and grants Defendants' request.

Had Plaintiffs' Counsel notified Defendants when Plaintiffs' Counsel first learned of Duan's intention not to sit for the deposition (along with her desire to withdraw from the case)—*i.e.*, at least three days before the deposition—perhaps Plaintiffs' Counsel's argument about the six-day cancellation policy would warrant consideration. However, here, Plaintiffs' Counsel acted completely irresponsibly and unreasonably by waiting until the day before—less than 24 hours before—the deposition to cancel, at which time Plaintiffs' Counsel had to know that some cancellation fee for the interpreter would be incurred by Defendants.[5] Plaintiffs' Counsel's

---

[5] The Court further notes that Plaintiff Duan's deposition was the fifth plaintiff's deposition scheduled in this case and all of the prior deponents had also required language interpreters. (Dkt. 96-1, at 1.) Plaintiffs' Counsel therefore had ample opportunity to inquire as to the cancellation

inexcusable and inexplicable dereliction of their duties as attorneys deprived Defendants of any opportunity "to limit expenses resulting from the other party's discovery violation." *John Wiley & Sons, Inc.*, 298 F.R.D. at 150 (granting court reporter's cancellation fee as Rule 37 sanction); *see also* Dkt. 96-8, at 3–4 (Defendants' court reporting service stating that "[i]f a job cancels after the time specified and we are unable to place our personnel on other work, we will pass along a nominal fee to compensate them for their lost day of work"). Although Plaintiffs' Counsel seek to escape responsibility by arguing that the result would have been the same had they notified Defendants earlier, that possibility—which Plaintiffs' Counsel seek to latch onto *after the fact*—does not excuse Plaintiffs' Counsel's failure to notify opposing counsel sooner, when they clearly could and should have done so, in an effort to spare Defendants the costs of an interpreter and court reporter, and the expense and expenditure of defense counsel's time and resources preparing for the deposition. By waiting until the day before the deposition, however, Plaintiffs' Counsel guaranteed that Defendants would incur some or all of these expenses—something that, as experienced litigators, Plaintiffs' Counsel cannot claim to be ignorant of.

Thus, because there can be no justification for Plaintiffs' Counsel's last-minute cancellation of Duan's deposition and because of the lack of candor by Plaintiffs' Counsel regarding the underlying facts, Plaintiffs' Counsel will pay Defendants the cost of the interpreter cancellation fee.

**B.     Reimbursement of Attorneys' Fees for Preparation of the Sanctions Motion**

Second, Defendants ask for reimbursement of attorneys' fees for a portion of the expenses of filing the instant sanctions motion. Under Rule 37(d), "plaintiffs are entitled to be compensated

---

policy for interpreters. Nevertheless, Plaintiffs' Counsel chose not to contact Duan to confirm her attendance at the deposition until four days before the deposition, which was already two days after the cancellation deadline. (Troy Decl., ¶ 9.)

for their fees in making the instant motion." *John Wiley & Sons, Inc.*, 298 F.R.D. at 151. As a general matter, in determining appropriate attorney's fees, the "starting point" for calculating a "presumptively reasonable fee," is "the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gesualdi v. Zano Indus., Inc.*, No. 21-CV-6097 (KAM)(RER), 2022 WL 4238267, at *7 (E.D.N.Y. Sept. 14, 2022) (quoting *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)). The party seeking reimbursement bears the burden of proving the hours spent and the prevailing rates charged. *Bowne of New York City, Inc. v. AmBase Corp.*, 161 F.R.D. 258, 266 (S.D.N.Y. 1995).

