UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LIYOU XING, HUALIANG LI,
WINGKIT LOI, JUNHUA YU, *on behalf of*
*themselves and of a collective and of a class*
*of others similarly situated*,
and AMANDA LIU, *on behalf of herself and*
*a class of others similarly situated*,

                    Plaintiffs,              **REPORT AND RECOMMENDATION**
       - against -                     **18 CV 6616 (PKC) (LB)**

MAYFLOWER INTERNATIONAL HOTEL,
GROUP INC  d/b/a/ Howard Johnson Hotel,
MAYFLOWER BUSINESS GROUP, LLC
 d/b/a Mayflower Hotel d/b/a Wyndham Garden,
MAYFLOWER INN CORPORATION
d/b/a Howard Johnson Hotel,
MAYFLOWER WENYU LLC
d/b/a Mayflower Hotel d/b/a Wyndham Garden,
YAN ZHI HOTEL MANAGEMENT INC.
d/b/a Howard Johnson Hotel,
MAYFLOWER 1-1 LLC
d/b/a Howard Johnson Hotel,
WEI HONG HU a/k/a Weihong Hu, and
XIAOZHUANG GE,
                    Defendants.
----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

      Plaintiffs Liyou Xing, Hualiang Li, Wingkit Loi, Junhua Yu, and Amanda Liu ("plaintiffs") bring this action against defendants,[1] alleging that defendants violated their rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay minimum wage, the required overtime compensation, and "spread of hours" premiums, and by failing to provide wage notices and wage statements as required. Am. Compl. ¶¶ 1-4, ECF No. 59.

---

[1] The Court uses "defendants" to collectively refer to the named defendants in this action: Mayflower International Hotel Group Inc d/b/a Howard Johnson Hotel, Mayflower Business Group, LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, Mayflower Inn Corporation d/b/a Howard Johnson Hotel, Mayflower Wenyu LLC d/b/a Mayflower Hotel d/b/a Wyndham Garden, Yan Zhi Hotel Management Inc d/b/a Howard Johnson Hotel, Mayflower 1-1 LLC d/b/a Howard Johnson Hotel, Wei Hong Hu a/k/a Weihong Hu, and Xiaozhuang Ge.

1

The Honorable Pamela K. Chen referred plaintiffs' motion for settlement approval, ECF No. 118 ("Mot."), to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that plaintiffs' motion[2] should be granted.

## BACKGROUND

Defendants allegedly employed plaintiffs in various roles at the Mayflower Hotel, Howard Johnson Hotel, and/or the affiliated Wyndham Garden restaurant, all located in Queens, New York. According to the Amended Complaint, ECF No. 59, between September 5, 2016 and August 15, 2018, plaintiff Xing worked first as a construction worker at the Mayflower Hotel, and then as a chef at the Wyndham Garden. Am. Compl. ¶¶ 60-61. Plaintiff Li worked as a chef at the Wyndham Garden from February 1, 2017 to May 31, 2017. Am. Compl. ¶ 100. Plaintiff Yu worked as a housekeeper, first at the Mayflower Hotel and then later at the Howard Johnson Hotel, from September 17, 2017 to February 28, 2019. Am. Compl. ¶¶ 138-39. Plaintiff Liu worked as a laborer at the Mayflower Hotel and also worked periodically as a housekeeper at the home of defendant Wei Hong Hu between September 6, 2016 and March 31, 2017. Am. Compl. ¶¶ 146-47; 149. Plaintiff Loi worked as a construction worker and mechanic at the Howard Johnson Hotel and then at the Mayflower Hotel between August 1, 2014 and August 15, 2017. Am. Compl. ¶¶ 107-08.

On September 30, 2022, Judge Chen granted defendants' motion for summary judgment in part, limiting the claims and the time periods for which the respective plaintiffs could recover should this matter proceed to trial. See ECF No. 110 at 17-18.

## PROCEDURAL HISTORY

Plaintiff Xing commenced this collective action on behalf of himself and others similarly situated on November 20, 2018. ECF No. 1. Although several plaintiffs opted in to the proposed

---

[2] As defendants "take no position" on plaintiffs' application, the motion is unopposed. Mot. at 1.

2

collective action, on March 30, 2020, the Court denied plaintiff Xing's motion for conditional certification of a collective action. ECF No. 53. With leave of Court, plaintiffs filed an amended complaint on April 27, 2020.[3] ECF No. 59.

Following the close of discovery, defendants moved for partial summary judgment, ECF No. 90, which Judge Chen granted in part and denied in part. ECF No. 110. Judge Chen also granted in part defendants' motion to impose sanctions on plaintiffs' counsel. ECF No. 109.