Here, Defendants seek compensation for 11.05 hours of work at a reduced rate of $350 per hour (for a total of $3,867.50) in connection with "Defendants' request for Plaintiffs' Counsel to be ordered to pay the [c]ancellation [f]ee plus the attorneys' fees incurred by Defendants in seeking recoupment of the [c]ancellation [f]ee." (Dkt. 103, at 8.) The Court finds that Defendants' requested hourly rate of $350 per hour is consistent with the prevailing rates in this District and for attorneys of their respective titles and experience at the time the work was performed.[6] *See Eisner v. Enhanced Recovery Co., LLC*, No. 17-CV-1240 (LDH) (ST), 2021 WL 3230685, at *5 (E.D.N.Y. June 30, 2021) ("The prevailing rates for attorneys in the E.D.N.Y. are approximately $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior associate."), *report and recommendation adopted as modified*, 2021 WL 3207039 (E.D.N.Y. July 29, 2021).

In addition to evaluating the reasonableness of the hourly rate sought, the Court must also consider whether the "number of hours for which compensation is sought is reasonable." *Id.* The

---

[6] Lakeisha M.A. Canton is counsel at Pryor Cashman LLP with more than a decade of experience as a labor and employment attorney. (Dkt. 97, ¶¶ 1–2.) Joshua Zuckerberg is a partner at the firm with more than two decades' experience. (Dkt 96, ¶¶ 1–2.)

9

Court finds that the number of hours requested is not reasonable given the straightforward nature of the Rule 37 violation alleged here, *i.e.* that Plaintiffs' Counsel improperly cancelled Duan's deposition. Moreover, much of the basis for the Court's finding here is based on its own observations—not raised by Defendants—of the troubling contradictions between Plaintiffs' Counsel's filings in their motion to withdraw and in opposition to the instant sanctions motion. Therefore, the Court reduces the hours requested by 50%.

\*   \*   \*

In sum, Plaintiffs' Counsel, Messrs. Troy and Schweitzer, are ordered to compensate Defendants in the amount of **$4,008.75**, which represents $2,075 for the interpreter's cancellation fee and $1,933.75 in attorney's fees ($350/hr for 5.025 hours).

## II.   Defendants' Request for Sanctions on Rule 41(b) Grounds is Denied

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). It is "unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). As Defendants acknowledge, the Court dismissed Plaintiffs from this case on September 20, 2021. (09/20/2021 Docket Order.) Therefore, Defendants' request for dismissal of Plaintiffs' claims pursuant to Rule 41(b) is denied as moot.

Additionally, Defendants ask that the Court order Plaintiffs' Counsel to reimburse Defendants for attorney's fees incurred in connection with their Rule 41(b) request. (Dkt. 98, at 1.) While the Court empathizes with Defendants' frustration regarding Plaintiffs' Counsel's dilatory conduct, this request is denied. Defendants fail to cite to any case law or statutory authority, and the Court can identify none, to support the proposition that a plaintiff in an action

10

involuntarily dismissed pursuant to Rule 41(b) can be required to pay attorney's fees. *See, e.g.*, *Vidales v. Sergio's on the Blvd. Pizzeria, Inc.*, No. 19-CV-1840 (ILG) (ST), 2021 WL 3742765, at *4 (E.D.N.Y. Aug. 5, 2021) (denying request for attorney's fees under Rule 41(b) because "the appropriate sanction would be dismissal of the action with prejudice"), *report and recommendation adopted*, 2021 WL 3741537 (E.D.N.Y. Aug. 24, 2021); *Shasgus v. Janssen, L.P.*, No. 08-CV-180 (RJA), 2009 WL 2878542, at *6 (W.D.N.Y. Sept. 2, 2009) ("The fact that in the case at bar, the recommendation is for dismissal with prejudice, that sanction alone is sufficient and should not include also paying defendants' attorneys' fees in moving to dismiss this action.").

## CONCLUSION

For the reasons explained above, Defendants' motion for sanctions is granted in part and denied in part. Plaintiffs' former counsel, Aaron Schweitzer and John Troy, are ordered to pay monetary sanctions to Defendants' counsel in the amount of **$4,008.75** within **thirty (30) days** of this order.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 30, 2022
       Brooklyn, New York