The Court referred the parties to Court-annexed mediation at their request. Order dated Jan. 5, 2023. On March 17, 2023, the parties filed a status letter informing the Court that they had reached a settlement. ECF No. 115. Plaintiffs now move for settlement approval. ECF No. 118.

## **DISCUSSION**

### I.   **Approval of the Settlement**

#### A.   Standard for Approving FLSA Settlements

"Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). The settlement should be approved if the proposed agreement "reflects a reasonable compromise over contested issues[.]" Kochilas v. Nat'l Merchant Servs., Inc., No. 14-CV-311, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

---

[3] On September 20, 2021, Judge Chen dismissed plaintiffs Shuk C Ng-Lam, Junhui Yan and Yuanyuan Duan for failing to inform the Court that they intended to pursue this matter after their counsel withdrew. See Order dated Sept. 20, 2021.

3

"In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations and internal quotation marks omitted); see Fisher v. SD Protection Inc., 948 F.3d 593, 600 (2d Cir. 2020) (noting that district courts "typically evaluate the fairness of a settlement agreement by considering the factors outlined in Wolinsky" ).  Furthermore, courts in this Circuit have rejected restrictive confidentiality provisions and overbroad liability releases in FLSA settlement agreements. Souza v. 65 St. Marks Bistro, No. 15-CV-327, 2015 WL 7271747, at *3-5 (S.D.N.Y. Nov. 6, 2015) (collecting cases). "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher, 948 F.3d at 606 (citation omitted).

### B. The Settlement is Fair and Reasonable

The instant motion for settlement approval includes the parties' proposed settlement agreement. See Settlement Agreement, ECF No. 118-1 [hereinafter "Settl. Ag." or "Agreement"]. Defendants agree to pay plaintiffs a total settlement of $260,000.00 ("Settlement Amount").[4] Settl.

---

[4] The Court notes that plaintiffs signed without dating their signatures in the agreement. Settl. Ag. at 8. While plaintiffs should have dated their signatures in executing the agreement, the Court recommends excusing the oversight in this instance.

Ag. § 1.[5] Plaintiffs shall be paid $171,532.56, and plaintiffs' counsel shall be paid $88,467.44, inclusive of fees and costs. Id.  Plaintiff Liyou Xing shall receive $96,903.60, plaintiff Hualiang Li shall receive $3,992.71, plaintiff Wingkit Loi shall receive $61,705.16, plaintiff Junhua Yu shall receive $5,954.06, and plaintiff Amanda Liu shall receive $2,977.03. Id. § 1(1)-(5) Each plaintiff's share reflects a *pro rata* allocation based on their estimated damages. Id. § 1. The Settlement Amount shall be paid in four installments of $65,000, with the first mailed or delivered to plaintiffs' counsel within thirty days of Court approval of the settlement, with subsequent installments to be paid within thirty-day increments thereafter.[6] Id. § 2.

According to plaintiffs' counsel's damages calculations attached to their motion, plaintiffs are owed the following amounts (including liquidated damages, statutory penalties, and prejudgment interest): plaintiff Xing could potentially recover approximately $162,752.02; plaintiff Li could potentially recover approximately $6,705.86; plaintiff Loi could potentially recover approximately $103,635.35; plaintiff Yu could potentially recover $10,000.00, and plaintiff Liu could potentially recover $5,000. ECF No. 118-3. Plaintiffs' counsel represents that plaintiffs' recovery of $171,532.56 amounts to "a 59.54% recovery of the total calculated damages" of $288,093.23. Mot. at 3. The parties agreed to settle the case for $260,000.00 to avoid the "considerable" risks associated with trial, in addition to the costs associated with the "voluminous exhibits and extensive testimony" the parties would have to present to prove their claims. Mot. at 3.

---

[5] As the Agreement's paragraphs are not individually numbered, the Court refers to the Agreement by section heading.
[6] The Agreement provides that defendants shall execute confessions of judgment "in the forms annexed hereto as Exhibits B-1. . . ." Settl. Ag. § 3. While no such exhibit is annexed, the Agreement describes the confessions of judgment with sufficient detail to approve the settlement. Id.

Having reviewed the record in this case, I conclude that plaintiffs' recovery is reasonable under the circumstances. The settlement provides plaintiffs with a significant percentage of their estimated damages, as well as certainty regarding what they will recover from defendants in a case where the burdens and risks of proceeding with litigation would be high for both sides. As the Court noted in denying Summary Judgment in part, the individual defendants face credibility issues as "neither . . . seem to know what the function of the Corporate Defendants is or what they themselves do in connection with the Corporate Defendants." ECF No. 110 at 4. Because the parties reached a settlement prior to the start of trial, the parties avoided the burdens and costs of trial and trial preparation. See Reyes v. Buddha-Bar NYC, No. 08-CV-2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (citation omitted) (approving FLSA settlement and noting how "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation"). That the parties' settlement was reached after Court-annexed mediation indicates "both that the provisions are the product of arm's length bargaining and that there is a reduced risk of collusion . . . ." Vidal v. Eager Corp., No. 16-CV-979, 2018 WL 1320659, at *2 (E.D.N.Y. Mar. 13, 2018). I therefore find that plaintiffs' recovery is fair and reasonable under these circumstances.

In addition, the Agreement does not contain any terms that would preclude approval. There is no confidentiality provision or non-disparagement clause. The Agreement's release of claims is appropriately tailored to plaintiffs' wage and hour claims against defendants. See Settl. Ag. § 7. Because plaintiffs' release is tailored to wage and hour claims connected with plaintiffs' employment with defendants, I find that it is fair and reasonable. See Gurung v. White Way Threading LLC, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (citing Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)) ("In FLSA cases, courts in this District routinely

reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'").

### C. The Fee Award is Reasonable

I also find that the attorney's fee award is reasonable. The Court evaluates the reasonableness of the attorney's fee to ensure that the simultaneous negotiation of the settlement of plaintiff's claims and the attorney's fee does not create a conflict between counsel's interest in fees and plaintiff's interest in obtaining the best possible recovery. See Wolinsky, 900 F. Supp. 2d at 336. Although "there is a greater range of reasonableness" when the parties agree to a fee amount through negotiation, the Court nonetheless "must carefully scrutinize the settlement and the circumstances in which it was reached . . . ." Id. (citation and internal quotation marks omitted). A "fee applicant must submit adequate documentation supporting the requested attorney['s] fees and costs," and the Court reviews the contemporaneous time records to assess the reasonableness of the proposed fees. Fisher, 948 F.3d at 600 (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983)); Lopez, 96 F. Supp. 3d at 181 (citation omitted) ("[A] proper fee request 'entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done.'"). The Second Circuit has "instructed that 'the reasonableness of the fees does not turn on any explicit percentage cap,' and instead, 'the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.'" Valencia v. Nassau Country Club, No. 18-CV-2724, 2020 WL 6867911, at *2 (E.D.N.Y. Nov. 23, 2020) (quoting Fisher, 948 F.3d at 606)).

7

Here, plaintiffs' counsel represents that his firm spent 407.62 hours working[7] on this case, submits records for $2,701.16 in costs, and seeks $88,467.44 inclusive of fees and costs. Mot. at 3–4; ECF No. 118-4; Settl. Ag. § 1. Counsel's fee recovery represents one third of the Settlement Amount, after deducting costs. Mot. at 4. In light of the recovery obtained for plaintiffs, and having reviewed the detailed time records, I find that the fee award of $85,766.28 is fair and reasonable.[8] See Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

The cost award is also reasonable. A cost award generally includes "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." Fisher, 948 F.3d at 600 (quotation and citation omitted). Here, plaintiffs' counsel seeks $2,701.16 for costs such as filing and service fees, interpreter fees, and deposition costs. ECF No. 118-4 at 15. These costs are reasonable.

Because I find that the Agreement is fair and reasonable, I respectfully recommend that the motion for settlement approval should be granted.

## CONCLUSION

Accordingly, it is respectfully recommended that the Court should grant plaintiffs' unopposed motion for settlement approval.

---

[7] Plaintiffs' counsel represents that the 407.62 hours excludes time for work that was performed for plaintiffs whose claims were dismissed. Mot. at 3-4.

[8] While I find that the total fee amount is fair and reasonable and recommend approval of the settlement, I do not justify counsel's requested hourly rates and resulting lodestar calculation. See Garcia v. Grandpa Tony's Enterprises LLC, No. 20-CV-4691, 2021 WL 4949030, at *4 (E.D.N.Y. Oct. 25, 2021) ("[W]here [the lodestar method is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court." (alterations in original)). Plaintiffs' counsel estimates their lodestar as approximately $132,473.00. Mot. at 3. Although this figure is slightly higher than the Court's calculation of $132,169.00 (reached using the hours and rates provided by plaintiffs' motion), Mot. at 3-4, even if the lodestar were slashed by 30% to account for inflated hourly fees, the lodestar would still be greater than the fee amount under the settlement. Accordingly, the Court need not approve counsel's claimed billing rates and hours.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140, 152 (1985).

SO ORDERED.

                                                               /S/
                                               LOIS BLOOM
                                               United States Magistrate Judge

Dated:  June 29, 2023
       Brooklyn, New York